```
 1 | DAVID C. MARCUS (CA Bar No. 158704)
 2 | (Email: david.marcus@wilmerhale.com)
   | WILMER CUTLER PICKERING
 3 |      HALE AND DORR LLP
   | 350 South Grand Avenue, Suite 2400
 4 | Los Angeles, California 90071
 5 | Telephone: (213) 443-5312
   | Facsimile: (213) 443-5400
 6 |
 7 | Attorneys for Defendant
   | Walt Disney Parks and Resorts U.S., Inc.
 8 |
```

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENALE NIELSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No. 8:21-cv-02055<br><br>**NOTICE OF REMOVAL**<br><br>State Court Docket:<br>Superior Court of California<br>County of Orange<br>Case No. 30-2021-01230857-CU-BT-CXC<br>Complaint Filed: November 9, 2021 |

**TO THE CLERK OF THE ABOVE-TITLED COURT:**

PLEASE TAKE NOTICE THAT, for the reasons stated below, Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") hereby removes the above-captioned action from the Superior Court of California for the County of Orange to the United States District Court for the Central District of California.

As grounds for removal, WDPR states as follows:

## SUMMARY

1. A defendant may remove an action from state court pursuant to 28 U.S.C. § 1441(a) if the federal district court has original jurisdiction over the action.

2. This Court has original jurisdiction over this action as an alleged class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant" and in which "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). Such actions may be removed from state court pursuant to 28 U.S.C. § 1453(b).

## PROCEDURAL HISTORY AND BACKGROUND

3. On November 9, 2021, plaintiff Jenale Nielsen filed a putative class action complaint captioned *Jenale Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, Case No. 30-2021-01230857-CU-BT-CXC, in the Superior Court of California in the County of Orange. A copy of the complaint, together with all process, pleadings, and orders served on WDPR in the state court action, is attached as Exhibit A.

4. In the complaint, Nielsen alleges that she purchased a Dream Key Pass, a Magic Key available through WDPR's Magic Key pass program, that allowed her to make reservations to Disneyland Resort theme parks with "no blockout dates," but that she was unable to make reservations for certain dates in

November 2021.  *See, e.g.*, Compl. ¶¶ 7-13.  The complaint asserts, on behalf of a putative class, claims for breach of contract, negligent misrepresentation, concealment/nondisclosure, and violations of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750 *et seq.*), California False Advertising Law (Cal. Civ. Code § 17500 *et seq.*), and California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*).  *Id.* ¶¶ 29-82.  Nielsen seeks damages, attorneys' fees and costs, and equitable relief.  *Id.* at 16.  WDPR disputes the allegations in the complaint and disputes that Nielsen is entitled to any relief.

5. Nielsen served WDPR with the complaint and summons on November 15, 2021.  WDPR's time to respond to the complaint and summons has not expired, and WDPR has not served or filed an answer.

6. This notice of removal is timely filed under 28 U.S.C. § 1446(b) because it is filed within 30 days from November 15, 2021, the date on which WDPR was served with a copy of the complaint and summons.  No previous notice of removal has been filed or made to this Court for the relief sought herein.

7. This action is removable to this Court because Orange County is located in the Central District of California.  *See* 28 U.S.C. § 1441(a).

## GROUNDS FOR REMOVAL

8. A defendant may remove an action from state court if the federal district court has original jurisdiction over the action.  28 U.S.C. § 1441(a).

9. This Court has original jurisdiction over this action under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d).

10. CAFA vests federal district courts with "original jurisdiction of any civil action" (A) that "is a class action," (B) in which "the number of members of all proposed plaintiff classes in the aggregate is [not] less than 100," (C) in which "any member of a class of plaintiffs is a citizen of a State different from any

1  defendant"; and (D) in which "the matter in controversy exceeds the sum or value
2  of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d). This action
3  satisfies these requirements.

### A. This Action Is A Putative Class Action

11. Original jurisdiction under CAFA applies to any civil action that "is a class action." 28 U.S.C. § 1332(d)(2). A "class action" means "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." *Id.* § 1332(d)(1)(B).

12. California Code of Civil Procedure § 382 provides in part that "when the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Section 382 is the California state analog to Federal Rule of Civil Procedure 23. *See, e.g.*, *Huckleby v. Manpower, Inc.*, 2010 WL 11552970, at *3 n.1 (C.D. Cal. Sept. 7, 2010).

13. Nielsen brings her "action individually and as a class action on behalf of all of other consumers who purchased Dream Key passes from Disney during the four years prior to the fil[ing] of this lawsuit up to the time class certification is granted." Compl. ¶ 22. She raises "class allegations," *see id.* ¶¶ 22-28, and seeks an "Order declaring this action to be a proper class action, appointing Ms. Nielsen as class representative, and appointing her undersigned counsel as class counsel," *id.* at 16. This action is therefore a putative class action removable under CAFA under 28 U.S.C. § 1332(d)(2).

