UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS                                      Date: April 6, 2022

Title: JENALE NIELSEN v. WALT DISNEY PARKS AND RESORTS U.S., INC., ET AL.

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Dajanae Carrigan/Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

PROCEEDINGS (IN CHAMBERS):   ORDER DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO DISMISS [27]

Before the Court is a Motion to Dismiss ("Motion" or "Mot.") (Dkt. 27) brought by Defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney"). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court DENIES IN PART and GRANTS IN PART Defendants' Motion.

I.   **Background**

   A.   **Facts**

Defendant operates a number of theme parks, including Disneyland and California Adventures in Anaheim, California. First Amended Complaint ("FAC") (Dkt. 23) ¶ 5. Plaintiff alleges Defendant offers annual passes, called Magic Keys, that allow customers to make reservations to enter its Anaheim parks without having to purchase a ticket. *Id.* ¶

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:21-cv-02055-DOC-ADS | Date: April 6, 2022 |

Page 2

8. Defendant offers several different tiers of Magic Key passes. *Id.* ¶ 9. Defendant's website states that its top tier pass, named the Dream Key Pass, is the only Magic Key not subject to "blockout dates." *Id.* Defendant allegedly advertised the Dream Key Pass with the statement "No Blockout Dates" prominently visible. *Id.* ¶ 10; Dream Key Advertisement ("Advertisement") (Dkt. 23-1). In contrast, Defendant's advertisements for the lower-tier Magic Keys allegedly include the phrase "blockout dates apply." *Id.* ¶ 14.

On September 23, 2021, after allegedly reading the Advertisement, Plaintiff purchased a Dream Key Pass for $1,399.00. *Id.* ¶ 15. Plaintiff alleges that she purchased a Dream Key rather than one of the lower-tier Magic Keys because the Dream Key was not subject to blockout dates. *Id.* ¶¶ 9, 14. Plaintiff alleges that the term "no blockout dates" is not defined in the Advertisement but that she understood the term to mean that Dream Key Pass holders would not be blocked from making theme park reservations "whenever Disney was offering park reservations for entrance to the theme parks." *Id.* ¶ 12. She also understood the Advertisement's statement that "[p]ark reservations are subject to availability and are not guaranteed for any specific dates or park" to mean that "if park reservations were available and being offered to the public, Dream Key holders could use their passes to make reservations for entry to the parks." *Id.* ¶ 13.

Plaintiff alleges that in October 2021 she attempted to use her Dream Key pass to obtain an admission ticket to Disneyland in November 2021. *Id.* ¶ 17. She alleges that Defendant's website informed her that reservations were unavailable for Dream Key Pass holders for a total of seventeen days in November, including all weekend days. *Id.* Plaintiff alleges that she then searched Defendant's website to see if she would be able to purchase single day tickets – i.e., tickets that she would pay for by making a new purchase, as opposed to tickets that she could claim using her already-paid-for Dream Key Pass – for days in November. *Id.* ¶ 18. Plaintiff alleges that both parks had park reservations available for single ticket purchases for any day in November 2021, including the days on which reservations were unavailable to Dream Key Pass holders.

Plaintiff alleges that she purchased the Dream Key Pass based on the understanding that "she could use her Dream Key to reserve a ticket to the park so long as the park was not at capacity and so long as park reservations were available." *Id.* ¶ 21. She alleges that she did not know that the Dream Key was "essentially a 'second class ticket'" that would not allow Dream Key Pass holders to make reservations even though reservations were available. *Id.* Plaintiff further alleges she would not have purchased a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS     Date: April 6, 2022

Page 3

Dream Key Pass if she had known that Dream Key Pass reservations would be limited so that, on many days, park reservations that were otherwise available would be unavailable to Dream Key Pass holders. *Id.* ¶ 27.

Plaintiff brings the following claims against Defendant based on these allegations:

1. Violations of the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750 et seq.;
2. Violations of the California False Advertising Law ("FAL"), Cal Bus. & Prof. Code §§ 17500 et seq.;
3. Violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 et seq.;
4. Breach of contract;
5. Negligent misrepresentation; and
6. Concealment/non-disclosure

FAC ¶¶ 37-95.

