DAVID C. MARCUS (CA Bar No. 158704)
(Email: david.marcus@wilmerhale.com)
WILMER CUTLER PICKERING
      HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5312
Facsimile: (213) 443-5400

*Attorneys for Defendant*
*Walt Disney Parks and Resorts U.S., Inc.*

*(Additional counsel listed below)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENALE NIELSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, and DOES 1 through 10, inclusive,<br>Defendants. | Case No. 8:21-cv-02055-DOC-ADS<br><br>**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO THE SECOND AMENDED CLASS ACTION COMPLAINT**<br><br>Judge: Honorable David O. Carter |

---

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

ALAN SCHOENFELD (*admitted pro hac vice*)
(Email: alan.schoenfeld@wilmerhale.com)
RYAN CHABOT (*admitted pro hac vice*)
(Email: ryan.chabot@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

MARGARITA BOTERO (*admitted pro hac vice*)
(Email: margarita.botero@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3130
Facsimile: (720) 274-3133

*Attorneys for Defendant*
*Walt Disney Parks and Resorts U.S., Inc.*

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO
SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR"), by and through its undersigned counsel, hereby answers and asserts affirmative defenses as follows to the Second Amended Class Action Complaint ("Complaint"), ECF No. 41, of Plaintiff Jenale Nielsen.  Except as expressly admitted, qualified, or otherwise answered here, WDPR denies each and every allegation and assertion in the Complaint.  The paragraphs that follow align with the numbered paragraphs in the Complaint.

Nielsen's statement preceding her allegations does not require a response.  To the extent a response is required, WDPR admits that Nielsen brings the Complaint against WDPR and Does 1-10 but denies that it "misle[d] consumers about the nature, benefits, and restrictions of the Dream Key Passes that Disney sold to Ms. Nielsen and others similarly situated."  Compl. at 1:17-21.

## PARTIES, JURISDICTION, AND VENUE[1]

1. On information and belief, WDPR admits that Nielsen is an individual who resides in Santa Clara County, California.

2. WDPR admits that it is a Florida Corporation whose principal place of business is in Lake Buena Vista, Florida.  WDPR further admits that it has engaged in trade or commerce in California by advertising and offering theme park admission tickets to California customers.

3. WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 3.

4. WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 4.

---

[1] The Complaint's headings are repeated for convenience, but do not require an answer or response; to the extent a response is required to the headings, WDPR denies them.

3

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

**GENERAL ALLEGATIONS**

5. WDPR admits that it operates theme parks, including at the Disneyland Resort in Anaheim, California, which includes Disneyland Park and Disney California Adventure Park. WDPR denies that it operates a theme park called "California Adventures."

6. WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 6.

7. WDPR admits that to enter its Disneyland Park or Disney California Adventure Park, guests ages 3 and older need a valid ticket and a theme park reservation for the same day and same park they want to visit. WDPR further admits that a ticket alone is not sufficient for entry into its parks. WDPR further admits that it makes reservations available via its website and that a reservation calendar identifies the days for which reservations are available. WDPR further admits that guests can reserve a date and proceed to purchase a ticket if a reservation is available but are not able to do so if a reservation is not available. To the extent that Paragraph 7 purports to characterize, quote from, or summarize a statement on WDPR's website (https://disneyland.disney.go.com/), the content of this website speaks for itself. WDPR respectfully refers the Court to WDPR's website for a complete and accurate recitation of its content.

8. WDPR admits that it introduced the Disneyland Resort Magic Key program in or about August 2021 and that pursuant to the program, it offered for sale four tiers of Magic Key passes. WDPR further admits that purchasers of a Magic Key pass are entitled to make reservations to enter Disneyland Park and/or Disney California Adventure Park without additional charge for a period of one year from when their Magic Key pass is first used, subject to the terms and conditions and limitations of their Magic Key pass. WDPR denies knowledge or

4

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

information sufficient to form a belief as to the truth or falsity of the allegations that Nielsen is a Disney enthusiast, was interested in purchasing a Magic Key pass, or began to research the various Dream Key options on WDPR's website in September 2021.

