DANIEL J. MULLER, SBN 193396
dmuller@venturahersey.com
ANTHONY F. VENTURA, SBN 191107
aventura@venturahersey.com
VENTURA HERSEY & MULLER, LLP
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023

*Attorneys for Plaintiff Jenale Nielsen &
the Proposed Class*

DAVID C. MARCUS (CA Bar No. 158704)
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Telephone: (213) 443-5312
Facsimile: (213) 443-5400

*Attorneys for Defendant
Walt Disney Parks and Resorts U.S., Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENALE NIELSEN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., Inc., a Florida Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:21-cv-02055-DOC-ADS<br><br>**RULE 26(f) REPORT**<br><br>DATE: June 21, 2022<br>TIME: 8:30 a.m.<br>COURT:<br><br>Hon. David O. Carter |

## INTRODUCTION

Pursuant to the Court's Order Setting Scheduling Conference dated April 27, 2022 and the Court's Initial Standing Order and Scheduling Order & Order Re: Pretrial and Trial Procedures, Plaintiff Jenale Nielsen and Defendant Walt Disney Parks and Resorts U.S., Inc. ("WDPR") conducted the required meeting of counsel

-1-

**RULE 26(f) REPORT**

and submit the following Rule 26(f) Joint Report:

## I.   SUMMARY OF THE CASE:

<u>Plaintiff's Position:</u>

In or about August 2021, Disney introduced a sales program that it calls the Disneyland Resort Magic Key program.  Pursuant to the program, Disney offers for sale a variety of Magic Key Passes.  Consumers who purchase a Magic Key pass from Disney are entitled to make reservations to enter the Disneyland and/or California Adventures theme parks without having to purchase a ticket for a period of one year from when their Magic Key pass is first used.

Ms. Nielsen decided to purchase a Dream Key Pass and paid $1,399.00 for her pass.  When it advertised the Dream Key Pass, Disney promised that Dream Key Passes would not be subject to "blockout dates" and that passholders could enter Disney's Anaheim theme parks using their Dream Key Passes so long as park reservations were available and the park was not at capacity.  After purchasing her Dream Key Pass, however, Ms. Nielsen learned that Disney would not allow her to use the Dream Key pass to make a reservation for the theme parks even though the parks were not at capacity and even though park reservations were available and advertised on Disney's website.  Specifically, when Ms. Nielsen attempted to use her Magic Key to make park reservations to visit Disneyland, she was disappointed to learn that Disney had blocked out many days, including all weekend days in the month of November 2021 even though park reservations were available.

In her Second Amended Class Action Complaint, Ms. Nielsen states claims for violations of California's Consumer Legal Remedies Act and breach of contract. Ms. Nielsen seeks to represent a class of consumers who purchased Dream Key passes and who were blocked out from entering Disney's theme parks even though the parks were not at capacity and even though park reservations were available. Ms. Nielsen seeks damages.

Defendant's Position:

Plaintiff purchased a Dream Key pass to Disneyland Resort theme parks through a new, reservation-based annual passholder offering called the Magic Key program. The advertisement and terms and conditions for Dream Keys plainly state that Dream Key passholders become eligible to make park reservations with "no blockout dates"—that is, no dates are categorically inaccessible—subject to both reservation "availability" and park "capacity." To be clear, no dates are or were blocked out to Dream Key passholders. In other words, Dream Key passholders are eligible to access park reservations on any day of the year that the parks have both capacity and reservations available to Magic Key passholders.

WDPR moved to dismiss Ms. Nielsen's First Amended Class Action Complaint (FAC) in its entirety, asserting that it failed to state any claim because it was based on the fundamentally flawed premise that "no blockout dates" means that the only limit on her ability to make park reservations is park "capacity." FAC ¶¶ 10, 21-23. In other words, Ms. Nielsen claimed in her FAC that she was and is entitled to make a park reservation if any reservations are available to *anyone*, up to park capacity. WDPR argued that Ms. Nielsen's interpretation was unreasonable on its face and incompatible with the express disclosure that Dream Key reservations, while not subject to blockout dates, were and are subject to availability *and* capacity. Because Ms. Nielsen did not allege that any date was categorically inaccessible to her, WDPR asserted that she failed to state a claim for breach of contract, misrepresentation, concealment, or false advertising pursuant to California consumer protection laws. WDPR's motion to dismiss also included independent reasons why all of Ms. Nielsen's claims should be dismissed with prejudice, including:

