# EXHIBIT 20

1 DANIEL J. MULLER, SBN 193396
dmuller@venturahersey.com
2 ANTHONY F. VENTURA, SBN 191107
aventura@venturahersey.com
3 VENTURA HERSEY & MULLER, LLP
1506 Hamilton Avenue
4 San Jose, California 95125
Telephone: (408) 512-3022
5 Facsimile: (408) 512-3023

6 Nickolas J. Hagman (*pro hac vice admission anticipated*)
nhagman@caffertyclobes.com
7 CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP
8 135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
9 Telephone: (312) 782-4880
Facsimile: (312) 782-4485
10

11 Bryan L. Clobes (*pro hac vice admission anticipated*)
bclobes@caffertyclobes.com
CAFFERTY CLOBES
12 MERIWETHER & SPRENGEL LLP
205 N. Monroe St.
13 Media, Pennsylvania 19063
Telephone: (215) 864-2800
14

15 Attorneys for Plaintiff Jenale Nielsen &
the Proposed Class

16                    UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
17

18

19 | JENALE NIELSEN, individually and on behalf of others similarly situated, | Case No.: 8:21-cv-02055-DOC-ADS |
|---|---|
20 | | **PLAINTIFF JENALE NIELSEN'S** |
| Plaintiff, | **RESPONSES AND OBJECTIONS TO** |
21 | | **DEFENDANT WALT DISNEY PARKS** |
| vs. | **AND RESORTS U.S., INC.'S** |
22 | | **INTERROGATORIES (SET ONE)** |
| WALT DISNEY PARKS AND RESORTS | |
23 | U.S., Inc., a Florida Corporation, and DOES 1 through 25, inclusive, | |
24 | Defendants. | |

25

26

27

28

1       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of

2 the Central District of California, Plaintiff Jenale Nielsen ("Ms. Nielsen" or "Plaintiff") hereby

3 responds to Defendant Walt Disney Parks And Resorts U.S., Inc.'s ("Disney") Interrogatories:

4                       **GENERAL RESPONSE AND OBJECTIONS**

5       These responses are made solely for the purposes of this action.  Plaintiff fully reserves all

6 objections related to the admissibility of these responses at trial.

7       Plaintiff and her attorneys have not fully completed their investigation of the facts relating

8 to this case.  It is anticipated that discovery, investigation, legal research, and analysis will supply

9 additional facts and potentially add meaning to known facts which could establish entirely new

10 factual conclusions and legal contentions.  As these responses are provided based upon

11 information presently available and specifically identified by Plaintiff, she reserves the right to

12 supplement, amend or modify the responses set forth below.  Plaintiff reserves her right to produce

13 at the time of trial additional information which may be discovered subsequent to the drafting and

14 service of these responses.

15       Nothing herein shall be construed as an admission by Plaintiff regarding the admissibility,

16 truth, or accuracy of any evidence, document, or any characterization contained or referenced in

17 these responses.

18                       **RESPONSES TO INTERROGATORIES**

19 **INTERROGATORY NO. 1:**

20       Identify every date and time when you attempted to use your Dream Key pass to make a

21 reservation to visit a Disneyland Resort theme park.  For each date and time, identify (a) the days

22 for which you were attempting to make a reservation; (b) whether reservations were available to

23 your Dream Key pass for those days; (c) if so, whether you made reservations using your Dream

24 Key pass for those days; (d) if you did not make reservations using your Dream Key pass for those

25 days, why not; (e) if you did not make reservations using your Dream Key pass for those days,

26 whether you made reservations by means other than your Dream Key pass; (f) whether you visited

27 a Disneyland Resort theme park on the day or days for which you made a reservation; and (g) if

28

**PLAINTIFF JENALE NIELSEN'S RESPONSES TO DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S
INTERROGATORIES (SET ONE)**

1 you did not visit a Disneyland Resort theme park on the day or days for which you made a

2 reservation, why not.

