DANIEL J. MULLER, SBN 193396
dmuller@venturahersey.com
ANTHONY F. VENTURA, SBN 191107
aventura@venturahersey.com
VENTURA HERSEY & MULLER, LLP
1506 Hamilton Avenue
San Jose, California 95125
Telephone:  (408) 512-3022
Facsimile:  (408) 512-3023

Nickolas J. Hagman (*admitted pro hac vice*)
nhagman@caffertyclobes.com
CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Telephone:(312) 782-4880
Facsimile: (312) 782-4485

Attorneys for Plaintiff Jenale Nielsen &
the Proposed Class

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENALE NIELSEN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., Inc., a Florida Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:21-cv-02055-DOC-ADS<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**<br><br>Date:   July 28, 2023<br>Time:   8:30 a.m.<br>Judge:  Hon. David O. Carter<br>Court:  9D |

# Table of Contents

I.     INTRODUCTION ................................................................................ 1

II.    FACTS .............................................................................................. 2

      A.     Plaintiff Disclosed the "Benefit of the Bargain" Damages Theory ............... 2

      B.     Case Scheduling Orders ...................................................... 4

III.   ARGUMENT ...................................................................................... 6

      A.     Disney's Motion is Not Properly Before the Court and Must be Stricken for Failure Comply with the Court's Procedures and the Local Rules .................................................................................. 7

      B.     Plaintiff's Disclosure of the Mills Declaration was Substantially Justified.................................................................................... 8

      C.     Plaintiff's Disclosure is Harmless Because Disney has Long Been Aware of the "Benefit of the Bargain" Damages Theory ........................... 11

           1.     There Is No Prejudice Or Surprise Because Disney Knew Of The Damages Theory Through Written Discovery And From The Parties' Mediation ............................................. 12

           2.     There Is No Prejudice Or Surprise Because Disney Possessed The Documents That Form The Basis Of Plaintiff's Damage Theory And The Mills Declaration For The Entire Case ............... 14

           3.     There Is No Prejudice Or Surprise Because Disney Knew Of The Damages Theory Through Deposition Testimony Of Its Rule 30(b)(6) Witness ..................................... 15

           4.     There Is No Prejudice Or Surprise Because Expectation Damages Are Authorized By Statute ................................. 16

      D.     The Parties Cured Any Potential Prejudice Resulting From The Mills Declaration By Engaging In Fulsome Expert Discovery ........................... 17

      E.     There Is No Bad Faith Or Willfulness.................................... 19

      F.     The Court Should Not Exclude The Mills Declaration .................... 20

IV.   CONCLUSION .................................................................................. 20

## Table of Authorities

<u>Cases</u>

*Drayton v. Eastlink Prods., Inc.*, No. 17-cv-06408, 2018 WL 5264131, at *4 (C.D. Cal. Oct. 15, 2018) ............................................................................................................ 14

*Focal Point Films, LLC v. Sandhu*, 19-cv-02898, 2020 WL 5760355, at *3 (N.D. Cal. Sept. 28, 2020) ................................................................................. 13, 14

*Gryglak v. HSBC Bank USA, N.A.*, 22-cv-15630, 2023 WL 3243998, at *2 (9th Cir. May 4, 2023) ............................................................................................ 6, 12

*Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994) .................................... 7

*In re Namco Capital Group Inc.*, 2014 WL 12613304, at *4; fn. 3 (C.D. Cal. Aug. 21, 2014) ........................................................................................ 12

*Insight Psychol. and Addiction, Inc. v. City of Costa Mesa*, 20-cv-00504, 2021 WL 878467, at *2; *5 (C.D. Cal. Jan. 15, 2021) ........................................... 8

*Ketab Corp. v. Mesriani L. Group*, 14-cv-07241, 2016 WL 5921767, at *2 (C.D. Cal. Mar. 18, 2016) ........................................................................................ 6

*Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010) ....................... 6

*Lopez v. Pima County*, 2011 WL 6001622, at *1 (D. Ariz. Dec. 1, 2011)........................... 12

*M.H. v. City of San Bernardino*, 20-cv-0242, 2020 WL 3833602, at *4 (C.D. Cal. July 8, 2020) ...................................................................................... 6, 20

*Maharaj v. California Bank and Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013)................ 14

*Maldonado v. Apple, Inc.*, 333 F.R.D. 175, 192 (N. D. Cal. 2019)........................... 2, 3, 13

*Manneh v. Inverness Medical Innovations, Inc.*, No. 08-cv-653, 2010 WL 3212129, at *3 (S.D. Cal. Aug. 12, 2010)...................................................... 14

*Mass Probiotics, Inc. v. Aseptic Tech., LLC*, 2017 WL 10621233 (C.D. Cal. Dec. 21, 2017)............................................................................... 6, 18

*Moore v. Centrelake Medical Group, Inc.*, 83 Cal. App. 5th 515, 530-32 (2022).............. 17

*Multibank 2009-1 RES-ADC Venture, LLC v. San Diego Community Hous. Corp.*, 09-cv-2880, 2011 WL 2970921, at *4 (S.D. Cal. July 20, 2011) ............................ 10

*Nat'l. R.R. Passenger Corp. v. Young's Com. Transfer, Inc.*, 13-cv-01506, 2016 WL 1573262 (E.D. Cal. Apr. 19, 2016) ............................................................. 18

*Nguyen v. Nissan N. A., Inc.*, 932 F. 3d 811, 818 (9th Cir. 2019) ............................... 2, 3, 13

*NW Pipe Co. v. DeWolff, Boberg and Associates, Inc.*, 10-cv-0840, 2012 WL 137585, at *3 (C.D. Cal. Jan. 17, 2012)...................................................... 7

