# Exhibit B

1  DANIEL J. MULLER, SBN 193396
   dmuller@venturahersey.com
2  ANTHONY F. VENTURA, SBN 191107
   aventura@venturahersey.com
3  VENTURA HERSEY & MULLER, LLP
   1506 Hamilton Avenue
4  San Jose, California 95125
   Telephone:  (408) 512-3022
5  Facsimile:  (408) 512-3023

6  Nickolas J. Hagman (*pro hac vice admission anticipated*)
   nhagman@caffertyclobes.com
7  CAFFERTY CLOBES
   MERIWETHER & SPRENGEL LLP
8  135 S. LaSalle St., Suite 3210
   Chicago, Illinois 60603
9  Telephone:  (312) 782-4880
   Facsimile:   (312) 782-4485
10

11 Bryan L. Clobes (*pro hac vice admission anticipated*)
   bclobes@caffertyclobes.com
12 CAFFERTY CLOBES
   MERIWETHER & SPRENGEL LLP
13 205 N. Monroe St.
   Media, Pennsylvania 19063
14 Telephone:  (215) 864-2800

15 Attorneys for Plaintiff Jenale Nielsen &
   the Proposed Class

16              UNITED STATES DISTRICT COURT
17              CENTRAL DISTRICT OF CALIFORNIA

18

| | |
|---|---|
| 19  JENALE NIELSEN, individually and on behalf of others similarly situated, | Case No.: 8:21-cv-02055-DOC-ADS |
| 20           Plaintiff, | **PLAINTIFF JENALE NIELSEN'S RESPONSES AND OBJECTIONS TO DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S INTERROGATORIES (SET ONE)** |
| 21           vs. | |
| 22  WALT DISNEY PARKS AND RESORTS U.S., Inc., a Florida Corporation, and DOES 1 through 25, inclusive, | |
| 23 | |
| 24           Defendants. | |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of the Central District of California, Plaintiff Jenale Nielsen ("Ms. Nielsen" or "Plaintiff") hereby responds to Defendant Walt Disney Parks And Resorts U.S., Inc.'s ("Disney") Interrogatories:

### GENERAL RESPONSE AND OBJECTIONS

These responses are made solely for the purposes of this action. Plaintiff fully reserves all objections related to the admissibility of these responses at trial.

Plaintiff and her attorneys have not fully completed their investigation of the facts relating to this case. It is anticipated that discovery, investigation, legal research, and analysis will supply additional facts and potentially add meaning to known facts which could establish entirely new factual conclusions and legal contentions. As these responses are provided based upon information presently available and specifically identified by Plaintiff, she reserves the right to supplement, amend or modify the responses set forth below. Plaintiff reserves her right to produce at the time of trial additional information which may be discovered subsequent to the drafting and service of these responses.

Nothing herein shall be construed as an admission by Plaintiff regarding the admissibility, truth, or accuracy of any evidence, document, or any characterization contained or referenced in these responses.

### RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify every date and time when you attempted to use your Dream Key pass to make a reservation to visit a Disneyland Resort theme park. For each date and time, identify (a) the days for which you were attempting to make a reservation; (b) whether reservations were available to your Dream Key pass for those days; (c) if so, whether you made reservations using your Dream Key pass for those days; (d) if you did not make reservations using your Dream Key pass for those days, why not; (e) if you did not make reservations using your Dream Key pass for those days, whether you made reservations by means other than your Dream Key pass; (f) whether you visited a Disneyland Resort theme park on the day or days for which you made a reservation; and (g) if

you did not visit a Disneyland Resort theme park on the day or days for which you made a reservation, why not.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects that this interrogatory is compound and contains multiple subparts, each of which is counted as a separate interrogatory for the purposes of Rule 33(a)(1). Plaintiff further objects to this interrogatory as overbroad and unduly burdensome. Plaintiff finally objects that this interrogatory is also vague and ambiguous as the phrase "attempting to make a reservation" is undefined.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Since purchasing her Dream Key pass, Plaintiff has checked the Dream Key Pass reservation website ("Reservation Website") on at least a weekly basis to determine reservation availability. Sometimes, she visits the Reservation Website with the intention of attempting to make a reservation for a specific date. Other times, she visits the reservations website without a specific date in mind in order to see what reservations are available to determine whether she is able to visit the theme parks on one or more of the available days. Plaintiff has not kept track of each day she checked the Reservation Website and, therefore does not know all of the exact dates for which she attempted to make reservations. Each time Plaintiff checked the Reservation Website, there were some days for which reservations were available but there were also days that were blocked out and for which no reservations were available. Plaintiff further answers the subparts of the interrogatory as follows:

(a) Since purchasing her Dream Key pass, Plaintiff recalls attempting to make reservations for a number of days including, but not limited to, the following: November 3, 2021; November 11, 2021; November 18, 2021; December 13, 2021; December 29, 2021; January 20, 2022; January 21, 2022; February 23, 2022; April 20, 2022; May 7, 2022; July 4, 2022; July 5, 2022; July 7, 2022; and July 8, 2022. In addition, Plaintiff would have used her Dream Key Pass to make additional reservations had reservation dates not been blocked out.

(b) Of the specific dates for which Plaintiff recalls checking reservation availability, reservations were not available for the following days: November 3, 2021; November 11, 2021; November 12, 2021; November 18, 2021; December 13, 2021; December 29, 2021; May 7, 2022; May 8, 2022.

(c) Plaintiff used her Dream Key Pass to make reservations for the following days: January 20, 2022; January 21, 2022; February 23, 2022; July 4, 2022, July 5, 2022; July 7, 2022; July 8, 2022.

(d) Plaintiff did not make reservations using her Dream Key Pass for the reservations listed in paragraph (b) because no reservations were available on the Reservation Website.

