# Exhibit D

1   DANIEL J. MULLER, SBN 193396
    dmuller@venturahersey.com
2   ANTHONY F. VENTURA, SBN 191107
    aventura@venturahersey.com
3   VENTURA HERSEY & MULLER, LLP
    1506 Hamilton Avenue
4   San Jose, California 95125
    Telephone: (408) 512-3022
5   Facsimile: (408) 512-3023

6   Nickolas J. Hagman (*admitted pro hac vice*)
    nhagman@caffertyclobes.com
7   CAFFERTY CLOBES
    MERIWETHER & SPRENGEL LLP
8   135 S. LaSalle St., Suite 3210
    Chicago, Illinois 60603
9   Telephone: (312) 782-4880
    Facsimile:  (312) 782-4485

10  *Attorneys for Plaintiff Jenale Nielsen*

11                    UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

14  JENALE NIELSEN, individually and on behalf of others similarly situated,   Case No.: 8:21-cv-02055-DOC-ADS

15              Plaintiff,   **PLAINTIFF JENALE NIELSEN'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

16       vs.

17  WALT DISNEY PARKS AND RESORTS
    U.S., Inc., a Florida Corporation, and DOES 1
18  through 10, inclusive,

19              Defendants.

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff Jenale Nielseon |
| RESPONDING PARTY: | Walt Disney Parks and Resorts U.S., Inc. |
| SET NO: | Third |

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Jenale Nielsen ("Ms. Nielsen") hereby requests that Defendant Walt Disney Parks and Resorts U.S., Inc. ("Disney") respond to the following Requests For Production within 30 days of service hereof.

## INSTRUCTIONS

1. Pursuant to Federal Rule of Civil Procedure 34, you are to furnish all information known or available to you regardless of whether this information is possessed directly by you, or by your agents, representatives or by your attorneys.

2. If any of these requests for production of documents cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do or might have concerning the unanswered portion.

3. If you withhold any information or any document on the claim of attorney/client or work product privilege, identify the privilege claimed as well as each communication and/or document for which such privilege is claimed, together with the following information with respect to each such communication and/or document:

    a. Date:

    b. Sender;

    c. Addressee;

    d. Subject;

    e. The basis on which the privilege is claimed; and

    f. The names of persons to whom copies of any part of the document were furnished, together with an identification of their employer and their job titles.

**PLAINTIFF JENALE NIELSEN'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

4. These requests for the production of documents are deemed to be continuing up to and including the date of the trial, so as to require the submission of supplemental answers in accordance with Federal Rules of Civil Procedure 26(e).

5. If any documents requested herein have been lost, destroyed, or misplaced, identify any such document, the last known person to possess such document or a copy thereof, the date of loss, destruction, or misplacing of such document, and the circumstances of such loss, destruction, or misplacing, and list any witnesses to the loss, destruction or misplacing of such document

**DEFINITIONS**

1. The words "and" and "or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of these Requests for Production any documents or communications that might otherwise be construed to be outside their scope.

2. The words "any" and "all" shall be understood to encompass "any and all."

3. The terms "Disney," "You," or "Your" shall mean the parties to whom these requests are directed, as well as their partners, agents, servants, employees, independent contractors and all other Persons acting for said party and all affiliated entities, subsidiaries and parent companies, and the predecessors, successors in interest and assigns of each.

4. The term "Complaint" refers to the Second Amended Complaint filed by Ms. Nielsen in the above-captioned case, and all amendments or supplements thereto that may be filed.

5. The term "communication(s)" shall mean any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

6. The words "concern" or "concerning" include referring to, eluding to, responding to, relating to, connected with, commenting on, with respect, about, regarding, discussing, showing, recording, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

7. The terms "document(s)" shall mean and include all originals, copies, duplicates, drafts or other production of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, mechanical, electronic, microfilm or photographic or by any other means and including, but not limited to, books, records, statements, financial records, correspondence, memoranda, reports, lists, studies, agreements, printouts, pamphlets, notes, drawings, graphs, charts, photographs, diary and calendar entries, records of meetings, conferences and telephone or other conversations or communications, minutes, work papers, drafts, appraisals, studies, facsimiles, telegrams, and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. The term "document" also includes non-printed matter such as voice recordings and reproductions, computer files and databases, and other things that document or record ideas, words or impressions.

8. The term "relating to" shall mean directly or indirectly concerning, relating to, consisting of, referring to, being connected with, or reflecting upon a stated subject matter.

**REQUESTS FOR PRODUCTION**

**Request for Production No. 23:**

All DOCUMENTS concerning any analysis performed by Disney concerning the Magic Key passes prior to the introduction of the Magic Key passes, including but not limited any conjoint analysis, customer survey, or market research.

**Request for Production No. 24:**

All DOCUMENTS concerning any analysis performed by Disney concerning the Magic Key passes after the introduction of the Magic Key passes, including but not limited any conjoint analysis, customer survey, market research.

**Request for Production No. 25:**

All COMMUNICTIONS exchanged with any third-party concerning any conjoint analysis, customer survey, or market research preformed regarding the Magic Key passes.

**Request for Production No. 26:**

All internal COMMUNICATIONS concerning the price of and benefits associated with Dream Key passes.

Dated: January 20, 2023 /s/ *Nickolas J. Hagman*

DANIEL J. MULLER (CA Bar No. 193396)
dmuller@venturahersey.com
ANTHONY F. VENTURA (CA Bar No. 191107)
aventura@venturahersey.com
VENTURA HERSEY & MULLER, LLP
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Fax: (408) 512-3023

Nickolas J. Hagman (admitted *pro hac vice*)
nhagman@caffertyclobes.com
CAFFERTY CLOBES
MERIWETHER & SPRENGEL LLP
135 S. LaSalle St., Suite 3210
Chicago, Illinois 60603
Telephone:     (312) 782-4880
Facsimile:     (312) 782-4485

*Attorneys for Plaintiff Jenale Nielsen*

**CERTIFICATE OF SERVICE**

I, Nickolas J. Hagman, hereby certify that on January 20, 2022, I caused a true and correct copy of the foregoing *Plaintiff Janale Nielsen's Third Set of Requests for Production of Documents* to be served upon the following by electronic mail:

Alan Schoenfeld
alan.schoenfeld@wilmerhale.com
Ryan Chabot
ryan.chabot@wilmerhale.com
WILMER CUTLER PICKERING
HALE DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007

David C. Marcus
david.marcus@wilmerhale.com
WILMER CUTLER PICKERING
HALE DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071

Margarita Botero
margarita.botero@wilmerhale.com
WILMER CUTLER PICKERING
HALE DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202

**PLAINTIFF JENALE NIELSEN'S THIRD SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**