# Exhibit K

DANIEL J. MULLER, SBN 193396
dmuller@venturahersey.com
ANTHONY F. VENTURA, SBN 191107
aventura@venturahersey.com
VENTURA HERSEY & MULLER, LLP
1506 Hamilton Avenue
San Jose, California 95125
Telephone: (408) 512-3022
Facsimile: (408) 512-3023

Attorneys for Plaintiff Jenale Nielsen & the Proposed Class

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JENALE NIELSEN, individually and on behalf of others similarly situated,

Plaintiff,

vs.

WALT DISNEY PARKS AND RESORTS U.S., Inc., a Florida Corporation, and DOES 1 through 25, inclusive,

Defendants.

Case No.: 8:21-cv-02055-DOC-ADS

PLAINTIFF JENALE NIELSEN'S REQUESTS FOR PRODUCTION OF DOCUMENTS

PROPOUNDING PARTY: Plaintiff Jenale Nielsen

RESPONDING PARTY: Walt Disney Parks And Resorts U.S., Inc.

SET NO.: First

Pursuant to Federal Rule of Civil Procedure 34, Plaintiff Jenale Nielsen ("Ms. Nielsen") hereby requests that Defendant Walt Disney Parks And Resorts U.S., Inc. ("Disney") respond to the following Requests For Production within 30 days of service hereof.

**INSTRUCTIONS**

1. Pursuant to Federal Rule of Civil Procedure 34, you are to furnish all information known or available to you regardless of whether this information is possessed directly by you, or by your agents, representatives or by your attorneys.

2. If any of these requests for production of documents cannot be answered in full, answer to the extent possible, specifying the reasons for your inability to answer the remainder and stating whatever information, knowledge or belief you do or might have concerning the unanswered portion.

3. If you withhold any information or any document on the claim of attorney/client or work product privilege, identify the privilege claimed as well as each communication and/or document for which such privilege is claimed, together with the following information with respect to each such communication and/or document:

a. Date;
b. Sender;
c. Addressee;
d. Subject;
e. The basis on which the privilege is claimed; and
f. The names of persons to whom copies of any part of the document were furnished, together with an identification of their employer and their job titles.

4. These requests for the production of documents are deemed to be continuing up to and including the date of the trial, so as to require the submission of supplemental answers in accordance with Federal Rules of Civil Procedure 26(e).

5. If any documents requested herein have been lost, destroyed, or misplaced, identify any such document, the last known person to possess such document or a copy thereof, the date of loss, destruction, or misplacing of such document, and the circumstances of such loss, destruction, or misplacing, and list any witnesses to the loss, destruction or misplacing of such document.

**DEFINITIONS**

1. The words "and" and "or" shall be construed in the conjunctive and disjunctive sense as necessary to bring within the scope of these Requests for Production any documents or communications that might otherwise be construed to be outside their scope.

2. The words "any" and "all" shall be understood to encompass "any and all."

3. The terms "Disney," "You," or "Your" shall mean the parties to whom these requests are directed, as well as their partners, agents, servants, employees, independent contractors and all other Persons acting for said party and all affiliated entities, subsidiaries and parent companies, and the predecessors, successors in interest and assigns of each.

4. The term "Complaint" refers to the First Amended Complaint filed by Ms. Nielsen in the above-captioned case, and all amendments or supplements thereto that may be filed.

5. The term "communication(s)" shall mean any oral, written, electronic, or other exchange of words, thoughts, information, or ideas to another person or entity, whether in person, in a group, by telephone, by letter, by facsimile, or by any other process, electric, electronic, or otherwise. All such communications in writing shall include, without limitation, printed, typed, handwritten, or other readable documents, correspondence, memoranda, reports, contracts, drafts (both initial and subsequent), computer discs or transmissions, e-mails, instant messages, tape or video recordings, voicemails, diaries, log books, minutes, notes, studies, surveys and forecasts, and any and all copies thereof.

6. The words "concern" or "concerning" include referring to, eluding to, responding to, relating to, connected with, commenting on, with respect, about, regarding, discussing, showing, recording, describing, mentioning, reflecting, analyzing, constituting, evidencing or pertaining to.

7. The terms "document(s)" shall mean and include all originals, copies, duplicates, drafts or other production of any written, graphic or otherwise recorded matter, however produced or reproduced, whether inscribed by hand, mechanical, electronic, microfilm or photographic or by any other means and including, but not limited to, books, records, statements, financial records, correspondence, memoranda, reports, lists, studies, agreements, printouts, pamphlets, notes, drawings, graphs, charts, photographs, diary and calendar entries, records of meetings, conferences and telephone or other conversations or communications, minutes, work papers, drafts, appraisals, studies, facsimiles, telegrams, and other data compilations from which information can be obtained or translated, if necessary, by you through detection devices into reasonably usable form. The term "document" also includes non-printed matter such as voice recordings and reproductions, computer files and databases, and other things that document or record ideas, words or impressions.

8. The term "relating to" shall mean directly or indirectly concerning, relating to, consisting of, referring to, being connected with, or reflecting upon a stated subject matter.

## REQUESTS FOR PRODCUTION

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS reflecting COMMUNICATIONS between Disney and any consumers RELATING TO the availability of reservations for Dream Key passholders.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS reflecting Disney's policies and/or practices RELATING TO making reservations available to Dream Key passholders.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS reflecting the method and / or formula that Disney uses to determine whether to make reservations available to Dream Key passholders.

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS reflecting any agreements between Ms. Nielsen and Disney.

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS reflecting any agreements between Disney and any consumer for the purchase of a Dream Key pass.

**REQUEST FOR PRODUCTION NO. 6:**

All advertisements published by Disney RELATING TO Dream Key passes.

**REQUEST FOR PRODUCTION NO. 7:**

All terms and conditions RELATING TO Dream Key passes.

**REQUEST FOR PRODUCTION NO. 8:**

All COMMUNICATIONS issued by Disney to Dream Key passholders.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS RELATING TO any advertisements published by Disney RELATING TO Dream Key passes.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS reflecting the number of reservations available to Dream Key passholders on each day from August 25, 2021 to present.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS reflecting ANY COMMUNICATIONS RELATING TO blockout dates for the Magic Key passholder program.

**REQUEST FOR PRODUCTION NO. 12:**

All schedules reflecting park reservations made available to Dream Key passholders.

**REQUEST FOR PRODUCTION NO. 13:**

All online calendars reflecting daily availability of park reservations available to Dream Key passholders.

**REQUEST FOR PRODUCTION NO. 14:**

All electronic mail COMMUNCATIONS RELATING TO park reservation availability for Dream Key passes.

**REQUEST FOR PRODUCTION NO. 15:**

All reports reflecting park reservations made available to Dream Key passholders.

**REQUEST FOR PRODUCTION NO. 16:**

All COMMUNICATIONS with anyone regarding the definition of blockout dates as used in any advertisement YOU published RELATING TO Dream Key passes.

**REQUEST FOR PRODUCTION NO. 17:**

All DOCUMENTS RELATING TO any complaints YOU have received RELATING TO Dream Key passes.

**REQUEST FOR PRODUCTION NO. 18:**

All DOCUMENTS reflecting any YOU posted online regarding this lawsuit.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS reflecting any YOU posted online regarding park reservations availability for Dream Key passholders.

**REQUEST FOR PRODUCTION NO. 20:**

All DOCUMENTS identified in YOUR initial disclosures in this matter.

Dated: April 14, 2022

VENTURA HERSEY & MULLER LLP

By: ______________________
DANIEL J. MULLER
Attorneys for Plaintiff and the Proposed Class