DAVID C. MARCUS (CA Bar No. 158704)
(Email: david.marcus@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
Telephone: (213) 443-5312
Facsimile: (213) 443-5400

*Attorneys for Defendant*
*Walt Disney Parks and Resorts U.S., Inc.*

*(additional counsel listed below)*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENALE NIELSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:21-cv-02055-DOC-ADS<br><br>**DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 37**<br><br>Hearing Date: July 28, 2023<br>Time: 8:30 a.m.<br>Judge: Honorable David O. Carter<br>Courtroom: 9D |

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

ALAN SCHOENFELD (*admitted pro hac vice*)
(Email: alan.schoenfeld@wilmerhale.com)
RYAN CHABOT (*admitted pro hac vice*)
(Email: ryan.chabot@wilmerhale.com)
WILMER CUTLER PICKERING
     HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

MARGARITA BOTERO (*admitted pro hac vice*)
(Email: margarita.botero@wilmerhale.com)
WILMER CUTLER PICKERING
     HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3130
Facsimile: (720) 274-3133

*Attorneys for Defendant*
*Walt Disney Parks and Resorts U.S., Inc.*

**WPDR'S REPLY MEMORANDUM OF LAW**
**IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

# TABLE OF CONTENTS

Page

INTRODUCTION ...................................................................................................1

ARGUMENT ..........................................................................................................2

I.    WDPR's Motion To Exclude Is Properly Before The Court ..........................2

II.   Nielsen Did Not Disclose Her Damages Theory As Required .....................3

    A.    Nielsen's Discovery Responses And Requests Did Not Adequately Disclose Her Price-Premium Damages Theory.................3

    B.    Nielsen's Communications During Mediation Were Insufficient To Disclose Her Damages Theory Under Rule 26 ..............................5

    C.    Nielsen's Disclosure Obligations Are Not Obviated By WDPR's Own Documents And Witnesses ..........................................7

III.  Nielsen's Misunderstanding Of The Scheduling Order Does Not Excuse Her Failure To Timely Disclose Mills's Opinion...............................8

CONCLUSION .....................................................................................................10

i

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Acosta v. Austin Electric Services LLC*,
   2017 WL 11537968 (D. Ariz. Nov. 21, 2017) ...................................................... 9

*Aspect System, Inc. v. Lam Research Corp.*,
   404 F. App'x 136 (9th Cir. 2010) ....................................................................... 5

*Boswell v. Costco Wholesale Corp.*,
   2017 WL 2727769 (C.D. Cal. Jan. 19, 2017) ...................................................... 4

*Corcoran v. CVS Pharmacy, Inc.*,
   2021 WL 1721056 (N.D. Cal. Apr. 30, 2021), *aff'd sub nom. Washington v. CVS Pharmacy, Inc.*, 2022 WL 17430289 (9th Cir. Dec. 6, 2022) .................. 6

*Drayton v. Eastlink Productions, Inc.*,
   2018 WL 5264131 (C.D. Cal. Oct. 15, 2018) ...................................................... 7

*Focal Point Films, LLC v. Sandhu*,
   2020 WL 5760355 (N.D. Cal. Sept. 28, 2020) ...................................................... 4

*Goodman v. Staples The Office Superstore, LLC*,
   644 F.3d 817 (9th Cir. 2011) ............................................................................ 9

*Gryglak v. HSBC Bank USA, N.A., as Trustee for Wells Fargo Home Equity Asset-Backed Certificates, Series 2006-3*,
   2023 WL 3243998 (9th Cir. May 4, 2023) ......................................................... 10

*Hoffman v. Construction Protective Services, Inc.*,
   541 F.3d 1175 (9th Cir. 2008), *as amended* (Sept. 16, 2008) ............................. 2

*In re Namco Capital Group Inc.*,
   2014 WL 12613304 (C.D. Cal. Aug. 21, 2014) ................................................... 5

*Insight Psychology & Addiction, Inc. v. City of Costa Mesa*,
   2021 WL 878467 (C.D. Cal. Jan. 15, 2021) ........................................................ 2

