| | |
|---|---|
| 1 | DAVID C. MARCUS (CA Bar No. 158704) |
| 2 | (Email: david.marcus@wilmerhale.com) |
|   | WILMER CUTLER PICKERING |
| 3 |     HALE AND DORR LLP |
|   | 350 South Grand Avenue, Suite 2400 |
| 4 | Los Angeles, California 90071 |
| 5 | Telephone: (213) 443-5312 |
|   | Facsimile: (213) 443-5400 |
| 6 | |
| 7 | *Attorneys for Defendant* |
|   | *Walt Disney Parks and Resorts U.S., Inc.* |
| 8 | |
|   | (additional counsel listed below) |
| 9 | |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| JENALE NIELSEN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALT DISNEY PARKS AND RESORTS U.S., INC., a Florida Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 8:21-cv-02055-DOC-ADS<br><br>**DEFENDANT WALT DISNEY PARKS AND RESORTS U.S., INC.'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE SURREBUTTAL DISCLOSURE OF ROBERT MILLS**<br><br>Hearing Date: August 14, 2023<br>Time: 8:30 a.m.<br>Judge: Honorable David O. Carter<br>Courtroom: 9D |
|---|---|

---

**WPDR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

ALAN SCHOENFELD (*admitted pro hac vice*)
(Email: alan.schoenfeld@wilmerhale.com)
RYAN CHABOT (*admitted pro hac vice*)
(Email: ryan.chabot@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
Telephone: (212) 937-7294
Facsimile: (212) 230-8888

MARGARITA BOTERO (*admitted pro hac vice*)
(Email: margarita.botero@wilmerhale.com)
WILMER CUTLER PICKERING
    HALE AND DORR LLP
1225 Seventeenth Street, Suite 2600
Denver, CO 80202
Telephone: (720) 274-3130
Facsimile: (720) 274-3133

*Attorneys for Defendant*
*Walt Disney Parks and Resorts U.S., Inc.*

**WPDR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

# TABLE OF CONTENTS

Page

INTRODUCTION ..................................................................................................1

STATEMENT OF FACTS .....................................................................................1

LEGAL STANDARD .............................................................................................2

ARGUMENT ..........................................................................................................3

CONCLUSION .......................................................................................................5

**WPDR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alfen v. Toyota Motor Sales, U.S.A., Inc.*,
  2012 WL 12930737 (C.D. Cal. Nov. 9, 2012) ...................................................3

*Canyon Estates Condominium Ass'n v. Atain Specialty Insurance Co.*,
  2020 WL 3048016 (W.D. Wash. June 8, 2020) .................................................3

*Gramercy Group, Inc. v. D.A. Builders, LLC*,
  2017 WL 11676796 (D. Haw. Dec. 5, 2017) .....................................................5

*Hamilton v. Wal-Mart Stores, Inc.*,
  2019 WL 1949457 (C.D. Cal. Mar. 4, 2019), *rev'd on other grounds*,
  39 F.4th 575 (9th Cir. 2022) ..............................................................................4

*Hellmann-Blumberg v. University of the Pacific*,
  2014 WL 813062 (E.D. Cal. Feb. 28, 2014) ......................................................4

*Isaac v. Forcillo*,
  2022 WL 1125369 (D. Nev. Apr. 14, 2022) ......................................................4

*Louisianca Health Care Self Insurance Fund v. United States*,
  2014 WL 3720526 (M.D. La. July 25, 2014) ....................................................3

*PacifiCorp v. Gas Transmission Northwest Corp.*,
  2013 WL 12433260 (D. Or. Nov. 26, 2013) ......................................................4

*Pakootas v. Teck Cominco Metals, Ltd.*,
  2012 WL 12861599 (E.D. Wash. June 14, 2012) ..............................................4

*Sonneveldt v. Mazda Motor of America, Inc.*,
  2022 WL 4596648 (C.D. Cal. Sept. 19, 2022) ...................................................4

**Rules**

Fed. R. Civ. P. 26(a)(2)(A) ......................................................................................2

Fed. R. Civ. P. 26(a)(2)(B) ...................................................................................3, 5

Fed. R. Civ. P. 26(a)(2)(D) ..................................................................................3, 5

ii

**WPDR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

## INTRODUCTION

Nielsen's reply in support of her class certification motion included a second disclosure by her expert Robert Mills. This disclosure is titled a rebuttal, but actually it is a surrebuttal—it purports to rebut the disclosure of WDPR's expert Rebecca Kirk Fair, who rebutted Mills's opening disclosure.

The Federal Rules of Civil Procedure do not contemplate surrebuttal reports, and for good reason. Experts could do this forever, rebutting each other over and over again indefinitely. Instead, Rule 26(a)(2) contemplates opening expert evidence (26(a)(2)(A)) and rebuttal expert evidence (26(a)(2)(D))—and that's it. Courts can change that sequence, of course, but this Court has not done so. On the contrary, in language Nielsen elsewhere relies on heavily, this Court's Scheduling Order explicitly adopts the "sequence of disclosures as provided by Fed. R. Civ. Proc. 26(a)(2)(D)"—that is, opening expert disclosures, then rebuttal expert disclosures, then stop. When parties file surrebuttal reports not allowed under Rule 26 without leave of court, courts strike those reports. The Court should do so here. Alternatively, if the Court does not strike the report, it should permit WDPR to submit a further expert disclosure to contradict and rebut Mills's surrebuttal.