### B. The Putative Class Is Sufficiently Numerous

14. Under 28 U.S.C. § 1332(d)(5)(B), the number of members of all proposed plaintiff classes must equal or exceed 100 in the aggregate for the action

1 | to be removable under CAFA.

2 | 15. Nielsen proposes to represent a class consisting of "all of other consumers who purchased Dream Key passes from Disney during the four years prior to the fil[ing] of this lawsuit up to the time class certification is granted." Compl. ¶ 22. She alleges that "[t]he number of class members is believed to include thousands of people." *Id.* ¶ 25. WDPR sold more than 3,600 Dream Key passes. *See* Exhibit B, Declaration of Rachel Alde in Support of Removal ("Alde Decl.") ¶ 4. The proposed class is thus sufficiently numerous under 28 U.S.C. § 1332(d)(5)(B).

### C. There Is Diversity Of Citizenship Between The Parties

16. A putative class action is removable if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

17. Nielsen is "an individual who resides in Santa Clara County, California." Compl. ¶ 1.

18. WDPR is "a Florida Corporation whose principal place of business is in Lake Buena Vista, Florida." Compl. ¶ 2.

19. Because Nielsen is a citizen of California and WDPR is a citizen of Florida, this is a putative class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d). Diversity of citizenship accordingly exists between the parties.

### D. The Amount In Controversy Exceeds $5,000,000

20. "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." *See* 28 U.S.C. § 1332(d)(6). "The amount in controversy is simply an estimate of the total amount in dispute,

1. not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

21. Nielsen seeks to recover actual damages, attorneys' fees, and equitable relief, on behalf of the proposed class. *See* Compl. at 16.

22. Nielsen alleges that she and "thousands" of putative class members "suffer[ed] damages in the form of lost money from the purchase price of the Dream Key passes" that they purchased "in exchange for $1,399.00 each." Compl. ¶¶ 25, 63, 71. She therefore seeks, among other things, "an order for the restitution of all monies from the sale of the Dream Key passes." *Id.* ¶ 61; *see also id.* at 16 (seeking an "Order requiring Disney to pay restitution to restore all funds ….").

23. The equitable relief she seeks also includes disgorgement, restitution, and orders "enjoining Disney from engaging in the unfair, unlawful, and deceptive business practices and false advertising complained of herein," "compelling Disney to conduct a corrective advertising campaign," and "compelling Disney to recall and destroy all misleading and deceptive advertising materials." Compl. 16.; *see also id.* ¶¶ 41, 49, 58-61, 66.

24. WDPR denies that it is liable to Nielsen or the putative class in any way whatsoever. But if a court were to order the specific relief Nielsen demands, the amount would exceed the jurisdictional requirement, exclusive of interest and costs. WDPR sold more than 3,600 Dream Key passes, the aggregate sale price of which exceeds $5,000,000. *See* Alde Decl. ¶ 4. Nielsen's requested relief would impose additional substantial burdens on WDPR. Thus, the amount in controversy requirement for removal under CAFA is satisfied.

## OTHER PROCEDURAL MATTERS

25. Promptly upon its filing, a true copy of this Notice of Removal will be provided to all adverse parties pursuant to 28 U.S.C. § 1446(d). Pursuant to

1  Federal Rule of Civil Procedure 5(d), WDPR will file with this Court a Certificate
2  of Service of notice to the adverse party of removal to federal court.
3       26.   Upon the filing of this Notice of Removal, WDPR will promptly file a
4  Notification of Filing of Notice of Removal with the Clerk of the Superior Court of
5  California, County of Orange, in accordance with 28 U.S.C. § 1446(d).
6       27.   By filing this Notice of Removal, WDPR does not waive any defenses
7  that may be available to it, including without limitation any defenses relating to
8  service, process, and jurisdiction, and does not concede that the allegations in the
9  complaint state a valid claim under any applicable law.
10      28.   WDPR reserves the right to submit additional factual support,
11 evidence, and affidavits to support the basis for federal jurisdiction as necessary at
12 the appropriate time.

**NOTICE TO STATE COURT AND PLAINTIFF**

Counsel for WDPR certifies that pursuant to 28 U.S.C. § 1446(d), copies of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Orange, and served on plaintiff promptly.

WHEREFORE, the case now pending in the Superior Court of California, County of Orange, Case No. 30-2021-01230857-CU-BT-CXC, is hereby removed to the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1332, 1441, and 1453.

Respectfully submitted,

Dated: December 15, 2021

/s/ *David C. Marcus*
DAVID C. MARCUS (CA Bar No. 158704)
(Email: david.marcus@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5312
Facsimile: (213) 443-5400

*Attorneys for Defendant*
*Walt Disney Parks and Resorts U.S., Inc*