### B. Procedural History

On February 4, 2022, Plaintiff filed its FAC in this Court. Defendant filed its Motion to Dismiss on March 4, 2022. Plaintiff opposed the Motion ("Opp'n") (Dkt. 29) on March 14, 2022. Defendant replied ("Reply") (Dkt. 31) on March 21, 2022.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS                                             Date: April 6, 2022

Page 4

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**III.    Discussion**

For each of the six claims brought by Plaintiff, Defendant argues that Plaintiff fails to state a plausible claim for relief under Rule 12(b)(6). The Court considers each claim in turn.

    **A.    Plaintiff's Breach of Contract Claim (Count IV)**

        **i.    Breach of Contract's Express Terms**

Plaintiff alleges that Disney breached the express terms of its contract with her "by refusing to allow Dream Key pass holders the ability to make park reservations even when park reservations are available." FAC ¶ 77.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADSDate: April 6, 2022

Page 5

Disney's Advertisement, on which Plaintiff relied, stated that Dream Key passholders would have access to "[r]eservation-based admission . . . every day of the year," "subject to availability," and "subject to capacity." Compl. ¶ 19. The Advertisement also states "No Blockout dates" at the top and bottom of the page. Advertisement. Plaintiff understood the Advertisement's representations to mean that if park reservations were available and Disney had capacity at its park, she would be allowed to make reservations. *Id.* However, Plaintiff alleges that she was unable to make reservations for seventeen days of the November despite tickets on those days being available to non-Dream Key Pass holders. *Id.* ¶¶ 18-19.

Defendant argues that Plaintiff's interpretation of the contract is unreasonable because both the Advertisement and the Terms and Conditions that Plaintiff read and agreed to make clear that "Dream Key reservations are subject to availability *and* capacity." Mot. at 6. Defendant cites the following statements from the Terms and Conditions:

> Park reservations are limited and subject to availability and applicable park blockout dates . . . . Passholders are eligible to make a park reservation for any date on which their Pass is not blocked out, subject to availability and conditions set forth above . . . . Theme parks, … services and offerings may be modified or limited in capacity or availability; … and are not guaranteed.

*Id*. at 6-7. Defendant argues that "availability" and "capacity" have distinct meanings. *Id.* at 7 (emphasis and internal quotation omitted). Defendant asserts that Plaintiff's interpretation renders "availability" meaningless and would entitle her to make reservations subject only to the limitation of capacity – i.e., if the park had remaining capacity on a given day, then she would be entitled to make a reservation using her Dream Key Pass. Reply at 3. However, Defendant does not proffer a positive definition of the availability limitation. According to Disney, as long as it refrains from making any dates categorically unavailable to Dream Key Pass holders, it is fulfilling its promise under the contract. *Id.*

Under California law, whether language in a contract is ambiguous is a question of law. *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal. 3d 903, 912 (1986). "A . . . provision is ambiguous when it is capable of two or more constructions, both of which are reasonable." *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1224 (9th Cir. 2015) (quoting *Producers Dairy*, 41 Cal. 3d at 912. "If a contract is ambiguous, it presents a question of

Case 8:21-cv-02055-DOC-ADS   Document 35   Filed 04/06/22   Page 6 of 13   Page ID #:307

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS                                                                           Date: April 6, 2022

Page 6

fact inappropriate for resolution on a motion to dismiss." *Hicks v. PGA Tour, Inc.*, 897 F.3d 1108, 1111 (9th Cir. 2018).

Here, there are two reasonable interpretations of the "subject to availability" limitation: Plaintiff's version, which construes the limitation as barring Dream Key Pass holders from making a reservation only when reservations to the park in general are unavailable; and Defendant's version, which construes the availability limitation as something different and additional to the capacity limitation. As such, the Court finds that the Plaintiff has pled facts sufficient to find that the term "subject to availability" is capable of more than one reasonable construction and is thus ambiguous.