9. WDPR admits it offered several different tiers of Magic Keys, including the Enchant Key pass, the Believe Key pass, and the Dream Key pass. WDPR further admits that the Dream Key pass is not subject to "blockout dates" whereas the other Magic Key passes are subject to "blockout dates." WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Nielsen was immediately interested in the Dream Key pass or what Nielsen understood from her review of WDPR's advertising materials. WDPR denies that its advertising materials can be reasonably understood to mean that, if reservations were available and the park was not at capacity, Nielsen could use her Dream Key pass to make a reservation.

10. WDPR admits that it charged $1,399.00 for the Dream Key pass. To the extent that Paragraph 10 purports to characterize, quote from, or summarize the advertisement attached as Exhibit A to the Complaint (the "Advertisement"), the content of the Advertisement speaks for itself.

11. To the extent that Paragraph 11 purports to characterize, quote from, or summarize the advertisement attached as Exhibit A to the Complaint, the content of the Advertisement speaks for itself. WDPR otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Nielsen reviewed the Advertisement on the Disney website or that she relied on the Advertisement when she decided to purchase a Dream Key pass.

12. WDPR admits that the phrase "blockout date" is not defined in the Advertisement. WDPR denies that the phrase "no blockout dates" can be

5

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

1 reasonably understood to mean that Dream Key passholders would be able to make
2 reservations whenever WDPR was offering park reservations for entrance to its
3 Disneyland Park and Disney California Adventure Park theme parks.  WDPR
4 otherwise denies knowledge or information sufficient to form a belief as to the
5 truth or falsity of what Nielsen and the proposed class members allegedly
6 understood the phrase "blockout date" to mean.

      13.    WDPR admits that the Advertisement does not define the phrase "subject to availability."  WDPR otherwise denies the allegations in Paragraph 13.

      14.    WDPR admits that it advertised the Enchant Pass and Believe Pass, for which "Blockout dates apply."  WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations about Nielsen's decision not to purchase the Enchant Pass or the Believe Pass.  WDPR otherwise denies the allegations in Paragraph 14.

      15.    WDPR admits on information and belief that Nielsen purchased a Dream Key pass for $1,399.00 on September 23, 2021.  WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations that Nielsen decided to purchase a Dream Key pass after reading the Advertisement.

      16.    WDPR denies that it blocked out any dates for Nielsen or any other Dream Key pass holders.  WDPR otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16.

      17.    WDPR admits that it advertised and promised there would be no blockout dates for Dream Key pass holders.  WDPR denies that it blocked out dates to Dream Key pass holders in November 2021.  WDPR otherwise denies

6

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO
SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17.

18. WDPR denies that it blocked out dates to Dream Key pass holders. WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Nielsen's exploration of WDPR's website. WDPR otherwise denies the allegations in Paragraph 18.

19. To the extent that Paragraph 19 purports to characterize, quote from, or summarize the advertisement attached as Exhibit A to the Complaint, the content of the Advertisement speaks for itself. Paragraph 19 otherwise contains legal arguments and conclusions to which no response is required. To the extent a response is required, WDPR denies the allegations in Paragraph 19.

20. WDPR denies the allegations in Paragraph 20.

21. WDPR admits that the Advertisement and governing terms and conditions provide that "reservations are subject to availability and are not guaranteed for any specific dates or park" and that there are no blockout dates for the Dream Key pass. WDPR denies the remaining allegations in Paragraph 21.

22. WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of what Nielsen allegedly understood or knew about the Dream Key pass. WDPR otherwise denies the allegations in Paragraph 22.

23. WDPR admits that it told customers that Dream Key passes had no blockout dates but that reservations were subject to availability. WDPR denies knowledge or information sufficient to form a belief as to the truth or falsity of what Nielsen allegedly understood. WDPR otherwise denies the allegations in Paragraph 23.