- Contrary to Ms. Nielsen's assertion, no dates were or are blocked out to Dream Key passholders.
- Ms. Nielsen fails to allege that WDPR lacked a reasonable ground to believe

-3-
**RULE 26(f) REPORT**

the truth of the statement that Dream Key passes had no blockout dates, as required for her negligent misrepresentation claim;

- Ms. Nielsen fails to allege WDPR's intent to defraud, as required for her concealment claim;
- The economic loss rule bars both of Ms. Nielsen's tort claims;
- Ms. Nielsen has an adequate remedy at law, and thus, this Court lacks authority to grant the equitable remedies Nielsen seeks pursuant to the Consumer Legal Remedies Act (CLRA), False Advertising Law (FAL), and Unfair Competition Law (UCL);
- Ms. Nielsen lacks standing to seek prospective injunctive relief; and
- Ms. Nielsen fails to allege a CLRA claim because a license to enter WDPR's parks is neither a "service" nor a "good."

On April 6, 2022, the Court denied in part and granted in part WDPR's motion to dismiss. *See* ECF No. 35. Specifically, the Court denied WDPR's motion to dismiss Ms. Nielsen's causes of action for breach of the contract's express terms and for CLRA damages. *Id*. at 6, 12. The Court granted WDPR's motion to dismiss as follows: the contract claim, insofar as it related to WDPR's alleged breach of the implied covenant of good faith and fair dealing, was dismissed without prejudice; claims for retrospective equitable relief under the CLRA, FAL, and UCL were dismissed with prejudice; and claims for prospective injunctive relief pursuant to the CLRA, FAL, and UCL were dismissed without prejudice. *Id*. at 7-10.

On May 6, 2022, Ms. Nielsen filed a Second Amended Class Action Complaint (SAC), attempting to cure her pleading deficiencies relating to WDPR's alleged breach of the implied covenant of good faith and fair dealing, and reasserting her causes of action for breach of the contract's express terms and CLRA damages. The Court noted deficiencies with the filing, and the SAC was refiled on May 10, 2022. WDPR contends that the SAC does not cure the deficiencies relating to WDPR's alleged breach of the implied covenant of good faith and fair dealing,

but filed its answer to the SAC on May 20, 2022.

## II. PRINCIPAL ISSUES IN THE CASE:

Plaintiff expects that the principal legal issues will include:

1. Whether Defendant has a practice of "blocking out" certain dates for Dream Key Passholders;

2. Whether Defendant made false statements in its advertisements of Dream Key passes;

3. Whether Defendant has breached its agreements with Dream Key Passholders by blocking them from using their Dream Key Passes to make reservations to the Anaheim theme parks when the parks are not at capacity and when the park reservations are available;

4. Whether Defendant concealed its intended practices regarding the Dream Key Pass when it sold Dream Key Passes to Ms. Nielsen and other putative class members;

5. Whether Ms. Nielsen and her fellow Dream Key Passholders were damaged as a result of Defendant's conduct;

6. Whether Ms. Nielsen's claims are appropriate for class relief and, if so, whether Ms. Nielsen is an appropriate class representative and whether her counsel are appropriate class counsel.

WDPR expects that the principal legal issues will include:

1. Whether any dates were or are blocked out to Dream Key passholders;

2. Whether the term "blockout dates" in the Dream Key advertisement and terms and conditions means something other than its plain and unambiguous meaning—dates that are categorically inaccessible;

3. Whether the term "subject to availability" is indistinct from "subject to capacity" where a contract expressly references both concepts separately;

4. Whether Ms. Nielsen can avoid the terms and conditions governing her Dream Key Pass;

5.  Whether a reasonable consumer would have interpreted the phrase "no blockout dates" to mean something other than its plain and unambiguous meaning;

6.  Whether a reasonable consumer would have understood that "subject to availability" and "subject to capacity" were distinct limitations on Dream Key passes;

7.  Whether a license to enter WDPR parks is a "good" or a "service" within the plain meaning of the CLRA; and

8.  Whether this action should be certified pursuant to Fed. R. Civ. P. 23.

## III. PLEADING AMENDMENT AND ADDITIONAL PARTIES:

Ms. Nielsen does not anticipate further amendments to her pleadings.