3 **RESPONSE TO INTERROGATORY NO. 1:**

4      Plaintiff objects that this interrogatory is compound and contains multiple subparts, each of

5 which is counted as a separate interrogatory for the purposes of Rule 33(a)(1).  Plaintiff further

6 objects to this interrogatory as overbroad and unduly burdensome.  Plaintiff finally objects that

7 this interrogatory is also vague and ambiguous as the phrase "attempting to make a reservation" is

8 undefined.

9      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

10 Since purchasing her Dream Key pass, Plaintiff has checked the Dream Key Pass reservation

11 website ("Reservation Website") on at least a weekly basis to determine reservation availability.

12 Sometimes, she visits the Reservation Website with the intention of attempting to make a

13 reservation for a specific date.  Other times, she visits the reservations website without a specific

14 date in mind in order to see what reservations are available to determine whether she is able to

15 visit the theme parks on one or more of the available days.  Plaintiff has not kept track of each day

16 she checked the Reservation Website and, therefore does not know all of the exact dates for which

17 she attempted to make reservations.  Each time Plaintiff checked the Reservation Website, there

18 were some days for which reservations were available but there were also days that were blocked

19 out and for which no reservations were available.  Plaintiff further answers the subparts of the

20 interrogatory as follows:

21     (a) Since purchasing her Dream Key pass, Plaintiff recalls attempting to make reservations

22         for a number of days including, but not limited to, the following: November 3, 2021;

23         November 11, 2021; November 18, 2021; December 13, 2021; December 29, 2021;

24         January 20, 2022; January 21, 2022; February 23, 2022; April 20, 2022; May 7, 2022;

25         July 4, 2022; July 5, 2022; July 7, 2022; and July 8, 2022.  In addition, Plaintiff would

26         have used her Dream Key Pass to make additional reservations had reservation dates

27         not been blocked out.

28

-2-

1      (b) Of the specific dates for which Plaintiff recalls checking reservation availability,

2          reservations were not available for the following days: November 3, 2021; November

3          11, 2021; November 12, 2021; November 18, 2021; December 13, 2021; December 29,

4          2021; May 7, 2022; May 8, 2022.

5      (c) Plaintiff used her Dream Key Pass to make reservations for the following days: January

6          20, 2022; January 21, 2022; February 23, 2022; July 4, 2022, July 5, 2022; July 7,

7          2022; July 8, 2022.

8      (d) Plaintiff did not make reservations using her Dream Key Pass for the reservations listed

9          in paragraph (b) because no reservations were available on the Reservation Website.

10      (e) Plaintiff made reservations for the theme parks on some of the days listed in paragraph

11          (b) by making the reservations on Disney's general reservation website and purchasing

12          tickets as follows:  November 11, 2021; November 12, 20221; November 18, 2021;

13          May 7, 2022; May 8, 2022.

14      (f)  To the best of her recollection, Ms. Nielsen visited a theme park on the days for which

15          she made reservations.

16      (g) To the best of her recollection, Ms. Nielsen visited a theme park on the days for which

17          she made reservations.

18 **INTERROGATORY NO. 2:**

19     Identify any passes, tickets, reservations, offers, discounts, rewards, benefits, or

20 promotions that you have purchased or otherwise possess that are subject to blockout dates,

21 subject to blackout dates, or subject to availability.

22 **RESPONSE TO INTERROGATORY NO. 2:**

23     Ms. Nielsen objects that this interrogatory is overbroad, and unduly burdensome and

24 oppressive.  Specifically, Ms. Nielsen objects that this Interrogatory seeks information that is

25 irrelevant to the parties' claims or defenses, which are limited to Defendant's Dream Pass and

26 Plaintiff's and Class members' purchases and use thereof.  Plaintiff also objects that this

27 interrogatory is vague and ambiguous as the phrases "blockout dates," "blackout dates," and

28 "subject to availability" are undefined.