*R & O Constr. Co. v. Rox Pro Int'l Grp.*, No. 09-cv-1749,
    2011 WL 2923703, at *3 (D. Nev. July 18, 2011) .................................................. 6

*Silva v. Domino's Pizza*, 18-cv-02145, 2019 WL 7940678, at *2
    (C.D. Cal. Sept. 6, 2019) ............................................................................................ 8

*Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) .............................. 6

*Sowell v. United Container Machinery, Inc.*, 2002 WL 31466439
    (D. Kan. Nov. 1, 2002) ............................................................................................ 10

*Undiscovered Corp. v. Heist Studios*, 18-cv-5719, 2019 WL 8219489, at *3-*4
    (C.D. Cal. Oct. 1, 2019) .......................................................................................... 14

*Unicon Fin. Services, Inc. v. InterCept*, 04-cv-07965,
    2006 WL 8431500, at *15 (C.D. Cal. Jan. 17, 2006) .............................................. 14

*Unicon Fin. Services, Inc. v. InterCept, Inc.*, 256 Fed. Appx. 27 (9th Cir. 2007) .............. 14

*Valley Surgical Ctr. v. County of Los Angeles*, 2017 WL 10574240, at *2
    (C.D. Cal. June 29, 2017) ........................................................................................ 12

*Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997) ........................................ 7, 20

*Williams v. Apple*, 338 F.R.D. 629, 652 (N.D. Cal. May 28, 2021) .................................. 17

*Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) ........... 6

*Zucchella v. Olympusat, Inc.*, 19-cv-7335, 2023 WL 2628107, at *18
    (C.D. Cal. Jan. 10, 2023) ........................................................................................ 14

### Rules

Federal Rule of Civil Procedure 26 ........................................................................... 8, 16

Federal Rule of Civil Procedure 37 ................................................................................ 20

Central District Local Rule 37 ..................................................................................... 7, 8

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE**

## I.    INTRODUCTION

Disney's Rule 37 Motion ("Motion") seeks to exclude a damages theory that Disney has been aware of since the early stages of this case. Disney knew that Plaintiff was pursuing a "benefit-of-the-bargain" damages theory well before Plaintiff submitted her damage expert report in support of Plaintiff's Motion for Class Certification on April 24, 2023. Plaintiff disclosed this "benefit of the bargain" theory to Disney at mediation and in the parties' subsequent correspondence and through discovery, including Plaintiff's answers to interrogatories, responses to requests for production, depositions, and ultimately, through the declaration of her expert, economist Robert Mills ("Mills Declaration"). Disney's Motion also requests the extreme sanction of excluding an expert disclosure that presents *no prejudice or harm to Disney*. Contrary to Disney's arguments, Rule 37 exclusion sanctions are neither mandatory nor automatic. Rather, courts maintain discretion regarding whether and how to impose sanctions under Rule 37. Moreover, a court may not impose a sanction on a party for failure to disclose pursuant to Rule 26 when the non-disclosure was substantially justified or harmless. Disney's *own conduct* obviates the need for its Motion, proves the harmlessness of the timing of the Mills Declaration, and wastes the Court's and the parties' resources because Disney has already submitted its own damage expert report and presented its expert for deposition.

The Court should deny both of Disney's requests to exclude Plaintiff's damages theory and its request to exclude the Mills Declaration. As a threshold matter, Disney's Motion is not properly before the Court. Disney did not comply with the Court's Standing Order because it failed to submit the joint stipulation required by Local Rule 37-2.4. The Court should also deny Disney's request to exclude Plaintiff's damages theory because Plaintiff timely disclosed her theory under Rule 26 through formal discovery, at mediation, and in conversation between counsel immediately following the parties' mediation in September 2022. Finally, denial of Disney's Motion to exclude the Mills Declaration is appropriate because Plaintiff's disclosure

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE**

was substantially justified and harmless.

## II. FACTS

### A. Plaintiff Disclosed the "Benefit of the Bargain" Damages Theory

Plaintiff served her Rule 26 initial disclosures well over one year ago, on April 14, 2022.[1] Less than three months later, on July 6, 2022, Plaintiff responded to Disney's Interrogatory No. 4 which asked Plaintiff to "[i]dentify and describe all damages, injuries, or harm to you or the putative class that you alleged was caused by WDPR's conduct as alleged in this action."[2] Plaintiff responded that "Plaintiff and members of the Class paid $1,399.00 for each Dream Key Pass, which did not provide access to the theme park as promised. As a result, *the value of the Dream Key Passes that Ms. Nielsen and Class members purchased was far less than the price they paid*."[3]

Some two months later, on September 19, 2022, the parties mediated this matter before the Honorable Suzanne H. Segal (Ret.). In connection with the mediation, and in subsequent correspondence, Plaintiff repeatedly asserted and adopted a "benefit of the bargain" damages theory.[4] In fact, Plaintiff's counsel ███████████████████ ██████████████████████████████████████████.[5] ████████████████████ ██████ cited both *Nguyen v. Nissan N. A., Inc.,* 932 F. 3d 811, 818 (9th Cir. 2019), and *Maldonado v. Apple, Inc.*, 333 F.R.D. 175, 192 (N. D. Cal. 2019), as the basis for Plaintiff's damage theory and explained that, in the litigation, Plaintiff seeks the difference between what she and her fellow class members paid for their Dream Key passes and the actual value of the passes they received.[6] ████████████████

---

[1] *See* Declaration of Daniel Muller ("Muller Decl.") at Ex. A.
[2] See Muller Decl. at Ex. B.
[3] *Id*. (emphasis added)
[4] Muller Decl. ¶ 4.
[5] Muller Decl. ¶ 5.
[6] Muller Decl. ¶ 5.  *Nguyen* and *Maldonado* feature prominently in Ms. Nielsen's papers requesting certification and, along with other cases, provide support for her contract-based and CLRA damage theories.  Upon reading these cases, Disney's counsel was on notice of Ms. Nielsen's damages theory.