(e) Plaintiff made reservations for the theme parks on some of the days listed in paragraph (b) by making the reservations on Disney's general reservation website and purchasing tickets as follows:  November 11, 2021; November 12, 20221; November 18, 2021; May 7, 2022; May 8, 2022.

(f) To the best of her recollection, Ms. Nielsen visited a theme park on the days for which she made reservations.

(g) To the best of her recollection, Ms. Nielsen visited a theme park on the days for which she made reservations.

**INTERROGATORY NO. 2:**

Identify any passes, tickets, reservations, offers, discounts, rewards, benefits, or promotions that you have purchased or otherwise possess that are subject to blockout dates, subject to blackout dates, or subject to availability.

**RESPONSE TO INTERROGATORY NO. 2:**

Ms. Nielsen objects that this interrogatory is overbroad, and unduly burdensome and oppressive.  Specifically, Ms. Nielsen objects that this Interrogatory seeks information that is irrelevant to the parties' claims or defenses, which are limited to Defendant's Dream Pass and Plaintiff's and Class members' purchases and use thereof.  Plaintiff also objects that this interrogatory is vague and ambiguous as the phrases "blockout dates," "blackout dates," and "subject to availability" are undefined.

**INTERROGATORY NO. 3:**

Identify any instance when you saw, read, or reviewed any advertisement or advertising materials for a Magic Key pass including the content of the advertisement or advertising materials that you saw, read, or reviewed.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects that this interrogatory is compound and contains multiple subparts, each of which is counted as a separate interrogatory for the purposes of Rule 33(a)(1). Plaintiff also objects that this interrogatory is overbroad, and unduly burdensome. Plaintiff further objects that this interrogatory is vague and ambiguous as the phrase "advertisement or advertising materials" is undefined.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: In or about August 2021, Plaintiff learned about the Magic Key program from information on Disney's mobile phone application and posted on Disney's Instagram account. Plaintiff also reviewed information about the program that was posted on Disney's website. All of advertisements and advertising materials concerning the Dream Key pass are within Disney's possession, custody, and control.

**INTERROGATORY NO. 4:**

Identify and describe all damages, injuries, or harm to you or the putative class that you alleged was caused by WDPR's conduct as alleged in this action.

**RESPONSE TO INTERROGATORY NO. 4:**

Plaintiff objects that this interrogatory is vague and ambiguous as the phrase "damages, injuries, or harm" is undefined. Plaintiff also objects that this interrogatory calls for premature disclosure of experts and/or expert information, or requires Plaintiff to disclose analyses, opinions, or theories that will be the subject of expert testimony, and thereby seeks to impose obligations on Plaintiff that exceed those imposed by the Federal Rules of Civil Procedure, the Local Rules, and the Court's pre-trial scheduling orders.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff and members of the Class paid $1,399.00 for each Dream Key Pass, which did not

1  provide access to the theme parks as promised.  As a result, the value of the Dream Key Passes

2  that Ms. Nielsen and Class members purchased was far less than the price they paid.

3  **INTERROGATORY NO. 5:**

4  Identify by date, time, and method all communications that you have had with anyone you

5  believe to be an employee or representative of WDPR or the Disneyland Resort regarding your

6  attempts to use your Dream Key pass.

7  **RESPONSE TO INTERROGATORY NO. 5:**

8  Plaintiff objects that this interrogatory is overbroad, and unduly burdensome.  Plaintiff also

9  objects that this interrogatory is vague and ambiguous in its use of the phrase "communications

10 that you have had with anyone you believe to be an employee or representative of WDPR or the

11 Disneyland Resort," as it includes every instance in which Plaintiff accessed Defendant's

12 websites.  Plaintiff will respond concerning only conversations that she had with employees or

13 representatives of Defendant concerning the inability to use the Dream Key pass on particular

14 days.

15 Without waiving the foregoing objections, Plaintiff responds as follows:  Plaintiff has not

16 spoken to anyone at Disney regarding her attempts to use her Dream Key pass that were

17 unsuccessful.  Pursuant to Federal Rule of Civil Procedure 33(d), Plaintiff responds by producing

18 the electronic mail messages she received from Defendant regarding her Dream Key pass.

19 **INTERROGATORY NO. 6:**

20 Identify all dates from May 1, 2021 to the present that you visited Disneyland Park or

21 California Adventure Park and the type of ticket that you used to enter the Park.

22 **RESPONSE TO INTERROGATORY NO. 6:**

23 Plaintiff objects that this interrogatory is compound, overbroad, and unduly burdensome.

24 Plaintiff also objects to this interrogatory as vague and ambiguous as the terms "visited" and "type

25 of ticket" are undefined.  Plaintiff understands those terms to mean the instances she accessed

26 either Disneyland Park or California Adventure Park either by purchasing an individual

27 Admission Ticket or by using her Dream Key pass.

28

1  Subject to and without waiving the foregoing objections, Ms. Nielsen responds as follows:
2  May 24, 2021 (1-day Tier 3 Ticket); November 11, 2021 (Merriest of Nights Ticket); November
3  12, 2021 (1-Day Tier 5 Ticket); November 18, 2021 (1 day Tier 3 Ticket); January 20, 2022
4  (Dream Key); January 21, 2022 (Dream Key); May 7, 2022 (1 Day Tier 3 Ticket); May 8, 2022 (1
5  Day Tier 3 Ticket); July 3, 2022 (Dream Key); and July 4, 2022 (Dream Key).

Dated: July 6, 2022                    VENTURA HERSEY & MULLER LLP

                                       By: _____
                                           DANIEL J. MULLER
                                           Attorneys for Plaintiff and the Proposed Class