*Lawrence Crane Enterprises Inc v. Abrams*,
   2012 WL 12884850 (C.D. Cal. Nov. 14, 2012) ................................................... 2

ii

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

*Lopez v. Pima County*,
  2011 WL 6001622 (D. Ariz. Dec. 1, 2011) .................................................................5

*Maharaj v. California Bank & Trust*,
  288 F.R.D. 458 (E.D. Cal. 2013) ..............................................................................7

*Mass Probiotics, Inc. v. Aseptic Tech., LLC*,
  2017 WL 10621233 (C.D. Cal. Dec. 21, 2017) .......................................................6

*Multibank 2009-1 RES-ADC Venture, LLC v. San Diego Community
  Housing Corp.*,
  2011 WL 2970921 (S.D. Cal. July 20, 2011) ..........................................................9

*Operation Techology Inc. v. Cyme International T & D Inc.*,
  2015 WL 12912335 (C.D. Cal. Oct. 7, 2015) ..........................................................2

*Silva v. Domino's Pizza*,
  2019 WL 7940678 (C.D. Cal. Sept. 6, 2019) ..........................................................3

*Turner v. Thyssenkrupp Materials NA, Inc.*,
  2020 WL 7123312 (C.D. Cal. Nov. 5, 2020),
  *order clarified*, 2020 WL 7863859 (C.D. Cal. Nov. 12, 2020) ............................7

*Unicon Financial Services, Inc. v. InterCept*,
  2006 WL 8431500 (C.D. Cal. Jan. 17, 2006),
  *aff'd*, 256 F. App'x 27 (9th Cir. 2007) ..................................................................7

*Use Techno Corp. v. Kenko USA, Inc.*,
  2007 WL 4169487 (N.D. Cal. Nov. 20, 2007) ........................................................4

*Vincent v. Classic Party Rentals, Inc.*,
  2009 WL 10674768 (C.D. Cal. Oct. 27, 2009) .......................................................2

*Zucchella v. Olympusat, Inc.*,
  2023 WL 2628107 (C.D. Cal. Jan. 10, 2023) ..........................................................7

**Rules**

Fed. R. Civ. P. 26(a)(1)(A)(iii) ..............................................................................1, 3

L.R. 37-1 ....................................................................................................................2

iii

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

**INTRODUCTION**

WDPR's motion to exclude rests on two indisputable facts. First, Nielsen failed to disclose her price-premium damages theory as Rule 26(a)(1)(A)(iii) requires; her never-amended initial disclosures prove it. Second, Nielsen failed to disclose her expert in the time the Court ordered; the plain terms of the Scheduling Order prove it. Based on these simple facts, the price-premium damages theory and, at minimum, Nielsen's expert disclosure should be excluded.

Nielsen's opposition tries to cloud these clear facts, but it fails. First, she tries a gotcha, arguing that WDPR's motion should be denied for failure to meet the local rules for discovery motions. That maneuver fails: Nielsen overlooks binding Ninth Circuit precedent holding that a Rule 37(c) motion to exclude is not a discovery motion and is not subject to Local Rule 37-1. Second, she argues both that her disclosure of Mills was timely under the Scheduling Order and that her mistake about timing was justified. She cannot have it both ways. And, in fact, she is wrong both ways—the Scheduling Order is clear and Nielsen's mistaken understanding of it does not constitute a substantial justification. Third, burying the most important issue, Nielsen contends that while she did not disclose her price-premium damages theory as Rule 26 requires, she hinted at it in enough other ways—in the questions she asked witnesses, in the documents she requested, in one vague interrogatory response, in a half-baked email to the mediator—that WDPR could have guessed what her ultimate damages theory would be. But Rule 26 exists so parties don't need to guess—and certainly not about basic facts like how the other side categorizes and computes its damages.

Each explanation fails, and Nielsen's undisclosed damages theory and her untimely expert disclosure supporting it should both be excluded.