## STATEMENT OF FACTS

The Court issued its Scheduling Order on June 23, 2022. ECF No. 51. With respect to expert testimony, the Scheduling Order provides that the "discovery cut-off date includes expert discovery, unless otherwise ordered by the Court, and the Court orders *the sequence of disclosures* as provided by Fed. R. Civ. Proc. 26(a)(2)(D), unless the parties otherwise stipulate in writing and obtain the Court's approval." *Id.* at 3 (emphasis added). At no point did the parties seek or obtain the Court's approval to deviate from the sequence of disclosures in Rule 26(a)(2)(D).

1

**WPDR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

1. On April 24, 2023, Nielsen filed her motion for class certification, *see* ECF No. 61, which included a disclosure of Nielsen's expert Robert Mills, titled "Declaration Of Robert Mills In Support Of Plaintiff's Motion For Class Certification." ECF No. 61-8 ("Mills Declaration").

2. On May 31, 2023, WDPR filed its opposition to Nielsen's motion for class certification, *see* ECF No. 70, which included a rebuttal expert disclosure in support of the opposition by WDPR's expert Rebecca Kirk Fair, titled "Rebuttal Declaration of Rebecca Kirk Fair." ECF No. 70-24 ("Kirk Fair Rebuttal"). The Kirk Fair Rebuttal is intended solely to contradict and rebut Mills: "to evaluate whether the analyses and conclusions presented in the Declaration of Robert Mills in Support of Plaintiff's Motion for Class Certification (the 'Mills Declaration') can be used to determine Ms. Nielsen's damages due to her alleged injury and to determine injury and damages for other members of the proposed class." Kirk Fair Rebuttal ¶ 12. The Kirk Fair Rebuttal analyzes the Mills disclosure in depth and concludes that Mills's methodology cannot calculate class-wide damages. *See id.* ¶¶ 55-79. The sole topic of the Kirk Fair Rebuttal is Mills's disclosure.

3. On July 7, 2023, Nielsen filed her class certification reply, which included a second disclosure by Mills, titled "Rebuttal Declaration Of Robert Mills In Support Of Plaintiff's Motion For Class Certification." ECF. No. 77-7 ("Mills Surrebuttal"). Nielsen did not seek leave of the Court before filing it.

## LEGAL STANDARD

Rule 26(a) mandates certain disclosures in litigation. Under that rule, "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." Fed. R. Civ. P. 26(a)(2)(A). If the witness "is one retained or specially employed to provide expert testimony," then this disclosure "must be accompanied by a written

2

1 report." Fed. R. Civ. P. 26(a)(2)(B). A party also must disclose all experts "at the
2 times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D).
3 "Absent a stipulation or a court order," however, "the disclosures must be made"
4 first of affirmative expert evidence under Rule 26(a)(2)(B) or (C) and then, "if the
5 evidence is intended solely to contradict or rebut evidence on the same subject
6 matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days
7 after the other party's disclosure." *Id.* The sequence of disclosures under
8 Rule 26(a)(2) stops there. The Rules do not contemplate surrebuttal reports.

9 Thus, a party must "seek leave of court before filing a sur-rebuttal expert
10 report." *Canyon Est. Condo. Ass'n v. Atain Specialty Ins. Co.*, 2020 WL 3048016,
11 at *1 (W.D. Wash. June 8, 2020); *see also La. Health Care Self Ins. Fund v. United
12 States*, 2014 WL 3720526, at *1 (M.D. La. July 25, 2014) (collecting cases); *Alfen
13 v. Toyota Motor Sales, U.S.A., Inc.*, No. 2012 WL 12930737, at *1 (C.D. Cal. Nov.
14 9, 2012) ("without seeking leave of Court, Plaintiffs served Toyota with the three
15 challenged sur-rebuttal expert reports … Plaintiffs do not adequately explain their
16 failure … to seek leave of Court before serving the sur-rebuttal reports").

## ARGUMENT

18 The Mills Surrebuttal should be stricken because it is a surrebuttal that
19 Nielsen never sought, let alone obtained, leave to file.

20 As a preliminary matter, the Mills Surrebuttal constitutes a surrebuttal.
21 Mills's first declaration was an affirmative disclosure of expert testimony in
22 support of Nielsen's class certification motion. The Kirk Fair Rebuttal was a
23 rebuttal to that disclosure, concerned exclusively with contradicting and rebutting
24 Mills. Mills's second declaration, also titled a "Rebuttal," concerns itself
25 exclusively with responding to the Kirk Fair Rebuttal, making it a surrebuttal.