Accordingly, the Court DENIES Defendant's Motion to Dismiss Plaintiff's claim for breach of contract.

### ii.     Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiff further alleges that Defendant has violated the implied covenant of good faith and fair dealing. Compl. ¶¶ 75, 78. Defendant argues that because Plaintiff only references the implied covenant in passing within her breach of contract allegations and does not present allegations that go beyond the statement of a mere contract breach, Defendant's allegations must be dismissed. Mot. at 9-10. Plaintiff responds that "if the Court accepts Disney's interpretation of the Parties' agreement as investing Disney with the discretion to decide whether and when to make certain otherwise available park reservations unavailable to Dream Key pass holders, then Disney has still breached the agreement by exercising its discretion in bad faith." Opp'n at 23

"A breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *Careau & Co. v. Security Pacific Business Credit, Inc.*, 222 Cal. App. 3d 1371, 1394 (internal citations omitted). "If the allegations do not go beyond the statement of a mere contract breach and, relying on the same alleged acts, simply seek the same damages or other relief already claimed in a companion contract cause of action, they may be disregarded as superfluous as no additional claim is actually stated." *Id.* at 1395.

Plaintiff has not pled any facts that would indicate that, if the agreement granted Defendant power to determine availability of reservations to Dream Key Pass holders, Defendant was exercising its discretion in a manner "contrary to the contract's purposes

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS　　　　　　　　　　　　　　　　　　　Date: April 6, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 7

and the parties' legitimate expectations." *Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*, 2 Cal. 4th 342, 374. Plaintiff has pled only that she was unavailable to make reservations using her Dream Key Pass on seventeen days in November when park reservations were available to single ticket purchasers. If the agreement entitled Disney to determine availability for Dream Key Pass holders, Plaintiff's factual allegations show only that Disney was exercising its express rights under the agreement. *See id.* ("As to acts and conduct authorized by the express provisions of the contract, no covenant of good faith and fair dealing can be implied which forbids such acts and conduct." (citation omitted)).

　　　　Plaintiff's claims stemming from allegations of breach of the implied covenant of good faith and fair dealing are therefore DISMISSED WITHOUT PREJUDICE.

### B.　　Plaintiff's Statutory Claims (Counts I, II, and III)

　　　　Plaintiff brings claims against Defendant under California's CLRA (Count I), FAL (Count II), and UCL (Count III) statutes. *See generally* FAC. Defendant presents four arguments each addressing why some or all of these claims should be dismissed. The Court considers each argument in turn.

#### i.　　Reasonable Consumer Standard

　　　　Defendant argues that Plaintiff's CLRA, FAL, and UCL claims should all be dismissed because Plaintiff's allegations stem from a misinterpretation of the term "blockout" that a reasonable consumer would not make. Mot. at 18. Defendant argues that Plaintiff's interpretation is unreasonable in part because she fails to consider the Terms and Conditions which state that "capacity" and "availability" are distinct limitations. *Id.* at 19.

　　　　Claims under the FAL, the UCL, or the CLRA are governed by the "reasonable consumer" standard. *Williams v. Gerber Products Co.*, 552 F.3d 934, 938 (9th Cir. 2008). "Under this standard, Plaintiff must show that members of the public are likely to be deceived." *Ebner v. Fresh, Inc.*, 838 F.3d 958, 956 (9th Cir. 2016). The standard "requires a probability that a significant portion of the general consuming public or of targeted consumers, acting reasonably in the circumstances, could be misled." *Id.* (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS                                      Date: April 6, 2022