24. WDPR denies that it engaged in unlawful trade practices in connection with its offer and sale of the Dream Key passes. Paragraph 24

7

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

otherwise contains characterizations of Nielsen's legal claims to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 24.

25.     WDPR denies that Dream Key advertisements contain any false, misleading, or deceptive representations or omissions.  Paragraph 25 otherwise contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 25.

26.     WDPR denies the allegations in Paragraph 26.

27.     To the extent that Paragraph 27 purports to characterize, quote from, or summarize the Advertisement or the Terms and Conditions, the content of such documents speak for themselves.  WDPR denies that it breached any contractual obligation or the covenants of good faith and fair dealing.  Paragraph 27 otherwise contains legal arguments and conclusions to which no response is required.  To the extent a response is required, WDPR denies the allegations in Paragraph 27.

28.     WDPR denies that it violated California law and that Nielsen or any Dream Key passholders have been injured.  WDPR otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 28.

29.     WDPR denies the allegations in Paragraph 29.

30.     WDPR admits that it received a letter from Nielsen purporting to comply with California Business and Professions Code section 1782(a) after the filing of this lawsuit and that it has not responded to Nielsen's letter.  WDPR denies that it violated Sections 1770(a)(5), 1770(a)(9), and 1770(a)(10) of the California Business and Professions Code.

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

## CLASS ALLEGATIONS

31. WDPR admits that Nielsen purports to bring this action on behalf of herself and a putative class defined in Paragraph 31, but denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

32. Paragraph 32 contains legal arguments and conclusions to which no response is required. To the extent a response is required, WDPR denies the allegations in Paragraph 32, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

33. Paragraph 33 contains legal arguments and conclusions to which no response is required. To the extent a response is required, WDPR denies the allegations in Paragraph 33, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

34. Paragraph 34 contains legal arguments and conclusions to which no response is required. To the extent a response is required, WDPR denies the allegations in Paragraph 34, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

35. Paragraph 35 contains legal arguments and conclusions to which no response is required. To the extent a response is required, WDPR denies the remaining allegations in Paragraph 35, and deny that certification of any class is proper under Federal Rule of Civil Procedure 23.

36. Paragraph 36 contains legal arguments and conclusions to which no response is required. To the extent a response is required, WDPR denies the allegations in Paragraph 36, and denies that certification of any class is proper under Federal Rule of Civil Procedure 23.

37. Paragraph 37 contains legal arguments and conclusions to which no response is required. To the extent a response is required, WDPR denies the

9

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

1  allegations in Paragraph 37, and denies that certification of any class is proper
2  under Federal Rule of Civil Procedure 23.

### FIRST CAUSE OF ACTION

### VIOLATIONS OF THE CONSUMERS LEGAL REMEDIES ACT

### CAL. CIV. CODE §§ 1750 ET SEQ.

6   38.   WDPR restates and adopts its answers to each other paragraph of the Complaint as if set forth in full here.

8   39.   To the extent Paragraph 39 purports to characterize, quote from, or summarize the California Consumer Legal Remedies Act, the statute speaks for itself.  Paragraph 39 otherwise contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 39.

13   40.   Paragraph 40 contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 40.

16   41.   Paragraph 41 contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 41.

19   42.   Paragraph 42 contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 42.

22   43.   Paragraph 43 contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 43.  WDPR denies that it committed any false and misleading practices or violated any law.

10

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

44. Paragraph 44 contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 44. WDPR denies that it violated any law.

45. WDPR denies the allegations in Paragraph 45.

46. WDPR denies the allegations in Paragraph 46.

47. WDPR denies the allegations in Paragraph 47.

48. WDPR denies the allegations in Paragraph 48.

49. WDPR admits that it received a letter from Nielsen purporting to comply with California Business and Professions Code section 1782(a) after the filing of this lawsuit and that it has not responded to Nielsen's letter. WDPR denies that it violated any law.