WDPR opposes any further amendment to the complaint or any addition of parties. Ms. Nielsen has already twice amended her complaint.

## IV. MOTIONS:

Plaintiff intends to bring a motion for class certification.

WDPR does not believe this case is suitable for treatment as a class action and intends to oppose Ms. Nielsen's anticipated motion to certify a class. WDPR also anticipates that the remaining claims in the SAC may be determined by motion for summary judgment.

## V. SETTLEMENT DISCUSSIONS:

The Parties have discussed the possibility of settlement. At this time, Ms. Nielsen is not amenable to settlement on an individual basis, and WDPR is not amenable to settlement on a classwide basis. The parties accordingly do not believe the case is likely to settle at this time. At the appropriate juncture in the case, in accordance with Local Rules 26-1(c) and 16-15.4, the parties are amenable to "ADR Procedure No. 3," i.e., "a private dispute resolution proceeding."

## VI. DISCOVERY PLAN:

The parties propose that discovery be conducted in accordance with the limitations provided in the Federal Rules of Civil Procedure.

WDPR expects that discovery will include production of data files and other ESI, all of which will be commercially sensitive and some of which will include personally identifiable information. WDPR anticipates that the parties will need to conduct no more than the 10 depositions per side provided by Federal Rule of Civil Procedure 30.

**VII. TRIAL:**

Plaintiff's Statement:

Ms. Nielsen has demanded a jury trial. Ms. Nielsen estimates that trial will take four days.

Defendant's Statement:

Ms. Nielsen's remaining claims (breach of contract, breach of the good faith and fair dealing covenant, and CLRA damages) will be tried to a jury, unless disposed of by motion for summary judgment. At this stage, WDPR estimates that trial will take less than two days. WDPR cannot more accurately estimate a trial length prior to a decision on its anticipated motion for summary judgment, which will likely further narrow the claims at issue in this case.

## VIII. OTHER ISSUES AND PROPOSED DATES:

The parties jointly propose the schedule below.

| Event | Deadline |
|---|---|
| Class certification motion with supporting expert reports (if any) | December 6, 2022 |
| Opposition to class certification motion with supporting expert reports (if any), and motion to exclude evidence in support of class certification motion | Per Local Rule 7-9 |
| Reply brief in support of class certification motion, opposition to motion to exclude evidence in support of class certification, and motion to exclude evidence in support of opposition to class certification motion | Per Local Rule 7-10 |
| Opposition to motion to exclude evidence in support of opposition to class certification motion | Per Local Rule 7-9 |
| Class certification hearing | April 17, 2023 |
| Merits expert reports | May 10, 2023 |
| Rebuttal expert reports | June 7, 2023 |
| Discovery Cut-Off Date | July 14, 2023 |
| Final Motion Cut-Off Date | September 11, 2023 |
| Final Pretrial Conference Date | October 23, 2023 |
| Start of Trial | November 7, 2023 |

| | | |
|---|---|---|
| Date: June 7, 2022 | | VENTURA HERSEY & MULLER LLP |
| | By: | /s/ *Daniel J. Muller* |
| | | DANIEL J. MULLER |
| | | Attorneys for Plaintiff and the Proposed Class |
| Date: June 7, 2022 | | WILMER CUTLER PICKERING HALE AND DORR LLP |
| | By: | /s/ *David C. Marcus* |
| | | DAVID C. MARCUS |
| | | Attorneys for Defendant |

## ATTESTATION

I, David C. Marcus, attest that all other signatures listed, and on whose behalf the filing is submitted, concur with the filing's contents and have authorized the filing.

/s/ *David C. Marcus*
DAVID C. MARCUS