1  **INTERROGATORY NO. 3:**

2       Identify any instance when you saw, read, or reviewed any advertisement or advertising

3  materials for a Magic Key pass including the content of the advertisement or advertising materials

4  that you saw, read, or reviewed.

5  **RESPONSE TO INTERROGATORY NO. 3:**

6       Plaintiff objects that this interrogatory is compound and contains multiple subparts, each of

7  which is counted as a separate interrogatory for the purposes of Rule 33(a)(1).  Plaintiff also

8  objects that this interrogatory is overbroad, and unduly burdensome. Plaintiff further objects that

9  this interrogatory is vague and ambiguous as the phrase "advertisement or advertising materials" is

10  undefined.

11       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:  In

12  or about August 2021, Plaintiff learned about the Magic Key program from information on

13  Disney's mobile phone application and posted on Disney's Instagram account.  Plaintiff also

14  reviewed information about the program that was posted on Disney's website.  All of

15  advertisements and advertising materials concerning the Dream Key pass are within Disney's

16  possession, custody, and control.

17  **INTERROGATORY NO. 4:**

18       Identify and describe all damages, injuries, or harm to you or the putative class that you

19  alleged was caused by WDPR's conduct as alleged in this action.

20  **RESPONSE TO INTERROGATORY NO. 4:**

21       Plaintiff objects that this interrogatory is vague and ambiguous as the phrase "damages,

22  injuries, or harm" is undefined.  Plaintiff also objects that this interrogatory calls for premature

23  disclosure of experts and/or expert information, or requires Plaintiff to disclose analyses, opinions,

24  or theories that will be the subject of expert testimony, and thereby seeks to impose obligations on

25  Plaintiff that exceed those imposed by the Federal Rules of Civil Procedure, the Local Rules, and

26  the Court's pre-trial scheduling orders.

27       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

28  Plaintiff and members of the Class paid $1,399.00 for each Dream Key Pass, which did not

-4-

1  provide access to the theme parks as promised.  As a result, the value of the Dream Key Passes

2  that Ms. Nielsen and Class members purchased was far less than the price they paid.

3  **INTERROGATORY NO. 5:**

4        Identify by date, time, and method all communications that you have had with anyone you

5  believe to be an employee or representative of WDPR or the Disneyland Resort regarding your

6  attempts to use your Dream Key pass.

7  **RESPONSE TO INTERROGATORY NO. 5:**

8        Plaintiff objects that this interrogatory is overbroad, and unduly burdensome.  Plaintiff also

9  objects that this interrogatory is vague and ambiguous in its use of the phrase "communications

10  that you have had with anyone you believe to be an employee or representative of WDPR or the

11  Disneyland Resort," as it includes every instance in which Plaintiff accessed Defendant's

12  websites.  Plaintiff will respond concerning only conversations that she had with employees or

13  representatives of Defendant concerning the inability to use the Dream Key pass on particular

14  days.

15        Without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff has not

16  spoken to anyone at Disney regarding her attempts to use her Dream Key pass that were

17  unsuccessful.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff responds by producing

18  the electronic mail messages she received from Defendant regarding her Dream Key pass.

19  **INTERROGATORY NO. 6:**

20        Identify all dates from May 1, 2021 to the present that you visited Disneyland Park or

21  California Adventure Park and the type of ticket that you used to enter the Park.

22  **RESPONSE TO INTERROGATORY NO. 6:**

23        Plaintiff objects that this interrogatory is compound, overbroad, and unduly burdensome.

24  Plaintiff also objects to this interrogatory as vague and ambiguous as the terms "visited" and "type

25  of ticket" are undefined.  Plaintiff understands those terms to mean the instances she accessed

26  either Disneyland Park or California Adventure Park either by purchasing an individual