1   ████████████████████████████████████████████████████████

2   ████████████████████████████████████.[7]

3       Counsel for Plaintiff, still concerned that Disney's counsel did not understand

4   Plaintiff's damages theory, ██████████████████████████████████

5   ████████████████████████████████████.[8] ████████████

6   █████████████████████████████████████████████████████████

7   █████████████████████████████████████████████████████████

8   ██████████████████████████.[9] ██████████████████████████

9   █████████████████████████████████████████████████████████

10  ████████████████.[10] ███████████████████████████████████

11  █████████████████████████████████████████████████████████

12  █████████████████████████████████████████████████████████

13  ████████████████████████████████.[12]

14      Thereafter, Plaintiff served on Disney requests for production dated October

15  26, 2022, requesting documents reflecting the "methods and/or formula that Disney

16  uses to determine whether to make reservations available to passholders of the Believe

17  Keys, Enchant Keys, and Imagine Keys."[13] On January 20, 2023, Plaintiff served on

18  Defendant additional request for production, requesting, among other things,

19  communications concerning "the price of and benefits associated with Dream Key

20  passes" and "documents concerning any analysis performed by Disney concerning

21  the Magic Key passes prior to the introduction of the Magic Key passes, including but

22  not limited any conjoint analysis, customer survey, or market research."[14]

---

23  [7] Muller Decl. ¶ 5.

24  [8] Muller Decl. ¶ 6.

25  [9] *Id.*

    [10] *Id.*

26  [11] *Id.*

27  [12] Muller Decl. ¶ 7.

    [13] Muller Decl. ¶ 9, Ex. C, Request No. 21.

28  [14] Muller Decl. ¶ 10; Ex. D, Request Nos. 26 and 23, respectively.

### B.    Case Scheduling Orders

On June 23, 2022, the Court entered a scheduling order providing for a March 17, 2023 discovery deadline, which "include[d] expert discovery, unless otherwise ordered by the Court[.]" ECF. No. 51. Critically, that Scheduling Order's discovery deadline was scheduled to occur *after* the parties briefed class certification, including their expert reports. *Id*. Several months later, in June, the Court ordered the parties to mediation. ECF No. 49. Disney's 30(b)(6) witness was unavailable until after the mediation. The parties stipulated to a schedule change so that they could focus on mediation and to accommodate Disney's witness. ECF No. 57. Like the Scheduling Order before it, the modified Order scheduled the discovery deadline to occur *after* class certification briefing, again allowing the parties to submit their expert reports with their class certification briefing. ECF No. 58.

In January 2023, the parties agreed to adjust the case schedule based on an unexpected personal emergency for one of Plaintiff's lawyers.  ECF. No. 59.[15] On January 19, 2023, per the parties' agreement, the Court entered the Scheduling Order at issue, ECF. No. 60, which, in contrast to both schedule changes submitted by the parties before, did not move the discovery cut-off date so that it would occur after briefing on class certification. *Compare* ECF 28 and ECF 45 (Joint Rule 26(f) Scheduling Proposals where parties agreed that discovery cut-off should occur *after* class certification briefing), *with* ECF. No. 60.  From Plaintiff's perspective, the failure to address expert discovery deadlines in the January 2023 schedule change was inadvertent.[16]

On April 5, 2023, Plaintiff's counsel contacted Disney's counsel regarding the scheduling order.[17] Plaintiff's counsel explained that the current Scheduling Order led to a result unintended by the parties (with the close of discovery now occurring, for

---

[15]  Muller Decl. ¶ 11.

[16]  Muller Decl. ¶ 12.

[17]  *See* Muller Decl. ¶ 12.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE

the first time, before class certification briefing and expert disclosure), and noted that "the current state of things is that the parties still have time to disclose experts, but no party will be allowed to depose the other party's expert. We think that this result was not the intention of the parties when they changed some of the discovery deadlines."[18] Accordingly, Plaintiff proposed a joint stipulation conforming the schedule to all prior schedules by providing for Plaintiff to file her expert's report along with her motion for class certification, then making Mr. Mills available for deposition, permitting Disney to file any expert report with its opposition to class certification, and allowing Plaintiff to depose Disney's expert prior to filing its class certification reply brief.

Disney refused the proposed stipulation.[19]  Nevertheless, the parties proceeded along *the exact track* Plaintiff proposed. Plaintiff filed the Mills Declaration with her motion for class certification on April 24, 2023,[20] and Disney deposed Mr. Mills on May 23, 2023. Disney then submitted with its opposition to the motion for class certification the expert report of Rebecca Kirk Fair, and Plaintiff deposed Ms. Kirk Fair on June 27, 2023. Plaintiff filed Mr. Mills' rebuttal declaration on July 7, 2023, along with Plaintiff's Reply in Support of Class Certification. ECF No. 72.  Expert discovery has been fully conducted and the hearing on Plaintiff's Motion for Class Certification is still weeks away.

---

[18] *Id.*, Exh. E.