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

## ARGUMENT

### I. WDPR's Motion To Exclude Is Properly Before The Court

Nielsen first argues that WDPR's Motion to Exclude "is not properly before the Court" because WDPR did not comply with Local Rule 37-1 and 37-2, which require the parties to conference and file a joint stipulation before any discovery motion. *See* Opp. 7-8. This local rule does not apply here. WDPR's Motion to Exclude is not a "motion relating to discovery under F.Rs.Civ.P. 26-37." L.R. 37-1. It is a motion for sanctions under Rule 37(c)(1). *See* Notice of Mot. at 3, ECF No. 67 (WDPR "will and hereby does move pursuant to Federal Rule of Civil Procedure 37(c)(1)"); Mot. at 1, ECF No. 67-1. The Ninth Circuit has held that a "motion relating to sanctions pursuant to Rule 37" is not a discovery motion subject to C.D. Cal. Local Rule 37-1, such that "[n]o pre-motion meeting was required in this instance." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008). Indeed, "[a]ny local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable." *Id.*

Given this precedent, courts in this District unsurprisingly hold that Local Rule 37-1 does not apply to Rule 37(c) motions. *See Lawrence Crane Enters. Inc v. Abrams*, 2012 WL 12884850, at *1 (C.D. Cal. Nov. 14, 2012) (explaining that for "a motion for sanctions … for failure to provide Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)," "no pre-motion meeting is required pursuant to Local Rule 37-1"); *Operation Tech. Inc. v. Cyme Int'l T & D Inc.*, 2015 WL 12912335, at *1-2 (C.D. Cal. Oct. 7, 2015); *Vincent v. Classic Party Rentals, Inc.*, 2009 WL 10674768, at *2 (C.D. Cal. Oct. 27, 2009). The cases that Nielsen cites concern motions to compel, not Rule 37(c) motions, and so are inapposite. *See* Opp. 8; *Insight Psych. & Addiction, Inc. v. City of Costa Mesa*, 2021 WL 878467, at *1

2

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

(C.D. Cal. Jan. 15, 2021) (denying a motion to compel); *Silva v. Domino's Pizza*, 2019 WL 7940678, at *2 (C.D. Cal. Sept. 6, 2019) (same). WDPR's motion is therefore properly before the Court.[1]

## II. Nielsen Did Not Disclose Her Damages Theory As Required

Nielsen does not dispute that she failed to disclose her price-premium theory in the manner required by Rule 26(a)(1)(A)(iii). In the face of that undeniable failure, Nielsen tries to cobble together several ways that, she argues, WDPR could have intuited more-or-less what her theory of damages was: through a single, vague interrogatory response or her own discovery requests; through an equivocal email to the mediator that she forwarded to WDPR; or from WDPR's own documents or the questions Nielsen asked its witnesses. These breadcrumbs do not satisfy Rule 26 or excuse Nielsen's disregard of that rule.

### A. Nielsen's Discovery Responses And Requests Did Not Adequately Disclose Her Price-Premium Damages Theory

Nielsen first suggests that the following interrogatory response was sufficient to disclose her price-premium theory: "the value of the Dream Key Passes that Ms. Nielsen and Class members purchased was far less than the price they paid." Opp. 12. She provides no support for the sufficiency of this disclosure, because she cannot. Rule 26(a)(1)(A)(iii) requires parties to disclose "a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying … the documents or other evidentiary material … on which each computation is based, including materials bearing on the nature and extent of injuries suffered." A bare statement that a party received less value than they paid, with no computation whatsoever, does not

---

[1] As noted in WDPR's Notice of Motion (ECF No. 67), and as Nielsen does not dispute, WDPR fulfilled its obligation under Local Rule 7-3 to confer with counsel before filing its motion, on April 28 and May 24, 2023.

3

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

satisfy that obligation. Courts consistently hold that disclosures far more detailed than this one do not meet a party's obligations under Rule 26. *See Boswell v. Costco Wholesale Corp.*, 2017 WL 2727769, at *1 (C.D. Cal. Jan. 19, 2017) (finding a party's disclosure insufficient where it disclosed a price-premium damages theory to be calculated by "multiplying the total aggregate sales by the proportion represented by the average difference in the market price for the product as labeled, and without the misleading (challenged) labeling, as determined by survey evidence and expert analysis"); *Use Techno Corp. v. Kenko USA, Inc.*, 2007 WL 4169487, at *2-3 (N.D. Cal. Nov. 20, 2007) (finding failure to disclose a damages theory where the initial disclosures stated that the party "believes it will at least be entitled to a reasonable royalty due to [the defendants'] sales of infringing products, as well as treble actual damages due to their willful infringement, and costs and attorneys' fees").