**WPDR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

|   |   |
|---|---|
| 1 | Surrebuttals require leave of court, since they are not permitted under the |
| 2 | express terms of Rule 26(a)(2).  *See Pakootas v. Teck Cominco Metals, Ltd.*, 2012 |
| 3 | WL 12861599, at *3 (E.D. Wash. June 14, 2012) (striking reports where they |
| 4 | "represent[ed] an improper sur-rebuttal or sur-reply not contemplated by the rule |
| 5 | governing the sequencing of expert disclosures"); *Sonneveldt v. Mazda Motor of* |
| 6 | *Am., Inc.*, 2022 WL 4596648, at *1 (C.D. Cal. Sept. 19, 2022) ("Defendants |
| 7 | requested leave to file a sur-reply and serve sur-rebuttal reports to respond to new |
| 8 | arguments and new evidence submitted by Plaintiffs").  Failing to seek leave to file |
| 9 | a surrebuttal is, by itself, cause for striking the improper disclosure.  *See Hamilton* |
| 10 | *v. Wal-Mart Stores, Inc.*, 2019 WL 1949457, at *12 & n.12 (C.D. Cal. Mar. 4, |
| 11 | 2019) ("The Court's scheduling order does not authorize surrebuttal reports.  Yet, |
| 12 | Plaintiffs chose to serve a report containing surrebuttal opinions ….  [T]o the |
| 13 | extent [the] supplemental report contains surrebuttal opinions in response to |
| 14 | [Defendant's] rebuttal expert reports, the Court STRIKES those opinions."), *rev'd* |
| 15 | *on other grounds*, 39 F.4th 575 (9th Cir. 2022); *Hellmann-Blumberg v. Univ. of the* |
| 16 | *Pac.*, 2014 WL 813062, at *3 (E.D. Cal. Feb. 28, 2014) (striking surrebuttal expert |
| 17 | report where "Plaintiff could have requested leave from this Court to disclose |
| 18 | surrebuttal experts" but "chose not to do so"); *Isaac v. Forcillo*, 2022 WL |
| 19 | 1125369, at *8 (D. Nev. Apr. 14, 2022) ("Plaintiffs did not seek leave of court (or |
| 20 | obtain a stipulation) before disclosing [the] sur-rebuttal report. Thus, the Court |
| 21 | finds that the report was improperly disclosed under Fed. R. Civ. P. 26."). |
| 22 | This rule has a good reason.  Experts could continue rebutting one another |
| 23 | forever.  Allowing unapproved surrebuttals would just invite sur-surrebuttals, then |
| 24 | sur-sur-surrebuttals, and so on.  *See PacifiCorp v. Gas Transmission Nw. Corp.*, |
| 25 | 2013 WL 12433260, at *2 n.1 (D. Or. Nov. 26, 2013) (excluding surrebuttal |
| 26 | portions of report where "any sur-rebuttal report by [Plaintiff] would inevitably |
| 27 | |
| 28 | |

**WPDR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

result in a request by [Defendant] for the opportunity to file a further reply to that report"); *Gramercy Grp., Inc. v. D.A. Builders, LLC*, 2017 WL 11676796, at *2-3 (D. Haw. Dec. 5, 2017) ("To allow otherwise would potentially result in the production of countless rebuttal reports, limited only by the discovery deadline.").

In this case, Nielsen already disclosed "a complete statement of all opinions" that Mills "will express and the basis and reasons for them." Fed. R. Civ. P. 26(a)(2)(B). In turn, WDPR disclosed the expert evidence "intended solely to contradict or rebut" Mills. Fed. R. Civ. P. 26(a)(2)(D). The record of expert evidence is—or at least ought to be—complete at that stage. Mills should not get a chance to give *more* opinions after Kirk Fair rebuts him, since Rule 26 has already required him to give a complete statement of *all* his opinions. If he does, Kirk Fair should be permitted to rebut *those* opinions—and on and on.

Had Nielsen requested leave for an expert surrebuttal, both fairness and forbearance would have supported denying the request. That she instead filed her surrebuttal report without obtaining or even seeking leave, contravening Rule 26(a)(2) and the Court's Scheduling Order, is reason enough to strike it.

## CONCLUSION

For these reasons, the Court should strike Mills's Surrebuttal. Alternatively, the Court should permit WDPR to submit a further expert disclosure to contradict and rebut Mills's Surrebuttal.

Dated: July 14, 2023

/s/ Alan Schoenfeld
Alan Schoenfeld

WILMER CUTLER PICKERING
HALE AND DORR LLP

*Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.*

5

**WPDR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055

## L.R. 11-6.2 CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Walt Disney Parks and Resorts U.S., Inc., certifies pursuant to L.R. 11-6.2 that this brief complies with Procedure No. 6 of the Honorable David O. Carter ("Length and format of motions"), which provides that "Memoranda of Points and Authorities are subject to a 25-page limit."

Dated: July 14, 2023

*/s/ Alan Schoenfeld*
Alan Schoenfeld

WILMER CUTLER PICKERING HALE AND DORR LLP

*Attorneys for Defendant Walt Disney Parks and Resorts U.S., Inc.*

6

**WPDR'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STRIKE**
*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055