Page 8

The Court finds that Plaintiff has adequately pled facts supporting how a reasonable consumer may be deceived by the Advertisement, which states "no blockout dates." Plaintiff argues that ordinary consumers generally understand blockout dates to be "dates when tickets, credits, passes, or rewards cannot be used," Opp'n at 6, and asserts that "[n]o reasonable consumer would expect or understand that a $1,399.00 pass with "no blockout dates" would not be useable on 17 days in a single month." *Id.* In addition, Plaintiff alleges that the Advertisement promises "reservations-based admission to one or both theme parks every day of the year," and limits this statement only with the phrases "park reservations are subject to availability" and "admission is not guaranteed and is subject to capacity and other closures." FAC ¶ 10. Plaintiff argues that a reasonable consumer would understand the "subject to availability" limitation to mean that "when park reservations are available, a Dream Key pass can be used to obtain admission." Opp'n at 6-7. Regarding the Terms and Conditions, Plaintiff argues that they do not alter the analysis because they merely repeat the limitations of capacity and availability: they do not define "subject to availability" or explain that otherwise "available" park reservations may be unavailable to Dream Key passholders. *Id.* at 7-8.

Moreover, "whether a reasonable consumer would be deceived … [is] a question of fact not amenable to determination on a motion to dismiss. *Reid v. Johnson & Johnson*, 780 F.3d 952, 958 (9th Cir. 2015); *Ham v. Hain Celestial Grp., Inc.*, 70 F. Supp. 3d 1188, 1193 (N.D. Cal. 2014). "In rare situations a court may determine, as a matter of law, that the alleged violations of the UCL, FAL, and CLRA are simply not plausible." *Ham*, 70 F. Supp. 3d at 1193. *See, e.g., Werbel ex rel. v. Pepsico, Inc.*, No. 09-cv-04456-SBA, 2010 WL 2673860, at *3 (N.D. Cal. July 2, 2010) (a reasonable consumer would not be deceived into believing that cereal named "Crunch Berries" derived significant nutritional value from fruit). The alleged facts give rise to a level of plausible ambiguity sufficient to determine that this case does not present one of those rare situations.

Accordingly, the Court DENIES Defendant's Motion to dismiss Plaintiff's statutory claims on the reasonable consumer grounds.

        **ii.**     **Retrospective Equitable Relief**

Plaintiff brings claims for retrospective equitable relief under the CLRA, FAL, and UCL. FAC ¶¶ 51, 60, 71. Defendant argues that Plaintiff's statutory claims should be dismissed because Plaintiff has failed to plead that she lacks an adequate remedy at law.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS                                                     Date: April 6, 2022

Page 9

For retrospective claims of equitable relief, the Ninth Circuit has ruled that a plaintiff "must establish she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL and CLRA." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020). Courts have also held that FAL claims sounding in equity are subject to the same requirement. *See Zaback v. Kellogg Sales Company*, No. 3:20-cv-00268-BEN-MSB, 2020 WL 6381987, at *4 (N.D. Cal. Oct. 29, 2020).

Plaintiff seeks restitution for money Disney received for sale of the Dream Key Pass. *Id.* ¶ 60, 72. However, Plaintiff has not established she lacks an adequate remedy at law for past harm. In fact, she seeks a remedy at law through her breach of contract claim, which is based on the same alleged conduct as her equitable claim. *See generally* FAC. The Court has found that Plaintiff has sufficiently pled her claim for breach of contract, which allows her to recover damages.

As such, Plaintiff's claims for retrospective equitable relief under the CLRA, FAL, and UCL are DISMISSED WITH PREJUDUCE.

        **iii.**      **Prospective Equitable Relief**

Plaintiff also seeks prospective injunctions under the CLRA, FAL, and UCL "enjoining Disney from continuing to conduct business through unlawful, unfair, and/or fraudulent acts and practices, and to commence a corrective advertising campaign. FAC ¶ 71. Defendant asserts that Plaintiff lacks standing to seek prospective injunctive relief, arguing that the FAC lacks any allegations that Plaintiff would purchase a Dream Key in the future. Mot at 21-22. Defendant further asserts that the Dream Key is an annual pass which Plaintiff could only purchase once and that she could not allege that any Dream Key pass Disney might offer in the future would have the same Advertisement or Terms and Conditions. *Id.* at 22.