50. WDPR denies that it violated any law or that Nielsen or the proposed class members have been harmed. Paragraph 50 otherwise contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 50.

51. WDPR admits that Nielsen purports to seek actual damages for herself and the putative class pursuant to California Civil Code Section 1780(1), but denies that she or the putative class is entitled to any damages or any other relief.

52. Pursuant to the Court's Order Denying In Part And Granting In Part Defendant's Motion To Dismiss (ECF No. 35), no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 52.

53. WDPR admits that Nielsen purports to seek punitive damages on behalf of herself and the putative class under California Civil Code Section 1780(4), but denies that she or the putative class is entitled to any damages or any other relief. WDPR otherwise denies the allegations in Paragraph 53.

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF THE FALSE ADVERTISING LAW**

**CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.**

54. The Court's Order Denying In Part And Granting In Part Defendant's Motion To Dismiss (ECF No. 35) speaks for itself; no response is required.

**THIRD CAUSE OF ACTION**

**VIOLATIONS OF THE UNFAIR COMPETITION LAW**

**CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.**

55. The Court's Order Denying In Part And Granting In Part Defendant's Motion To Dismiss (ECF No. 35) speaks for itself; no response is required.

**FOURTH CAUSE OF ACTION**

**BREACH OF CONTRACT**

56. WDPR restates and adopts its answers to each other paragraph of the Complaint as if set forth in full here.

57. WDPR admits the allegations in Paragraph 57.

58. Paragraph 58 contains legal arguments and conclusions to which no response is required.

59. WDPR admits that Nielsen paid the agreed price for her Dream Key pass. WDPR otherwise denies knowledge or information sufficient to form a belief as to the truth or falsity of Paragraph 59.

60. WDPR denies the allegations in Paragraph 60.

61. WDPR denies that it breached any contractual obligation or the covenants of good faith and fair dealing. Paragraph 61 otherwise contains legal arguments and conclusions to which no response is required; to the extent a response is required, WDPR denies the allegations in Paragraph 61.

62. WDPR denies that it breached any contractual obligation or the covenants of good faith and fair dealing. WDPR admits that Nielsen purports to seek monetary damages on behalf of herself and the putative class, but denies that she or the putative class are entitled to any damages or any other relief.

## FIFTH CAUSE OF ACTION
## NEGLIGENT MISREPRESENTATION

63. The Court's Order Denying In Part And Granting In Part Defendant's Motion To Dismiss (ECF No. 35) speaks for itself; no response is required.

## SIXTH CAUSE OF ACTION
## CONCEALMENT/ NON-DISCLOSURE

64. The Court's Order Denying In Part And Granting In Part Defendant's Motion To Dismiss (ECF No. 35) speaks for itself; no response is required.

## PRAYER

WDPR states that no response is required to Nielsen's prayer for relief in the paragraphs following Paragraph 64. To the extent a response is required, WDPR denies that Nielsen is entitled to the relief sought in the Complaint, or any relief at all.

## AFFIRMATIVE AND OTHER DEFENSES

WDPR asserts the following affirmative defenses and reserves all rights to amend or supplement these defenses when and if amended or additional defenses become appropriate and/or available in this action, including, in the event any class is certified, the right to advance additional defenses pertinent to class members. The statement of any defense herein does not assume the burden of proof for any issue to which the applicable law places the burden of proof on Nielsen.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Nielsen's claims and/or those of the putative class are barred, in whole or in part, to the extent they fall outside the terms and conditions of their Dream Key passes and/or are barred by the terms, conditions, definitions, exclusions, and/or limitations of their passes.

## THIRD DEFENSE

Nielsen's claims and/or those of the putative class are barred, in whole or in part, to the extent they have breached the terms and conditions of their passes.

## FOURTH DEFENSE

Nielsen's claims and/or those of some or all of the putative class are barred, in whole or in part, by the doctrine of accord and satisfaction.