27  Admission Ticket or by using her Dream Key pass.

28

-5-

1        Subject to and without waiving the foregoing objections, Ms. Nielsen responds as follows:

2    May 24, 2021 (1-day Tier 3 Ticket); November 11, 2021 (Merriest of Nights Ticket); November

3    12, 2021 (1-Day Tier 5 Ticket); November 18, 2021 (1 day Tier 3 Ticket); January 20, 2022

4    (Dream Key); January 21, 2022 (Dream Key); May 7, 2022 (1 Day Tier 3 Ticket); May 8, 2022 (1

5    Day Tier 3 Ticket); July 3, 2022 (Dream Key); and July 4, 2022 (Dream Key).

6

7    Dated: July 6, 2022                    VENTURA HERSEY & MULLER LLP

8

9                                    By:  _____
10                                         DANIEL J. MULLER
                                           Attorneys for Plaintiff and the Proposed Class
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-6-

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF SANTA CLARA**

I, Erin Torino, declare:

I am now and at all times herein mentioned have been over the age of eighteen years, a citizen of the United States, employed in Santa Clara County, California, and not a party to the within action or cause; my business address is 1506 Hamilton Avenue, San Jose, California 95125.  I am readily familiar with Ventura Hersey & Muller, LLP's practice for collection and processing of DOCUMENTS for delivery by way of the service indicated below.

On July 6, 2022, I served the following document(s):

1. **PLAINTIFF JENALE NIELSEN'S RESPONSES AND OBJECTIONS TO DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S INTERROGATORIES  (SET ONE)**

2. **PLAINTIFF JENALE NIELSEN'S RESPONSES AND OBJECTIONS TO DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REQUEST FOR PRODUCTION OF DOCUMENTS (SET ONE)**

on the interested party(ies) in this action as follows:

| | |
|---|---|
| ALAN SCHOENFELD (admitted pro hac vice)<br>alan.schoenfeld@wilmerhale.com<br>RYAN CHABOT (admitted pro hac vice)<br>ryan.chabot@wilmerhale.com<br>WILMER CUTLER PICKERING<br>HALE AND DORR LLP<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007<br>Telephone: (212) 937-7294<br>Facsimile: (212) 230-8888 | *Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.* |

☒       BY ELECTRONIC SERVICE.  The undersigned electronically served the above referenced document(s) on all parties listed on the attached service list at the e-mail address indicated.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on July 6, 2022 at San Jose, California.

Erin Torino

2

PROOF OF SERVICE

1 | DANIEL J. MULLER, SBN 193396
dmuller@venturahersey.com
2 | ANTHONY F. VENTURA, SBN 191107
aventura@venturahersey.com
3 | VENTURA HERSEY & MULLER, LLP
1506 Hamilton Avenue
4 | San Jose, California 95125
Telephone:  (408) 512-3022
5 | Facsimile:  (408) 512-3023

6 | Nickolas J. Hagman (*pro hac vice admission anticipated*)
nhagman@caffertyclobes.com
7 | CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP
8 | 135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
9 | Telephone:  (312) 782-4880
Facsimile:   (312) 782-4485
10 |
11 | Bryan L. Clobes (*pro hac vice admission anticipated*)
bclobes@caffertyclobes.com
CAFFERTY CLOBES
12 | MERIWETHER & SPRENGEL LLP
205 N. Monroe St.
13 | Media, Pennsylvania 19063
Telephone:  (215) 864-2800
14 |
15 | Attorneys for Plaintiff Jenale Nielsen &
the Proposed Class

16 | UNITED STATES DISTRICT COURT
17 | CENTRAL DISTRICT OF CALIFORNIA

18 |

| | |
|---|---|
| 19   JENALE NIELSEN, individually and on behalf of others similarly situated, | Case No.:  8:21-cv-02055-DOC-ADS |
| 20                                Plaintiff, | **PLAINTIFF JENALE NIELSEN'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S INTERROGATORIES (SET ONE)** |
| 21                                vs. | |
| 22   WALT DISNEY PARKS AND RESORTS U.S., Inc., a Florida Corporation, and DOES 1 through 25, inclusive, | |
| 23 | |
| 24                                Defendants. | |