[19] *Id.*

[20] ███████████████████████████████████████████████████████

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## III.   ARGUMENT

The purpose of Federal Rule of Civil Procedure 26(a)'s initial disclosure requirement is to "accelerate the exchange of basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." *Ketab Corp. v. Mesriani L. Group*, 14-cv-07241, 2016 WL 5921767, at *2 (C.D. Cal. Mar. 18, 2016) (internal citation and quotations omitted). Courts apply Rule 26 "with an eye toward common sense, keeping in mind the purposes that the Rules are intended to accomplish." *Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 240 (D. Nev. 2017) (internal quotations omitted). Courts may not impose exclusion sanctions under Rule 37 where the failure to disclose was "substantially justified or is harmless." Fed. R. Civ. P. 37(c). "This is an either/or standard," a party must only show that its failure was either harmless, or substantially justified, to avoid exclusion." *R & O Constr. Co. v. Rox Pro Int'l Grp.*, No. 09-cv-1749, 2011 WL 2923703, at *3 (D. Nev. July 18, 2011). The Ninth Circuit weighs the following factors in determining whether a discovery violation is harmless: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence." *Gryglak v. HSBC Bank USA, N.A.*, 22-cv-15630, 2023 WL 3243998, at *2 (9th Cir. May 4, 2023) (quoting *Lanard Toys, Ltd. v. Novelty, Inc.*, 375 Fed. Appx. 705, 713 (9th Cir. 2010)).

Exclusion sanctions are not mandatory, even when the insufficient disclosures are not substantially justified or harmless. *Mass Probiotics, Inc. v. Aseptic Tech.*, LLC, 16-cv-01394, 2017 WL 10621233, at *4 (C.D. Cal. Dec. 21, 2017) (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001)). The appropriateness of a sanction is within the discretion of the Court. *Id*. Exclusion sanctions under Rule 37(c)(1) are generally limited to "extreme situations." *M.H. v. City of San Bernardino*, 20-cv-0242, 2020 WL 3833602, at *4 (C.D. Cal. July 8, 2020) (quotation omitted). The Ninth Circuit requires courts to analyze the following factors

-6-

in determining the appropriateness of discovery sanctions: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *NW Pipe Co. v. DeWolff, Boberg and Associates, Inc.*, 10-cv-0840, 2012 WL 137585, at *3 (C.D. Cal. Jan. 17, 2012) (citing *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997)). While a finding of bad faith is not a requirement for imposing Rule 37 sanctions, good or bad faith may be a consideration in determining whether imposition of sanctions would be unjust. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1171 (9th Cir. 1994), as amended (July 25, 1994).

### A. Disney's Motion is Not Properly Before the Court and Must be Stricken for Failure Comply with the Court's Procedures and the Local Rules

The Court should strike Disney's Motion because it fails to comply with the Local Rules. The Court's Procedures require that "[a]ll discovery motions are to be calendared before the assigned Magistrate Judge[]" and are "directed to the procedures in Local Rule 37." (Carter J. Procedure No. 2 – Discovery motions in a civil case). Local Rule 37 requires that a joint stipulation specifying all issues in dispute be filed and served with the notice of motion, be signed by counsel for both parties, and contain "all declarations and exhibits" to be offered in support of both the moving and opposing party's position. See L.R. 37-2.2. Importantly, Local Rule 37-2.4 states that "[t]he Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner under L.R. 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner under L.R. 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. L.R. 37-2.4 (emphasis added). Only after the Joint Stipulation is filed may each party file a supplemental memorandum of law that does not exceed five pages in length. L.R. 37-2.3.

Here, Disney failed to follow and ignored all of the requirements in the Court's

Procedures or the Local Rules. Disney failed to refer its Motion to the assigned magistrate, never made any effort toward filing the mandatory joint stipulation, and failed to file the required joint stipulation. Accordingly, Disney's Motion is not properly before the Court, and should be denied. *See Silva v. Domino's Pizza*, 18-cv-02145, 2019 WL 7940678, at *2 (C.D. Cal. Sept. 6, 2019) (denying discovery motion for failure to provide L.R. 37-2 joint stipulation); *Insight Psychol. and Addiction, Inc. v. City of Costa Mesa*, 20-cv-00504, 2021 WL 878467, at *2; *5 (C.D. Cal. Jan. 15, 2021) (denying discovery motion for failure to comply with L.R. 37-2.4 and noting that "[c]ourts deny discovery motions for failure to comply with the Local Rules' requirements for such motions.").

### B.   Plaintiff's Disclosure of the Mills Declaration was Substantially Justified

The disclosure of Mr. Mills' Declaration at the time Plaintiff filed her Motion for Class Certification was substantially justified.  Disney's arguments to the contrary omit the all-important context surrounding this issue, including the procedural history of this case.

First, the disclosure of the Mills Declaration contemporaneously with the filing of the Motion for Class Certification complies with the Court's orders.  In its Initial Scheduling Order, the Court ordered "the sequence of disclosures as provided by Fed. R. Civ. Proc. 26(a)(2)(D), unless the parties otherwise stipulate in writing and obtain the Court's approval." *See* Scheduling Order & Order RE: Pretrial and Trial Procedures, ECF. 51 at 3. Rule 26(a)(2)(D)(i) requires expert disclosure "at least 90 days before the date set for trial," and trial in this case is set for October 16, 2023. *See* Order RE: Application for a Trial Continuance and Joint Stipulation Regarding Same, ECF. No. 60 at 2. Consequently, under the Court's Scheduling Order and Rule 26, expert reports must be disclosed by July 18, 2023. Plaintiff's disclosure of Mr. Mills' declaration on April 24, 2023 was, therefore, timely.

Plaintiff, of course, understands that the timely disclosure of expert reports

without any opportunity to conduct expert discovery was neither what the Court intended nor what the parties contemplated.  Plaintiff intended for expert reports to be filed, and the experts disclosed, before the hearing on Plaintiff's Motion for Class Certification, so that the Court can decide the motion on a complete record.  The scheduling quirk created by the parties' oversight was unfortunate, but correctable.  It is for that reason that, when the issue regarding the disconnect between the disclosure deadline and the discovery cutoff dated emerged, Plaintiff's counsel proposed requesting a change to the discovery cutoff date so that the parties would have the opportunity to conduct expert discovery prior to the hearing on class certification, the exact order that the parties had agreed to on multiple prior occasions.  Disney refused, but that does not change the fact that both expert reports were disclosed by the parties well before the 90-day deadline imposed by Rule(a)(2)(D)(i), and neither report should be excluded as untimely.