Nielsen also argues that her *own* discovery requests served in January 2023 provided notice of her damages theory—that is, that WDPR could have read between the lines to figure out her theory based on the information that she was requesting. Opp. 13. Rule 26 does not require this guesswork. Nielsen provides no caselaw holding that discovery *requests* provide sufficient disclosure under Rule 26. The sole case she cites for this point, *Focal Point Films, LLC v. Sandhu*, held only that an amended answer and case management conference statement provided notice that a party's previously disclosed damages theory had not changed. 2020 WL 5760355, at *2-3 (N.D. Cal. Sept. 28, 2020).

Thus, Nielsen cites no discovery response (let alone request) outside her Rule 26(a) disclosures that otherwise provided the mandatory "computation of each category of damages" that she claimed. That is what Rule 26(a) disclosures require—no less—and, there or elsewhere, Nielsen failed to provide it.

4

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

**B.     Nielsen's Communications During Mediation Were Insufficient To Disclose Her Damages Theory Under Rule 26**

Nielsen next contends that an email that she sent the mediator, and later forwarded to WDPR, notified WDPR of her damages theory. Her cases, however, concern only disclosing information *about* a damages theory in mediation, like the amount, supporting information, or methodology—not disclosing a new damages theory altogether only and ever in the context of mediation. *See In re Namco Cap. Grp. Inc.*, 2014 WL 12613304, at *4 (C.D. Cal. Aug. 21, 2014) (amount); *Lopez v. Pima Cnty.*, 2011 WL 6001622, at *1 (D. Ariz. Dec. 1, 2011) (supporting information); *see also Aspect Sys., Inc. v. Lam Rsch. Corp.*, 404 F. App'x 136, 139-140 (9th Cir. 2010) (methodology). She cites no case holding that a new damages theory disclosed only in a confidential and inadmissible second-hand post-mediation email can substitute for the mandatory disclosures that Rule 26(a) requires.

Even if that were the law, Nielsen's indeterminate and equivocal email would not fulfill her Rule 26(a) obligations. Nielsen's mediation statement itself unequivocally embraced a full-refund theory. During the mediation, Nielsen maintained that theory, and tried to negotiate a settlement based on it. Only after the mediation did Nielsen email the mediator to say that another damages model "is being developed and will be further informed by substantial additional discovery," which she said assigned damages in the broad range of between $450 and $1,000 per class member—but that was "not Plaintiff's final damages model" but rather, "[g]iven the early stage of the proceeding," "[i]t will evolve."[2]

---

[2] Nielsen consented to the public filing of the quoted portions of this email, which is available in full upon request as stated in Muller Decl. ¶ 8, ECF No. 72-1.

5

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

Nielsen then litigated the case for six more months of discovery in which she reaffirmed her full-refund theory in deposition and never disclosed her price-premium theory—not in amended initial disclosures or interrogatory responses or any other way. Then, after discovery, she disclosed a new damages computation with per-class-member and total amounts not even within the range she hinted at post-mediation. Her email therefore "cannot replace disclosures required under Rule 26." *Mass Probiotics, Inc. v. Aseptic Tech., LLC*, 2017 WL 10621233, at *5 (C.D. Cal. Dec. 21, 2017). "In fact, Plaintiff's failure to [disclose] the recently disclosed damages theories" after the mediation through amended initial disclosures required by Rule 26(a) and (e), while explicitly *reaffirming* the full-refund theory in deposition, "may have led the Defendant to believe that Plaintiff was not pursuing other damages alluded to in" her post-mediation email. *Id.*