To establish standing for injunctive relief, "[t]he plaintiff must demonstrate that he has suffered or is threatened with a concrete and particularized legal harm, coupled with a sufficient likelihood that he will again be wronged in a similar way." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (internal quotations omitted). As to the second element, "the threat of injury must be actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corporation*, 889 F.3d 956, 967 (9th Cir. 2018) (internal quotation omitted). The Ninth Circuit has established that this

Case 8:21-cv-02055-DOC-ADS   Document 35   Filed 04/06/22   Page 10 of 13   Page ID #:311

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS　　　　　　　　　　　　　　　　Date: April 6, 2022

Page 10

requirement may be met where a previously deceived consumer seeks an injunction against false advertising or labeling and the consumer plausibly alleges that "she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to" or "that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.* at 969-70.

In *Davidson*, the court held that Plaintiff had established standing by alleging that she would continue to purchase the allegedly deceptively labeled product if the representations made by the producer were true. *Id.* at 970-71. Here, Plaintiff makes no allegations regarding her intentions or desire to purchase Disney products, let alone Dream Key passes, in the future. Accordingly, Plaintiff has failed to allege facts to show she has standing under *Davidson*. *See Joslin v. Clif Bar & Company*, No. 4:18-cv-04941-JSW, 2019 WL 5690632 (N.D. Cal. Aug. 26, 2019) (plaintiffs failed to show they had standing for injunctive relief because they did not allege they wanted to or intended to purchase the products in question in the future). Since Plaintiff's failure to allege that she will be wronged again in a similar way is sufficient to find that she lacks standing to pursue injunctive relief, the Court does not at this stage address Defendant's further argument that Plaintiff could not allege such harm because the Dream Key pass can only be purchased once. *See* Mot. at 22.

In her Opposition, Plaintiff argues that her claim for prospective relief is premised on the ongoing harm she suffers as a Dream Key Pass holder who continues to be unable to make reservations using her Dream Key on days when park reservations are generally available. Opp'n at 14. However, her FAC does not include a demand to enjoin Disney from blocking Dream Key Pass holders from making reservations, so this argument fails. As the failure to plead this allegation is sufficient to resolve this point in Defendant's favor, the Court does not address Disney's additional argument that Plaintiff cannot request specific performance under California's consumer protection statutes. *See* Reply at 11-12.

Accordingly, Plaintiff's claims for prospective equitable relief under the CLRA, FAL, and UCL are DISMISSED WITHOUT PREJUDICE.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-cv-02055-DOC-ADS                                    Date: April 6, 2022

Page 11

### iv.  Whether the Claim is Within the Scope of the CLRA

Plaintiff seeks both equitable and legal remedies under the CLRA. FAC ¶¶ 37-52. Defendant argues that Plaintiff's CLRA claim fails in its entirety because it does not fall within the scope of the statute. Reply at 13.

The CLRA "prohibits specified unfair and deceptive acts and practices in a 'transaction intended to result or which results in the sale or lease of goods or services to any consumer.'" *Fairbanks v. Superior Court,* 46 Cal. 4th 56, 59 (2009) (quoting Cal. Civ. Code § 1770, subd. (a)). The CLRA defines:

> "goods" as "tangible chattels bought or leased for use primarily for personal, family, or household purposes, including certificates or coupons exchangeable for these goods, and including goods that, at the time of the sale or subsequently, are to be so affixed to real property as to become a part of real or property, whether or not severable from the real property." (Civ. Code, § 1761, subd. (a).) It defines "services" as "work, labor, and services for other than a commercial or business use, including services furnished in connection with the sale or repair of goods." (*Id.*, § 1761, subd. (b)).

*Id.* at 60-61.