## FIFTH DEFENSE

Nielsen's claims and/or those of the putative class are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

## SIXTH DEFENSE

To the extent Nielsen and/or members of the putative class suffered any damages at all, those damages were proximately caused by Nielsen, members of the putative class, their agents and/or their representatives.

## SEVENTH DEFENSE

To the extent Nielsen and/or members of the putative class suffered any damages at all, those damages were proximately or substantially caused by Nielsen and/or members of the putative class's failure to mitigate their alleged damages.

14

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

**EIGHTH DEFENSE**

To the extent that Nielsen and/or putative class members breached the terms or conditions of their passes or made misrepresentations, their claims are barred by the doctrine of unclean hands.

**NINTH DEFENSE**

A Dream Key pass is not a "good" or "service" subject to the California Consumer Remedies Act.

**TENTH DEFENSE**

To the extent Nielsen or members of the putative class continue to assert any equitable claims, such claims are barred because they have an adequate remedy at law.

**ELEVENTH DEFENSE**

Nielsen or members of the putative class cannot pursue their claims in this forum to the extent they are subject to an arbitration agreement.

**TWELFTH DEFENSE**

To the extent Nielsen or members of the putative class continue to assert any claims for prospective relief, such claims are barred because they lack standing.

**THIRTEENTH DEFENSE**

Nielsen or members of the putative class are not entitled to punitive damages because WDPR did not act in a manner that would give rise to punitive damages liability.

**FOURTEENTH DEFENSE**

To the extent Nielsen and/or members of the putative class seek punitive damages, an award of such damages would violate the California and United States constitutions.

**FIFTEENTH DEFENSE**

15

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

Nielsen's claims and/or those of the putative class under the CLRA are barred, in whole or in part, to the extent they failed to comply with Cal. Civ. Code § 1782(a).

**SIXTEENTH DEFENSE**

To the extent WDPR retained discretion under its contract with Nielsen and/or the putative class members, WDPR exercised its discretion fairly and in good faith.

WDPR hereby reserves and asserts all affirmative and other defenses available under any applicable federal or state law. WDPR presently has insufficient knowledge or information on which to form a basis as to whether it may have additional affirmative or other defenses available. WDPR does not knowingly or intentionally waive any applicable affirmative defenses and reserves the right to assert additional defenses, counterclaims, cross-claims, and third-party claims at any subsequent stage of this action in the event that discovery indicates that such additional defenses or claims would be appropriate.

\* \* \*

WHEREFORE, having fully answered all of the allegations of the Complaint to which any answer is required, WDPR prays for relief and judgment:

A. Declining to certify this action as a class action under Federal Rule of Civil Procedure 23;

B. Denying Nielsen and, if any class is certified, any such class members any relief sought in the Complaint or any other relief;

C. Ordering that Nielsen and, if any class is certified, any such class members take nothing, and that judgment be entered against Nielsen and any certified class;

16

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

1      D.    Awarding WDPR costs and expenses incurred as a result of having to defend this action; and

3      E.    Granting WDPR such other relief as the Court may deem just and proper.

Dated: May 20, 2022

*/s/ David C. Marcus*
DAVID C. MARCUS (CA Bar No. 158704)
(Email: david.marcus@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5312
Facsimile: (213) 443-5400

ALAN SCHOENFELD (*admitted pro hac vice*)
(Email: alan.schoenfeld@wilmerhale.com)
RYAN CHABOT (*admitted pro hac vice*)
(Email: ryan.chabot@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

MARGARITA BOTERO (*admitted pro hac vice*)
(Email: margarita.botero@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3130
Facsimile: (720) 274-3133

17

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

*Attorneys for Defendant*
*Walt Disney Parks and Resorts U.S., Inc.*

*Attorneys for Defendant*
*Walt Disney Parks and Resorts U.S., Inc.*

18

**WALT DISNEY PARKS AND RESORTS U.S., INC.'S ANSWER TO SECOND AMENDED CLASS ACTION COMPLAINT**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055