25 |
26 |
27 |
28 |

1   Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of

2   the Central District of California, Plaintiff Jenale Nielsen ("Ms. Nielsen" or "Plaintiff") hereby

3   supplements her responses to Defendant Walt Disney Parks And Resorts U.S., Inc.'s ("Disney")

4   Interrogatories:

**GENERAL RESPONSE AND OBJECTIONS**

6   These responses are made solely for the purposes of this action.  Plaintiff fully reserves all

7   objections related to the admissibility of these responses at trial.

8   Plaintiff and her attorneys have not fully completed their investigation of the facts relating

9   to this case.  It is anticipated that discovery, investigation, legal research, and analysis will supply

10   additional facts and potentially add meaning to known facts which could establish entirely new

11   factual conclusions and legal contentions.  As these responses are provided based upon

12   information presently available and specifically identified by Plaintiff, she reserves the right to

13   supplement, amend or modify the responses set forth below.  Plaintiff reserves her right to produce

14   at the time of trial additional information which may be discovered subsequent to the drafting and

15   service of these responses.

16   Nothing herein shall be construed as an admission by Plaintiff regarding the admissibility,

17   truth, or accuracy of any evidence, document, or any characterization contained or referenced in

18   these responses.

**RESPONSES TO INTERROGATORIES**

20   **INTERROGATORY NO. 1:**

21   Identify every date and time when you attempted to use your Dream Key pass to make a

22   reservation to visit a Disneyland Resort theme park.  For each date and time, identify (a) the days

23   for which you were attempting to make a reservation; (b) whether reservations were available to

24   your Dream Key pass for those days; (c) if so, whether you made reservations using your Dream

25   Key pass for those days; (d) if you did not make reservations using your Dream Key pass for those

26   days, why not; (e) if you did not make reservations using your Dream Key pass for those days,

27   whether you made reservations by means other than your Dream Key pass; (f) whether you visited

28   a Disneyland Resort theme park on the day or days for which you made a reservation; and (g) if

-1-

1   you did not visit a Disneyland Resort theme park on the day or days for which you made a

2   reservation, why not.

3   **RESPONSE TO INTERROGATORY NO. 1:**

4        Plaintiff objects that this interrogatory is compound and contains multiple subparts, each of

5   which is counted as a separate interrogatory for the purposes of Rule 33(a)(1).  Plaintiff further

6   objects to this interrogatory as overbroad and unduly burdensome.  Plaintiff finally objects that

7   this interrogatory is also vague and ambiguous as the phrase "attempting to make a reservation" is

8   undefined.

9        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

10   Since purchasing her Dream Key pass, Plaintiff has checked the Dream Key Pass reservation

11   website ("Reservation Website") on at least a weekly basis to determine reservation availability.

12   Sometimes, she visits the Reservation Website with the intention of attempting to make a

13   reservation for a specific date.  Other times, she visits the reservations website without a specific

14   date in mind in order to see what reservations are available to determine whether she is able to

15   visit the theme parks on one or more of the available days.  Plaintiff has not kept track of each day

16   she checked the Reservation Website and, therefore does not know all of the exact dates for which

17   she attempted to make reservations.  Each time Plaintiff checked the Reservation Website, there

18   were some days for which reservations were available but there were also days that were blocked

19   out and for which no reservations were available.  Plaintiff further answers the subparts of the

20   interrogatory as follows:

21       (a) Since purchasing her Dream Key pass, Plaintiff recalls attempting to make reservations

22           for a number of days including, but not limited to, the following: November 3, 2021;

23           November 11, 2021; November 18, 2021; December 13, 2021; December 29, 2021;

24           January 20, 2022; January 21, 2022; February 23, 2022; April 20, 2022; May 7, 2022;

25           July 4, 2022; July 5, 2022; July 7, 2022; and July 8, 2022.  In addition, Plaintiff would

26           have used her Dream Key Pass to make additional reservations had reservation dates

27           not been blocked out.