Even under Disney's reading of the Scheduling Order, Plaintiff's disclosure of the Mills Declaration is nonetheless justified, given the context of the prior scheduled changes.  Every Scheduling Order entered prior to the January 19, 2023 Scheduling Order allowed for the submission of expert disclosures along with class certification briefing and for a discovery cut-off (expert or otherwise) occurring *after* the parties fully briefed class certification.  The briefing schedules for the class certification motion likewise always provided for extended periods to prepare the opposition and reply briefs, as the parties expected that expert depositions would take place in between the filing of the moving papers and the opposition papers and, then again, between the filling of the opposition papers and the filing of the reply papers. *See* ECF No. 51; ECF No. 58. Not only did all other Scheduling Orders reflect that exact order of events, but so too did every Joint Rule 26(f) report that the parties filed in this case. See ECF No. 28; ECF No. 45.

The Rule 26(f) joint proposed schedules and prior Scheduling Orders entered in the case demonstrate the parties' views that class certification briefing and related

expert disclosures and resulting depositions should all occur before the close of discovery:

| Filing | Motion for Class Certification | Discovery Cut-Off |
|---|---|---|
| March 14, 2022 Joint Rule 26(f) report (ECF. No. 28) | October 4, 2022, or 180 days from the motion to dismiss decision if discovery is stayed | May 8, 2023, or 360 days from the motion to dismiss decision if discovery is stayed. |
| June 7, 2022 Joint Rule 26(f) Report (ECF No. 45) | December 6, 2022 | July 14, 2023 |
| June 23, 2022 Original Scheduling Order (ECF No. 51) | November 1, 2022 | March 17, 2023 |
| September 2, 2022 Order Granting Joint Stipulation Requesting Schedule Change (ECF No. 58) | January 24, 2023 | April 4, 2023 |
| January 18, 2023 Order re: Application for a Trial Continuance and Joint Stipulation Regarding Same (ECF No. 60) | April 24, 2023 | April 4, 2023 |

Plaintiff's conduct is substantially justified because it comports with the basic litigation sequence agreed to by the parties—and ordered by the Court—at the outset of the litigation. Substantial Justification exists where reasonable people can differ as to the appropriateness of particular conduct and where there is a genuine issue regarding compliance with Rule 26's discovery requirements. *See Multibank 2009-1 RES-ADC Venture, LLC v. San Diego Community Hous. Corp.*, 09-cv-2880, 2011 WL 2970921, at *4 (S.D. Cal. July 20, 2011) (citing *Sowell v. United Container Machinery, Inc.*, 2002 WL 31466439 (D. Kan. Nov. 1, 2002) (finding "substantial justification" under Rule 37 is satisfied where there is genuine issue concerning

1   compliance with discovery obligations pursuant to Rule 26)).

2       Plaintiff's disclosure of the Mills Declaration is substantially justified because

3   it is more consistent with the Scheduling Order than the interpretation offered by

4   Disney.  As Disney would have it, the parties could have disclosed their experts on

5   April 4, 2023, in accordance with the Scheduling Order.  Discovery would then have

6   cut-off immediately and neither party would have been able to depose their

7   opponent's experts. That, surely, is not the result contemplated by the Court and, for

8   certain, was not the expectation of the parties when they negotiated and agreed to all

9   prior iterations of the case schedule.

10       Disney's interpretation of the schedule is also unreasonable because Disney did

11   not produce its ████████████ until March 9, 2023, and Disney's corporate

12   representative concerning those same documents—Wendy Jackson—was not

13   available for deposition until March 17, 2023.  It would have been impossible for

14   Mr. Mills to provide his declaration any sooner than he did.

15/16   **C.   Plaintiff's Disclosure is Harmless Because Disney has Long Been Aware of the "Benefit of the Bargain" Damages Theory**

17       Disney's Motion should also be denied because Disney did not suffer any harm

18   or unfair surprise. Disney knew about the "benefit of the bargain" damages theory

19   from the early stages of the case, having learned of her theory from Plaintiff's

20   statements and representations in connection with mediation and discovery.

21   Moreover, Disney has not suffered any prejudice because it deposed Mr. Mills prior

22   to the filing of Disney's opposition to the class certification motion and disclosed its

23   own expert report for an expert whose firm was retained in 2022.[21]

24       Courts in this Circuit consider four factors in determining whether a discovery

25   violation is harmless: (1) the prejudice or surprise to the party against whom the

26   evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood

---

28   [21] Kirk Fair Depo 19:10-20:1.

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE**

of disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the evidence. *Gryglak v. HSBC Bank USA, N.A.* 2023 WL 3243998, at *2 (9th Cir. May 4, 2023). None of those factors favors Disney.

### 1. There Is No Prejudice Or Surprise Because Disney Knew Of The Damages Theory Through Written Discovery And From The Parties' Mediation

Disney knew Plaintiff's damages theory as early as July 6, 2022, when Plaintiff answered Disney's Interrogatory requesting Plaintiff to "describe all damages, injuries, or harm to you or the putative class that you alleged was caused by WDPR's conduct as alleged in this action."[22] Plaintiff responded to that Interrogatory as follows: "Plaintiff and members of the Class paid $1,399.00 for each Dream Key Pass, which did not provide access to the theme parks as promised. As a result, ***the value of the Dream Key Passes that Ms. Nielsen and Class members purchased was far less than the price they paid***."[23] *See Valley Surgical Ctr. v. County of Los Angeles*, 2017 WL 10574240, at *2 (C.D. Cal. June 29, 2017) (noting that "the fact that the damages disclosure is made in an interrogatory response rather than a supplement to the initial disclosure is not disqualifying.").