*Corcoran v. CVS Pharmacy, Inc.* is instructive. 2021 WL 1721056 (N.D. Cal. Apr. 30, 2021), *aff'd sub nom. Washington v. CVS Pharmacy, Inc.*, 2022 WL 17430289 (9th Cir. Dec. 6, 2022). There, the plaintiffs claimed that they had made a sufficient disclosure for the purposes of Rule 26 within a mediation statement, in which they stated: "Applying just the $50 minimum statutory damages to the New York class, and the $25 minimum damages to the Massachusetts class, increases the total damages for all six classes to $204 million (if the statutory damages are calculated per person) or $617 million (if the statutory damages are calculated per transaction)." *Id.* at *7. The court found that disclosure insufficient. It held that "Plaintiffs provided no actual analysis or methodology other than this ballpark reference. Thus, [Defendant] could not analyze these figures nor was it required to prepare an opposition given the vacuum." *Id.* That is precisely the case here.

6

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

C. **Nielsen's Disclosure Obligations Are Not Obviated By WDPR's Own Documents And Witnesses**

Nielsen's last argument is that because she supports her undisclosed damages theory with citation to documents and testimony from WDPR, then WDPR should have known her theory. But WDPR's possession of documents "is irrelevant when considering whether Plaintiff has disclosed how she calculated her damages, as Rule 26 requires her to do." *Turner v. Thyssenkrupp Materials NA, Inc.*, 2020 WL 7123312, at *4 (C.D. Cal. Nov. 5, 2020), *order clarified*, 2020 WL 7863859 (C.D. Cal. Nov. 12, 2020). In each case Nielsen cites, the defendant knew the plaintiff's damages theory, knew how the plaintiff proposed to compute damages, and knew the information needed to do the calculation itself. *See Zucchella v. Olympusat, Inc.*, 2023 WL 2628107, at *18 (C.D. Cal. Jan. 10, 2023); *Unicon Fin. Servs., Inc. v. InterCept*, 2006 WL 8431500, at *15 (C.D. Cal. Jan. 17, 2006), *aff'd*, 256 F. App'x 27 (9th Cir. 2007); *Drayton v. Eastlink Prods., Inc.*, 2018 WL 5264131, at *4 (C.D. Cal. Oct. 15, 2018); *Maharaj v. California Bank & Tr.*, 288 F.R.D. 458, 463 (E.D. Cal. 2013). The courts there excused the plaintiffs' failure to do the math on their initial disclosures. Those cases might help Nielsen's *full-refund* disclosure: Nielsen disclosed that theory and its methodology and WDPR can multiply passes sold by price itself.

But for her undisclosed price-premium theory, WDPR did not know Nielsen would pursue a price-premium theory, or how she would propose to calculate the price premium, or what information she would rely on for that calculation. WDPR had no way to know that, or how, Nielsen would (erroneously and improperly) rely on its documents and witnesses' testimony. Rule 26 plainly requires a party to do more than request documents and question witnesses—even if Nielsen's theory

7

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

were guessable from those inquiries, they might have (and maybe should have) indicated a damages theory Nielsen explored and discarded not one she embraced.

### III.   Nielsen's Misunderstanding Of The Scheduling Order Does Not Excuse Her Failure To Timely Disclose Mills's Opinion

Separately, and at minimum, Mills's expert opinion should be excluded for failure to comply with the Scheduling Order. To be clear, this is a separate issue from Nielsen's failure to disclose her damages theory under Rule 26(a). If her price-premium theory is excluded, as it should be, so should Mills's report supporting it. But even if the Court permits Nielsen to pursue the theory (and it should not), Mills's report should be excluded for untimely disclosure under the Court's Scheduling Order. Though Nielsen's motion conflates the two issues, they are distinct.

Mills's opinion should be excluded because Nielsen failed to disclose it as the Scheduling Order requires. That order states clearly that the "discovery cut-off date includes expert discovery, unless otherwise ordered by the Court." ECF No. 51; *see also* Mot. at 4-5, ECF No. 67-1. Nielsen disregarded this language before the discovery cutoff. Remarkably, she disregards it now in her opposition brief as well, never addressing it. Instead, she focuses exclusively on the Order's provision that the parties follow "the sequence of disclosures as provided by Fed. R. Civ. P. 26(a)(2)(D)." Opp. 8; ECF No. 51. She interprets this reference to *sequencing* to mean that Rule 26(a)(2)(D)'s *timing* requirement ("at least 90 days before the date set for trial") applies. That is plainly not the case.[3] She also contends that the Court's Scheduling Order itself makes a mistake by requiring expert disclosures without time for expert discovery (Opp. 11), but as WDPR

---

[3] Ironically, Nielsen has now disregarded the Order's *sequencing* provision too, by serving a surrebutal expert report that Rule 26(a)(2)(D) does not allow.