Defendant argues that the Dream Key Pass is neither a "good" nor a "service" within the meaning of the CLRA but rather a "temporary license" to enter Disney's parks, and it is therefore outside the scope of the statute. Mot. at 22-24. In support of its argument, Defendant cites to *Hall v. Sea World Entm't., Inc.*, No. 3:15-CV-660-CAB-RBB, 2015 WL 9659911 (N.D. Cal. Dec. 23, 2015). Mot. at 23. In *Hall*, the court held that to find that tickets for entrance to an amusement park, "or more specifically the admission to the parks that the tickets provide," constitute a service under the CLRA would require "a strained and unnatural construction of the term." *Hall*, 2015 WL 9659911 at *15. Accordingly, the court dismissed the plaintiff's claims with prejudice. *Id.* Defendant also cites to *Kouball v. SeaWorld Parks & Entm't, Inc.*, No. 20-cv-870-CAB-BGS, 2020 WL 5408918 at *5 (S.D. Cal. Sep. 9, 2020), in which the court relied on *Hall* in holding that that annual passes allowing access to SeaWorld's parks do not qualify as "services".

In her Opposition, Plaintiff argues that the passes should be considered a service because by purchasing a Dream Key Pass, Plaintiff purchased access to services, including "interactions with Disney characters who populate the theme parks, musical

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS								Date: April 6, 2022

Page 12

and theater performances, games, and rides operated by Disney within the theme parks." Opp'n at 10. In support, Plaintiff cites to *Anderson v. SeaWorld Parks and Entm't., Inc.*, No. 15-cv-02172-JSW, 2016 WL 8929295 (N.D. Cal. Nov. 7, 2016). Opp'n at 11-12. In *Anderson*, the plaintiff argued that tickets to SeaWorld were a service because SeaWorld provided "educational and entertainment services" and that "[i]n order for consumers to avail themselves of those services, they are required to purchase admission tickets." *Anderson*, 2016 WL 8929295 at *10 (internal quotation marks omitted; alteration in original). The court, declining to follow *Hall*, observed that "the California Supreme Court has not addressed whether admission to a theme park like Seaworld is a 'service.' " *Id*. Basing its analysis on the "plain language" of the CLRA, the court held that "the term 'services' encompasses the 'educational and entertainment services' [plaintiff] alleges she purchased from SeaWorld*." Id.* at *12.

Given the competing law on whether amusement parks like Defendant's constitutes a service or good, the Court find it inappropriate to dismiss this claim at this stage of the litigation.

Accordingly, the Court DENIES Defendant's Motion to dismiss the CLRA claim on this ground.

### C.   Plaintiff's Tort Claims (Counts V and VI)

Finally, Plaintiff does not oppose Disney's request that her fifth and sixth causes of action be dismissed. Accordingly, Plaintiff's claims against Disney for negligent misrepresentation and concealment/nondisclosure are DISMISSED WITHOUT PREJUDICE.

## IV.   Disposition

For the reasons set forth above, Disney's Motion to Dismiss is DENIED IN PART and GRANTED IN PART. The Court DENIES Defendant's Motion with respect to plaintiff's claims for breach of contract and for legal remedies pursuant to the CLRA. The Court GRANTS Defendant's Motion as follows:

1. Plaintiff's contract claims, insofar as they arise from Plaintiff's allegations that Defendant breached the implied covenant of good faith and fair dealing, are DISMISSED WITHOUT PREJUDICE;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-cv-02055-DOC-ADS	Date: April 6, 2022

Page 13

2. Plaintiff's claims for restitution under the FAL, CLRA, and UCL are DISMISSED WITH PREJUDICE;
3. Plaintiff's claims for injunctive relief under the FAL, CLRA, and UCL are DISMISSED WITHOUT PREJUDICE; and
4. Plaintiff's claims for negligent misrepresentation and concealment/nondisclosure are DISMISSED WITHOUT PREJUDICE.

    Plaintiff, if she chooses to do so, has until May 6, 2022 to amend her Complaint for those claims dismissed without prejudice. In addition to this ruling, the Case Management Conference [34] scheduled for April 7, 2022 is hereby VACATED.

The Clerk shall serve this minute order on the parties.


MINUTES FORM 11	Initials of Deputy Clerk: dca/kdu

CIVIL-GEN