28

**PLAINTIFF JENALE NIELSEN'S SUPPLEMENTAL RESPONSES TO DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S INTERROGATORIES (SET ONE)**

1        (b) Of the specific dates for which Plaintiff recalls checking reservation availability,

2           reservations were not available for the following days: November 3, 2021; November

3           11, 2021; November 12, 2021; November 18, 2021; December 13, 2021; December 29,

4           2021; May 7, 2022; May 8, 2022.

5        (c) Plaintiff used her Dream Key Pass to make reservations for the following days: January

6           20, 2022; January 21, 2022; February 23, 2022; July 4, 2022, July 5, 2022; July 7,

7           2022; July 8, 2022.

8        (d) Plaintiff did not make reservations using her Dream Key Pass for the reservations listed

9           in paragraph (b) because no reservations were available on the Reservation Website.

10       (e) Plaintiff made reservations for the theme parks on some of the days listed in paragraph

11          (b) by making the reservations on Disney's general reservation website and purchasing

12          tickets as follows:  November 11, 2021; November 12, 20221; November 18, 2021;

13          May 7, 2022; May 8, 2022.

14       (f)  To the best of her recollection, Ms. Nielsen visited a theme park on the days for which

15          she made reservations.

16       (g) To the best of her recollection, Ms. Nielsen visited a theme park on the days for which

17          she made reservations.

18   **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 2:**

19       Plaintiff objects that this interrogatory is compound and contains multiple subparts, each of

20   which is counted as a separate interrogatory for the purposes of Rule 33(a)(1).  Plaintiff further

21   objects to this interrogatory as overbroad and unduly burdensome.  Plaintiff finally objects that

22   this interrogatory is also vague and ambiguous as the phrase "attempting to make a reservation" is

23   undefined.

24       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

25   Since purchasing her Dream Key pass, Plaintiff has checked the Dream Key Pass reservation

26   website ("Reservation Website") on at least a weekly basis to determine reservation availability.

27   Sometimes, she visits the Reservation Website with the intention of attempting to make a

28   reservation for a specific date.  Other times, she visits the reservations website without a specific

1  date in mind in order to see what reservations are available to determine whether she is able to

2  visit the theme parks on one or more of the available days.  Plaintiff has not kept track of each day

3  she checked the Reservation Website and, therefore does not know all of the exact dates for which

4  she attempted to make reservations.  Each time Plaintiff checked the Reservation Website, there

5  were some days for which reservations were available but there were also days that were blocked

6  out and for which no reservations were available.  Plaintiff further answers the subparts of the

7  interrogatory as follows:

8      (a) Since purchasing her Dream Key pass, Plaintiff recalls attempting to make reservations

9          for a number of days including, but not limited to, the following: November 3, 2021;

10         November 11, 2021; November 18, 2021; December 13, 2021; December 29, 2021;

11         January 20, 2022; January 21, 2022; February 23, 2022; April 20, 2022; May 7, 2022;

12         July 7, 2022; and July 8, 2022; August 4, 2022; August 5. 2022; September 19, 2022;

13         September 17, 2022; September 18, 2022.  In addition, Plaintiff would have used her

14         Dream Key Pass to make additional reservations had reservation dates not been

15         blocked out.

16     (b) Of the specific dates for which Plaintiff recalls checking reservation availability,

17         reservations were not available for the following days: November 3, 2021; November

18         11, 2021; November 12, 2021; November 18, 2021; December 13, 2021; December 29,

19         2021; May 7, 2022; May 8, 2022.

20     (c) Plaintiff used her Dream Key Pass to make reservations for the following days: January

21         20, 2022; January 21, 2022; February 23, 2022; July 7, 2022; July 8, 2022; August 4,

22         2022; August 5; 2022; September 16, 2022; September 17, 2022.