The parties specifically engaged with Plaintiff's damage theory during mediation, when the parties exchanged views regarding Plaintiff's "benefit of the bargain" damages theory, putting Disney on notice of Plaintiff's theory. *See, e.g., In re Namco Capital Group Inc*., 2014 WL 12613304, at *4; fn. 3 (C.D. Cal. Aug. 21, 2014) (finding harmlessness, in part, because the parties had conducted a mediation where the defendant learned about the allegedly non-disclosed damages claim and "*had ample time to conduct and complete discovery, including expert discovery . . . but chose not to do so*" and finding defendant's knowledge of the damages "prior to the close of discovery [] pertinent to the harmlessness inquiry") (emphasis added)); *Lopez v. Pima County*, 2011 WL 6001622, at *1 (D. Ariz. Dec. 1, 2011) (finding

---

[22] *See* Muller Decl, ¶ 3, Exh. B, Pl.'s Resp. and Objection to Def's Interrog.  No. 4.
[23] *Id.* (emphasis added).

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE

harmlessness, in part, because plaintiff engaged in mediation with the defendant where parties conducted discussion specific to damages putting defendant on notice of damages at issue).

After the mediation, ████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████.[25] It is absurd for Disney to now claim that it was not aware of Plaintiff's damage theory.

On January 20, 2023, Plaintiff served additional interrogatories and document requests on Disney, seeking information concerning the specific costs of parking at the Disneyland and California Adventure parks, and requesting documents concerning customer surveys, conjoint analyses, and market research concerning the Magic key passes, including "[a]ll internal communication concerning the price of and benefits associated with Dream Key passes."[26] These requests clearly indicate that Plaintiff was seeking to determine the amount that she and Class members overpaid for the Dream Key passes. *See Focal Point Films, LLC v. Sandhu*, 2020 WL 5760355, at *3 (N.D. Cal. Sept. 28, 2020) (holding that expert report with detailed damages calculations disclosed after close of fact discovery constituted proper supplement to initial disclosures because the "theory was apparent . . . early in the case[]" and because "discovery [was] aimed at developing a damages calculation.").

---

[24]  Muller Decl. ¶ 6.

[25]  Muller Decl. ¶ 6.

[26]  *See* Muller Decl. ¶ 13, Exh. F, Request No. 8; Muller Decl. ¶ 10; Ex. D Request No. 26.

**2.      There Is No Prejudice Or Surprise Because Disney Possessed The Documents That Form The Basis Of Plaintiff's Damage Theory And The Mills Declaration For The Entire Case**

Plaintiff's "benefit of the bargain" damages approach, of course, is in large part based upon information and documents that Disney possessed during the entire case: ██████████████. *See Zucchella v. Olympusat, Inc.*, 19-cv-7335, 2023 WL 2628107, at *18 (C.D. Cal. Jan. 10, 2023) (finding disclosure of damages after the close of discovery untimely, but harmless, because the defendant possessed the information on which the plaintiff's damages were calculated, could have gathered the information, and had ample time to review the document and prepare for the expert's cross examination); *Unicon Fin. Services, Inc. v. InterCept*, 04-cv-07965, 2006 WL 8431500, at *15 (C.D. Cal. Jan. 17, 2006), *aff'd sub nom. Unicon Fin. Services, Inc. v. InterCept, Inc.*, 256 Fed. Appx. 27 (9th Cir. 2007) (finding harmlessness and declining to exclude damages computation because the defendant had "since the beginning of the litigation, been in possession of records that would have permitted it to conduct the calculation itself."); *Focal Point Films, LLC v. Sandhu*, 19-cv-02898, 2020 WL 5760355, at *3 (N.D. Cal. Sept. 28, 2020) (same); *Undiscovered Corp. v. Heist Studios*, 18-cv-5719, 2019 WL 8219489, at *3-*4 (C.D. Cal. Oct. 1, 2019) (finding no harm or prejudice because defendant had been on notice of plaintiff's damages theory from the onset of the case and because both parties knew what information plaintiff would rely on to satisfy its burden on proving damages); *Drayton v. Eastlink Prods., Inc.*, No. 17-cv-06408, 2018 WL 5264131, at *4 (C.D. Cal. Oct. 15, 2018) ("Courts have not held plaintiffs' damages disclosures to particularly stringent standards when a defendant possesses information allowing it to calculate damages."); *Manneh v. Inverness Medical Innovations, Inc.*, No. 08-cv-653, 2010 WL 3212129, at *3 (S.D. Cal. Aug. 12, 2010) (holding late disclosure harmless and noting that there is no unfair surprise where the opposing party has the relevant documents in its possession and the party knew the topics were at issue.) *Maharaj v. California Bank and Trust*, 288 F.R.D. 458, 463 (E.D. Cal. 2013)

-14-

("Although Plaintiff's disclosures do not provide an analysis of her computation of . . . damages, Plaintiff has shown that her failure to disclose that analysis is harmless since the information on which these damages are calculated is already in Defendant's possession."). ████████████████████████████████████████████

████████████████████████████████████████████████.

### 3. There Is No Prejudice Or Surprise Because Disney Knew Of The Damages Theory Through Deposition Testimony Of Its Rule 30(b)(6) Witness

The fact that Plaintiff would rely on a damages theory that accounts for the price and benefits associated with the Dream Key passes was not a surprise. Plaintiff's counsel deposed Disney's Rule 30(b)(6) witness on March 17, 2023. During that deposition, Plaintiff's counsel exhaustively inquired into ████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

██████████████ ███████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████████████.[28] In other words, Disney itself analyzed and determined ████████████████████████████████

██████████████████████████████████████████████████

████████████████████████████.