8

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

1  explained (Mot.17), this supposed anomaly only proves the error of Nielsen's
2  reading of the Order—under which expert disclosures were due not *on* the
3  discovery cutoff, but far enough *before* the discovery cutoff so that the discovery
4  cut-off date could "include[] expert discovery" as the Court ordered.

5      After denying she misunderstood the Order at all, Nielsen next devotes
6  several pages to explaining her misunderstanding.  *See* Opp. 8-10.  She cites "the
7  basic litigation sequence" or "the context of" earlier, inoperative scheduling orders
8  including ones from "the outset of the litigation."  It is not reasonable or justifiable
9  to rely on superseded scheduling orders when the operative Order says something
10 different.  As explained (Mot. 17), a mistake is not a substantial justification.  *See,*
11 *e.g.*, *Acosta v. Austin Elec. Servs. LLC*, 2017 WL 11537968, at *1 (D. Ariz. Nov.
12 21, 2017) ("failing to understand a scheduling order does not provide the
13 substantial justification necessary to avoid Rule 37(c)'s automatic exclusionary
14 sanction"); *see also Goodman v. Staples The Off. Superstore, LLC*, 644 F.3d 817,
15 827 (9th Cir. 2011) (affirming exclusion of experts where plaintiff's counsel
16 "didn't realize that [plaintiff] needed to disclose expert reports" at that time).  Nor
17 does her unilateral misunderstanding constitute a "genuine issue" concerning
18 discovery obligations, unlike in *Multibank 2009-1 RES-ADC Venture, LLC v. San*
19 *Diego Community Housing Corporation*, 2011 WL 2970921, at *4 (S.D. Cal. July
20 20, 2011) (cited in Opp. 10-11), where there was a *mutual* confusion about
21 discovery obligations memorialized in a long pending joint motion for
22 clarification.  And Nielsen has squandered whatever leniency she might warrant by
23 failing to own up to her mistake forthrightly (first with WDPR and now with the
24 Court) and by failing to seek leave from the Court when WDPR declined to
25 stipulate to her erroneous view—instead just filing her knowingly belated expert
26 report with her class certification motion without comment.

9

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

Nielsen last cites WDPR's production of certain documents on March 9 and deposition on March 17 to explain why Mills could not have provided his declaration sooner. But the timing of this discovery says nothing about *when* Mills's disclosure was due—if Nielsen needed more time, she could have asked the Court for it. *See Gryglak v. HSBC Bank USA, N.A., as Tr. for Wells Fargo Home Equity Asset-Backed Certificates, Series 2006-3*, 2023 WL 3243998, at *2 (9th Cir. May 4, 2023) ("[P]arties are not excused from Rule 26(a) requirements simply because they discovered new evidence at a later date."). And there was no delay by WDPR anyway: Nielsen did not request those documents until January 20 and did not notice the deposition until March 3.

## CONCLUSION

For the reasons set forth above, the Court should exclude Nielsen's "price premium" damages theory and, in addition, exclude the expert opinion of Mills.

Dated: July 14, 2023

/s/ *Alan Schoenfeld*
Alan Schoenfeld

WILMER CUTLER PICKERING
HALE AND DORR LLP

*Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.*

10

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

# L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Walt Disney Parks and Resorts U.S., Inc., certifies pursuant to L.R. 11-6.2 that this brief complies with Procedure No. 6 of the Honorable David O. Carter ("Length and format of motions"), which provides that "Memoranda of Points and Authorities are subject to a 25-page limit."

Dated: July 14, 2023

/s/ Alan Schoenfeld
Alan Schoenfeld

WILMER CUTLER PICKERING HALE AND DORR LLP

*Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.*

11

**WPDR'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO EXCLUDE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055