23     (d) Plaintiff did not make reservations using her Dream Key Pass for the reservations listed

24         in paragraph (b) because no reservations were available on the Reservation Website.

25     (e) Plaintiff made reservations for the theme parks on some of the days listed in paragraph

26         (b) by making the reservations on Disney's general reservation website and purchasing

27         tickets as follows:  November 11, 2021; November 12, 20221; November 18, 2021;

28         May 7, 2022; May 8, 2022.

-4-

1       (f) & (g)     To the best of her recollection, Ms. Nielsen visited a theme park on the days

2       for which she made reservations whenever she was able to keep the reservation.   To

3       the best of her recollection, Ms. Nielsen sometimes made reservations in the hope that

4       she would be able to visit the theme parks.  If, however, she was unable to visit, she

5       would cancel the reservations.  On two occasions that she can recall—May 6, 2022 and

6       September 18, 2022, Ms. Nielson neglected to cancel her previously made reservations

7       even though she was unable to visit the theme parks.

8 **INTERROGATORY NO. 2:**

9       Identify all dates from May 1, 2021 to the present that you visited Disneyland Park or

10 California Adventure Park and the type of ticket that you used to enter the Park.

11 **RESPONSE TO INTERROGATORY NO. 3:**

12       Plaintiff objects that this interrogatory is compound, overbroad, and unduly burdensome.

13 Plaintiff also objects to this interrogatory as vague and ambiguous as the terms "visited" and "type

14 of ticket" are undefined.  Plaintiff understands those terms to mean the instances she accessed

15 either Disneyland Park or California Adventure Park either by purchasing an individual

16 Admission Ticket or by using her Dream Key pass.

17       Subject to and without waiving the foregoing objections, Ms. Nielsen responds as follows:

18 May 24, 2021 (1-day Tier 3 Ticket); November 11, 2021 (Merriest of Nights Ticket); November

19 12, 2021 (1-Day Tier 5 Ticket); November 18, 2021 (1 day Tier 3 Ticket); January 20, 2022

20 (Dream Key); January 21, 2022 (Dream Key); May 7, 2022 (1 Day Tier 3 Ticket); May 8, 2022 (1

21 Day Tier 3 Ticket); July 3, 2022 (Dream Key); and July 4, 2022 (Dream Key).

22 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 4:**

23       Plaintiff objects that this interrogatory is compound, overbroad, and unduly burdensome.

24 Plaintiff also objects to this interrogatory as vague and ambiguous as the terms "visited" and "type

25 of ticket" are undefined.  Plaintiff understands those terms to mean the instances she accessed

26 either Disneyland Park or California Adventure Park either by purchasing an individual

27 Admission Ticket or by using her Dream Key pass.

28

1         Subject to and without waiving the foregoing objections, Ms. Nielsen responds as follows:

2   May 24, 2021 (1-day Tier 3 Ticket); November 11, 2021 (Merriest of Nights Ticket); November

3   12, 2021 (1-Day Tier 5 Ticket); November 18, 2021 (1 day Tier 3 Ticket); January 20, 2022

4   (Dream Key); January 21, 2022 (Dream Key); May 7, 2022 (1 Day Tier 3 Ticket); May 8, 2022 (1

5   Day Tier 3 Ticket); July 7, 2022 (Dream Key); July 8, 2022 (Dream Key); August 4, 2022 (Dream

6   Key); August 5, 2022 (Dream Key); September 16, 2022 (Dream Key); September 17, 2020

7   (Dream Key).

8

9   Dated: March 13, 2023                          VENTURA HERSEY & MULLER LLP

10

11                                        By:    _____
                                                 DANIEL J. MULLER

12                                               Attorneys for Plaintiff and the Proposed Class

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF JENALE NIELSEN'S SUPPLEMENTAL RESPONSES TO DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S INTERROGATORIES (SET ONE)**