On March 3, 2023, Plaintiff served Disney with a 30(b)(6) deposition notice which specifically listed as a deposition topic "*[t]he price of and benefits associated with Magic Key passes, including the consideration of the sales price and various benefits of Dream Key Passes.*"[29] Disney's counsel met with Ms. Jackson and

---

[27] *See* Muller Decl. ¶ 14, Exh. G, Jackson Depo. 96:1-97:10; *see also* Muller Decl. ¶ 19, Exh, L, ██████████████████████ (WDPR-NIELSEN-00012023).

[28] *See* Muller Decl. ¶14; Ex J, Jackson Depo. 86:15-24.

[29] *See* Muller Decl. ¶ 15; Ex. K at pg. 3, Topic No. 2.

prepared her to testify on that topic.[30] In light of Disney's own internal ███ ███, the discovery that Plaintiff sought from Disney concerning the value of the Magic Key passes and benefits provided by the passes, and the deposition testimony elicited from Disney's corporate representative, Disney simply cannot claim that it was surprised or prejudiced by Plaintiff's expert report. *Undiscovered Corp. v. Heist Studios*, 18-cv-5719, 2019 WL 8219489, at *3 (C.D. Cal. Oct. 1, 2019) ("there is no need as a matter of form to submit a supplemental disclosure to include information already revealed by a witness in a deposition or otherwise through formal discovery.") (*quoting* 8A Fed. Prac. & Proc. Civ. § 2049.1 (3d ed.) (citing Fed. R. Civ. P. 26(e)((1)(A)).

Finally, Disney reference to Plaintiff's deposition in an attempt to argue that plaintiff pursued a full refund theory is entirely misplaced. Plaintiff herself is not charged with establishing and proving damages. That work is reserved for her counsel and damages expert. In any event, Plaintiff's testimony during her deposition further evidences that she was pursuing a benefit of the bargain theory: "Q: Do you hope to recover *some portion* of that $1399 as damages in this case? A: I would, and I'd like for everybody else to get it too."[31]

### 4.    There Is No Prejudice Or Surprise Because Expectation Damages Are Authorized By Statute

Disney's claims of surprise fall flat because, since the beginning of this action, Plaintiff has pursued a breach of contract claim and is *statutorily entitled* to "benefit of the bargain" damages for that claim under Civil Code § 3300. *Moore v. Centrelake*

---

[30] Jackson Depo. 18:15-24.

[31] Muller Decl. ¶ 16, Exh. I, Nielsen Depo. 147: 9-12 (emphasis added).  The fact that Plaintiff later responded that she would "like" to recover the entire $1,399 does not mean that she was seeking *only* a full refund as damages in the case. Rather, she was merely stating that she would prefer to receive all the money she spent on the Dream Key pass and never testified that she was pursuing a full-recovery on behalf of the Class.

*Medical Group, Inc.*, 83 Cal. App. 5th 515, 530-32 (2022); *Williams v. Apple*, 338 F.R.D. 629, 652 (N.D. Cal. May 28, 2021) (noting that "[t]he difference between price paid for a product and value received is in fact the main measure of contract damages.") (internal quotation and citation omitted)). Disney's claims of surprise are unavailing in light of the fact that expectation or "benefit of the bargain" damages are authorized by statute.

### D. The Parties Cured Any Potential Prejudice Resulting From The Mills Declaration By Engaging In Fulsome Expert Discovery

Disney hedged its bet when seeking to exclude Plaintiff's damage theory and the Mills Declaration by filing its own expert report and engaging in full expert discovery. Disney deposed Plaintiff's expert on May 23, 2023, filed an expert report in support of its opposition to class certification, and presented its expert for deposition on June 27, 2023. Notably, Disney's expert testified that █████████ ████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████.[32] Ms. Kirk Fair ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████.[33] Put simply, Disney has already obtained the information it needs to adequately prepare for trial. That Disney engaged in fulsome expert discovery after April 4, 2023, negates Disney's claims that it was prejudiced by the purported late disclosure of Mills Declaration and Plaintiff's damages theory. Instead, the current motion, filed *after* Disney voluntarily submitted an expert report and agreed to present its damages expert for deposition, simply wastes the parties' and Court's time and resources.

Disney's reliance on *Mass Probiotics*, *Inc. v. Aseptic Tech.*, *LLC*, 2017 WL

---

[32] *See* Muller Decl. ¶ 17, Ex. J, Kirk Fair Depo 19:10-20:1.
[33] Kirk Fair Depo. 20:8-17; 45:22-46:14

10621233 (C.D. Cal. Dec. 21, 2017), is unavailing. There, plaintiff submitted a supplemental disclosure that claimed five entirely new categories of damage and increased claimed damages from $350,000.00 to $11,956,551.10. *Id.* at \*4. In sharp contrast, here, Plaintiff did not add any new categories of damages.

Similarly, *Nat'l. R.R. Passenger Corp. v. Young's Com. Transfer, Inc.*, 13-cv-01506, 2016 WL 1573262 (E.D. Cal. Apr. 19, 2016), to which Disney cites, is distinguishable and does not bind this Court. In that case, plaintiff's expert introduced a life care plan prior to the close of discovery. *Id.* at \*6. However, the report raised new life care planning issues that the defendant's expert "was not qualified to speak to" and the defendant sought to reopen the plaintiff's deposition in order to question her about the life care plan recommendations. *Id.* Here, Disney's expert *is qualified and has already responded* to the Mills Declaration. Further, in contrast to a life care plan, which is specific to a physically injured plaintiff's medical needs, the Mills Declaration is based on Disney's *own documents and* ███████████, vitiating Disney's contention that Mills' damages calculation "raises many questions to test in discovery." Mot. at 13. Moreover, Disney has tested Plaintiff's damage theory by taking the deposition of Mr. Mills and submitting the report of Ms. Kirk Fair. Accordingly, there is no need to reopen discovery or create a new case schedule as each party has what it needs to prepare for trial.

Last, Disney argues that, had it known of Plaintiff's "benefit of the bargain" theory, it "might have collected and produced documents or identified witnesses to address these issues – for example, documents or witnesses to prove value the Dream Key offered that Nielsen overlooks, like its unique access to certain highly desirable days." *Id*. This cannot be true given the numerous Requests for Production Plaintiff served on Disney seeking *exactly those types of documents*.[34]  Disney simply cannot

---

[34] *See* Exhs. F, C, and D to Muller Decl.; *See* Pl's Third Set of Req. for Produc., *Req.* No. 26, requesting "[a]ll internal communications concerning the price of and benefits associated with Dream Key Passes."; *see also* Pl's Second Set of Req. for Produc.,

show the prejudice required to support exclusion.

### E.    There Is No Bad Faith Or Willfulness

As noted above, Plaintiff did not act willfully or in bad faith in disclosing the Mills Declaration and Disney does not argue otherwise. Up until the last schedule change, all prior scheduling orders and joint reports provided for discovery concluding *after* the class certification hearing. The parties agreed to adjust the case schedule because of an emergency situation unrelated to this case and, in doing so, the parties inadvertently omitted the post-class certification discovery cutoff from the extension. Plaintiff's counsel always understood and believed that the expert reports would be submitted with the class certification briefing and that there would be ample opportunity for experts to be deposed prior to the certification hearing.[35] Plaintiff's counsel sought a solution that would allow the parties a fair opportunity to understand each other's litigation positions and to ensure that the Court would have a complete record when deciding the issues in this case.[36] To that end, Plaintiff's counsel proposed a stipulation that would provide both sides with the opportunity to engage in expert discovery. While Disney's counsel rejected Plaintiff's proposal, the parties have proceeded to act in a manner fully consistent with the very schedule the Plaintiff's counsel proposed. Clearly, Plaintiff did not act in bad faith. Accordingly, this factor weighs in favor of a finding of harmlessness.

---

Req. No. 21, requesting "[a]ll documents reflecting the method and /or formula that Disney uses to determine whether to make reservations available to passholders of the Believe Keys, Enchant Keys, and Imagine Keys."; Pl's First Set of Req. for Produc., Req. No. 2, requesting "[a]ll documents reflecting Disney's policies and/or practices relating to making reservations available to Dream Key passholders." *See also* Plaintiff's First Set of Request for Production at Request No. 3 seeking "[a]ll documents reflecting the method and / or formula that Disney uses to determine whether to make reservations available to Dream Key passholders."

[35] *See* Muller Decl. ¶¶ 11-12.
[36] *Id.*

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO EXCLUDE**

1

**F.   The Court Should Not Exclude The Mills Declaration**

2     An exclusion sanction is not warranted even if the Court finds that Plaintiff's

3 disclosure of the Mills Declaration was not substantially justified or harmless. Courts

4 exercise great discretion concerning whether a discovery sanction is appropriate and

5 exclusion sanctions under Rule 37 are generally reserved for "extreme situations."

6 *Wendt v. Host Int'l, Inc.,* 125 F.3d 806, 814 (9th Cir.1997); *M.H. v. City of San*

7 *Bernardino*, 20-cv-242, 2020 WL 3833602, at *4 (C.D. Cal. July 8, 2020) (internal

8 quotation omitted).

9     This case has moved expeditiously and is set for trial on October 16, 2023.

10 Plaintiff's disclosure of the Mills Declaration did not alter the case schedule as both

11 parties have disclosed their damages reports and deposed each other's experts, and

12 the case will continue along its current track. As a result, the public's interest in the

13 expeditious resolution of the litigation and the court's need to manage its docket

14 weigh in favor of no sanction. As argued throughout, there has been no prejudice to

15 Disney and excluding the Mills Declaration would run counter to fully informing this

16 Court's eventual class certification decision and resolving the case on the merits.

17 **IV.        CONCLUSION**

18     For the foregoing reasons, the Court should Deny Disney's Motion to Exclude

19 Pursuant to Rule of Civil Procedure 37.

20

21 Dated:  July 7, 2023                           Respectfully submitted,

22                                               **VENTURA HERSEY & MULLER,**
                                                 **LLP**
23

24                                               /s/ *Daniel J. Muller*

25                                               Daniel J. Muller, SBN 193396
                                                 Anthony F. Ventura, SBN 191107
26                                                    1506 Hamilton Avenue
                                                 San Jose, California 95125
27                                               Telephone: (408) 512-3022
                                                 Facsimile: (408) 512-3023
28

-20-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Nickolas J. Hagman (*admitted pro hac vice*)
nhagman@caffertyclobes.com
CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Telephone: (312) 782-4880
Facsimile: (312) 782-4485

*Attorneys for Plaintiff Jenale Nielsen &
the proposed Class*

-21-

**L.R. 11-6.2 CERTIFICATE OF COMPLAINCE**

The undersigned, counsel of record for Plaintiff Jenale Nielson, certifies pursuant to L.R. 11-6.2 that this brief complies with Procedure No. 6 of the Honorable David O. Carter ("Length and format of motions"), which provides that "Memoranda of Points and Authorities are subject to a 25-page limit."

Dated: July 7, 2023

/s/ *Daniel J. Muller*
Daniel J. Muller, SBN 193396
Anthony F. Ventura, SBN 191107
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023