# Exhibit 1

## CLASS ACTION SETTLEMENT AGREEMENT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (1) Plaintiff Jenale Nielsen; (2) the Settlement Class (defined below); and (3) Defendant Walt Disney Parks and Resorts U.S., Inc. ("Defendant" or "WDPR").  Ms. Nielsen and the Settlement Class are collectively referred to as "Plaintiffs" unless otherwise noted.  Plaintiffs and WDPR are collectively referred to as the "Parties."  This Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court.

## RECITALS

A.      On November 9, 2021, Ms. Nielsen filed a putative class action complaint captioned *Jenale Nielsen v. Walt Disney Parks and Resorts U.S., Inc*., Case No. 30-2021-01230857-CU-BT-CXC, in the Superior Court of California in the County of Orange.

B.      In the complaint, Ms. Nielsen alleged that she purchased a Dream Key Pass, a Magic Key available through WDPR's Magic Key pass program, that allowed her to make reservations to Disneyland Resort theme parks with "no blockout dates," but that she was unable to make reservations for certain dates in November 2021.  *See, e.g.*, Compl. ¶¶ 7-13.  The complaint asserted, on behalf of a putative class, claims for breach of contract, negligent misrepresentation, concealment/nondisclosure, and violations of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), California False Advertising Law (Cal. Civ. Code § 17500, *et seq.*), and California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200, *et seq.*).  *Id.* ¶¶ 29-82.  Ms. Nielsen sought damages, attorneys' fees and costs, and equitable relief. *Id.* at 16.  Ms. Nielsen served WDPR with the complaint and summons on November 15, 2021.

C.      On December 15, 2021, WDPR removed the complaint to the United States

District Court for the Central District of California.  The case was captioned *Jenale Nielsen v.*

*Walt Disney Parks and Resorts U.S., Inc*., No. 8:21-cv-02055-DOC-ADS, and was assigned to

Hon. David O. Carter.

D.      WDPR moved to dismiss the complaint on January 21, 2022.  Dkt. 20.

E.      Ms. Nielsen filed an amended complaint on February 4, 2022.  Dkt. 23.

F.      WDPR moved to dismiss the amended complaint on March 4, 2022.  By

order dated April 6, 2022, the Court granted the motion to dismiss in part and denied the motion

to dismiss in part.  Dkt. 35.

G.      Ms. Nielsen filed a second amended complaint on May 10, 2022.  Dkt. 41.  That

complaint, which is the operative pleading, alleges the same and additional facts to those set

forth in the amended complaint, and asserts claims for breach of contract and violation of the

California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*), on behalf of a class

of consumers who purchased Dream Key passes.

H.      WDPR answered the second amended complaint on May 20, 2022 (Dkt. 42), and

the Parties began discovery.

I.      During discovery, the Parties agreed to mediate the case before the Honorable

Suzanne Segal (ret.) of Signature Resolutions.  The Parties participated in a full-day mediation

on September 19, 2022, but were unable to reach agreement.

J.      Discovery continued.  The Parties exchanged extensive written and document

discovery, took depositions of multiple party witnesses, exchanged expert disclosures, and took

depositions of experts tendered by each Party.

K.      Ms. Nielsen moved for class certification on April 24, 2023.  Dkt. 61.  WDPR

opposed the motion (Dkt. 70), and simultaneously moved to exclude both Ms. Nielsen's damages

theory and expert testimony (Dkt. 67).  Ms. Nielsen replied in support of her motion for class

certification (Dkt. 75), submitting with that reply a sur-rebuttal declaration from her expert.  Ms.

Nielsen also opposed WDPR's motion to exclude her damages theory and expert testimony (Dkt.

72).  WDPR filed its reply in support of its motion to exclude (Dkt. 82), and also moved to

exclude Ms. Nielsen's expert's rebuttal declaration (Dkt. 83).

   L.  Ms. Nielsen's motion to certify the class and WDPR's motion to exclude Ms.

Nielsen's damages theory and expert report were set for a hearing on July 28, 2023. WDPR's

motion to exclude Ms. Nielsen's expert's rebuttal declaration was set for a hearing on August 14,

2023.

   M.  The Parties agreed to mediate the case with the Honorable Jay Gandhi (ret.) of

JAMS.

   N.  On July 19, 2023, the Parties participated in a full-day mediation with Judge

Gandhi, reaching agreement in principle on a class action settlement.

   O.  WDPR has at all times denied and continues to deny any wrongdoing whatsoever

and has denied and continues to deny that it committed, or threatened or attempted to commit,

any wrongful act or violation of law or duty alleged in the Action (defined below).  WDPR

believes that it would have prevailed at class certification, summary judgment, and/or trial.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation and the

desire to avoid the expenditure of further legal fees and costs, WDPR has concluded it is

desirable and beneficial that the Action be fully and finally settled and terminated in the manner

and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise,

and the Agreement, any related documents, and any negotiations resulting in it shall not be

construed as or deemed to be evidence of or an admission or concession of liability or

wrongdoing on the part of WDPR or any of the Released Parties (defined below), with respect to

any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the

certifiability of a litigation class.

P.      Plaintiffs believe that the claims asserted in the Action against WDPR have merit

and that they would have prevailed at class certification, summary judgment, and/or trial.

Nonetheless, Plaintiffs and Class Counsel recognize that WDPR has raised factual and legal

defenses that present a risk that Plaintiffs may not prevail.  Plaintiffs and Class Counsel also

recognize the expense and delay associated with continued prosecution of the Action through

class certification, summary judgment, trial, and any subsequent appeals.  Plaintiffs and Class

Counsel also have taken into account the uncertain outcome and risks of litigation, especially in

complex class actions, as well as the difficulties inherent in such litigation.  Therefore, Plaintiffs

believe it is desirable that the Released Claims (defined below) be fully and finally

compromised, settled, and resolved with prejudice.  Based on its evaluation, Class Counsel has

concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to

the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims

raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

Plaintiff, the Settlement Class, and WDPR, by and through its undersigned counsel that, subject

to final approval of the Court after a hearing or hearings as provided for in this Settlement

Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth

herein, that the Action and the Released Claims shall be finally and fully compromised, settled,

and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and

conditions of this Agreement.

# AGREEMENT

### 1.    DEFINITIONS.

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1**    **"Action"** means *Jenale Nielsen v. Walt Disney Parks and Resorts U.S., Inc*., No. 8:21-cv-02055-DOC-ADS, pending in the United States District Court for the Central District of California.

**1.2**    **"Address Update Form"** means the form by which Settlement Class Members shall update their mail or email address to receive payment.  The Address Update Form will be available on the Settlement Website, accessible electronically only by use of the Settlement Class Member's PIN described in Paragraph 4.1 together with the Settlement Class Member's last name and zip code, and will be substantially in the form of Exhibit A hereto.  A hard copy Address Update Form may be obtained from the Settlement Administrator.  Settlement Class Members must submit an Address Update Form no later than sixty (60) days after the Notice Date.  In the event a Settlement Class Member does not submit an Address Update Form, and has not submitted a Claim Form, the Settlement Class Member will receive a Cash Award via the process outlined in Paragraph 2.3 below.

**1.3**    **"Alternate Judgment"** means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Agreement and where none of the Parties elects to terminate this Settlement by reason of such variance.

**1.4**    **"Cash Award"** means the equal cash compensation, payable by the Settlement Administrator from the Settlement Fund, that each Person in the Settlement Class who has not opted-out of the Settlement, shall be entitled to receive as calculated from the Net Settlement Fund.

DocuSign Envelope ID: BG14A88A-1CF8-4413-A830-514B506C3B71

**1.5** **"Class Counsel"** means Ventura Hersey and Muller LLP and Cafferty Clobes
Meriwether and Sprengel LLP.

**1.6** **"Class Representative"** means the named Plaintiff in this Action, Jenale Nielsen.

**1.7** **"Court"** means the United States District Court for the Central District of
California, the Honorable David O. Carter presiding, or any judge who shall succeed him as the
Judge in this Action.

**1.8** **"Cy Pres Designee"** shall receive those funds represented by the Cash Award
and/or the Supplemental Cash Award, if applicable, that are returned as undeliverable or
remaining un-cashed for more than ninety (90) calendar days after the issuance, less the
Settlement Administrator's costs for administering the Supplemental Cash Award. The identity
of the Cy Pres Designee shall be mutually agreed upon by the Parties and submitted to the Court
in a subsequent filing. The Settlement Administrator shall pay any such funds to the Cy Pres
Designee within one-hundred eighty (180) days after the issuance of the Supplemental Cash
Awards, if Supplemental Cash Awards are issued.

**1.9** **"Defendant"** means Walt Disney Parks and Resorts U.S., Inc.

**1.10** **"Defendant's Counsel"** means Wilmer Cutler Pickering Hale and Dorr LLP.

**1.11** **"Disneyland Resort"** means Disneyland Park and Disney California Adventure.

**1.12** **"Dream Key"** means the Dream Key pass sold as part of the Disneyland Resort
Magic Key Pass program from August 25, 2021 through October 25, 2021. The term "Dream
Key" refers to the pass and all of its associated rights, privileges, entitlements, and benefits.

**1.13** **"Effective Date"** means the date ten (10) days after which all of the events and
conditions specified in Paragraphs 1.16 and 9.1 have been met and have occurred.

**1.14** **"Escrow Account"** means the separate, interest-bearing escrow account to be
established by the Settlement Administrator under terms acceptable to all Parties at a depository

DocuSign Envelope ID: B39C14A88A-1SF8-4413-A830-F149506C3B71

institution insured by the Federal Deposit Insurance Corporation.  The Settlement Fund shall be deposited by WDPR into the Escrow Account in accordance with the terms of this Agreement and the money in the Escrow Account shall be invested in the following types of accounts and/or instruments and no other: (i) demand deposit accounts and/or (ii) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less.  The costs of establishing and maintaining the Escrow Account shall be paid from the Settlement Fund.

  **1.15** "**Fee Award***"* means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel, which will be paid out of the Settlement Fund.

  **1.16** "**Final**" means one business day following the latest of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Judgment approving the Settlement Agreement; (ii) if there is an appeal or appeals, the date of completion, in a manner that finally affirms and leaves in place the Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari.

  **1.17** "**Final Approval Hearing**" means the hearing before the Court where the Parties will request the Final Judgment to be entered by the Court approving the Settlement Agreement, the Fee Award, and the service awards to the Class Representatives.

  **1.18** "**Final Judgment**" means the Final Judgment and Order to be entered by the Court approving the Agreement after the Final Approval Hearing.

  **1.19** "**Notice**" means the notice of this proposed Class Action Settlement Agreement and Final Approval Hearing, which is to be made to Persons who may be members of the

Settlement Class substantially in the manner set forth in this Agreement as described in
Paragraphs 4.1(b), 4.1(c) and 4.1(d) below, which is approved by the Court and consistent with
the requirements of Due Process, Rule 23, and is substantially in the form of Exhibits B, C, and
D hereto.

**1.20** **"Notice Date"** means the date by which the Email Notice set forth in Paragraph
4.1(b) is complete, which shall be no later than thirty (30) days after Preliminary Approval.

**1.21** **"Objection/Exclusion Deadline"** means the date by which a written objection to
this Settlement Agreement or a request for exclusion submitted by a Person within the Settlement
Class must be made, which shall be designated as a date stated in the Notice and no earlier than
sixty (60) days after the Notice Date, or such other date as ordered by the Court.  Class Counsel
shall file papers supporting the requested Fee Award with the Court and posted to the settlement
website listed in Paragraph 4.1(d) no later than fourteen (14) days before the
Objection/Exclusion Deadline.

**1.22** **"Opt-Out"** means a Settlement Class Member (i) who timely submits a properly
completed and executed request for exclusion; and (ii) who does not rescind that request for
exclusion before the end of the Opt-Out Period. To opt out, a Settlement Class Member must
deliver to the Settlement Administrator a fully complete and properly executed written request
for exclusion, under Paragraph 4.5 of this Settlement Agreement, that is postmarked or submitted
through the settlement website before the Objection/Exclusion Deadline.

**1.23** **"Person"** shall mean, without limitation, any individual, corporation, partnership,
limited partnership, limited liability company, association, joint stock company, estate, legal
representative, trust, unincorporated association, government or any political subdivision or
agency thereof, and any business or legal entity and their spouses, heirs, predecessors,

successors, representatives, or assigns.  "Person" is not intended to include any governmental

agencies or governmental actors, including, without limitation, any state Attorney General office.

**1.24**    **"Plaintiffs"** means Jenale Nielsen and the Settlement Class Members.

**1.25**    **"Preliminary Approval"** means the Court's preliminary approval of this

Settlement Agreement, and approval of the form and manner of the Notice.

**1.26**    **"Preliminary Approval Order"** means the Order preliminarily approving the

Settlement Agreement and directing notice thereof to Persons who may be in the Settlement

Class.  A proposed order will be agreed upon by the Parties and submitted to the Court in

conjunction with Plaintiffs' motion for preliminary approval of the Agreement.

**1.27**    **"Released Claims"** means any and all causes of action, suits, claims, liens,

demands, judgments, costs, damages, obligations, and all other legal responsibilities in any form

or nature against the Released Parties, including but not limited to, all claims relating to or

arising out of any state, local, or federal statute, ordinance, regulation, or claim at common law

or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising

out of or in any way allegedly related to the Dream Key, including but not limited to the

marketing, purchase, performance, and execution of the Dream Key program and any visits to

the Disneyland Resort using the Dream Key, and including but not limited to all claims that were

brought or could have been brought in the Action.  Released Claims shall not include the right of

any Settlement Class Member or any of the Releasing Parties to enforce the terms of the

settlement contained in this Settlement Agreement and shall not include the claims of Settlement

Class Members who have timely excluded themselves from the Settlement Class.

**1.28**    **"Released Parties"** means Walt Disney Parks and Resorts U.S., Inc. (WDPR), as

well as any and all of WDPR's current, former, and future predecessors, successors, assigns,

parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants,

independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships, and corporations.  Each of the Released Parties is a "Released Party."

      1.29    **"Releasing Parties"** means Ms. Nielsen and Settlement Class Members, and all of their respective present or past heirs, executors, family members, lenders, funders, payors, estates, administrators, predecessors, successors, assigns, parent companies, subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, limited liability companies, partnerships and corporations.

      1.30    **"Service Award"** means such amounts as may be awarded by the Court to Ms. Nielsen for her service as the Class Representative.

      1.31    **"Settlement Administration Expenses"** means all fees charged by the Settlement Administrator and expenses incurred by the Settlement Administrator in connection with its administration of this Settlement, including but not limited to fees and expenses incurred in providing Notice, responding to inquiries from members of the Settlement Class, ascertaining amounts of and paying Cash Awards from the Settlement Fund, handling any unclaimed funds, and related services, paying taxes and tax expenses related to the Settlement Fund (including all federal, state or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

**1.32** **"Settlement Administrator"** means Epic Systems, Inc., or such other reputable administration company that has been selected jointly by the Parties and approved by the Court to perform the duties set forth in this Agreement, including but not limited to serving as Escrow Agent for the Settlement Fund, overseeing the distribution and publication of Notice, handing all approved payments out of the Settlement Fund, and handling the determination, payment and filing of forms related to all federal, state and/or local taxes of any kind (including any interest or penalties thereon) that may be owed on any income earned by the Settlement Fund.

**1.33** **"Settlement Class"** means all purchasers of the Dream Key. Excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant; (3) Persons who properly execute and file a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons.

**1.34** **"Settlement Class Member"** means a Person who falls within the definition of the Settlement Class as set forth above and who has not been excluded from the Settlement Class.

**1.35** **"Settlement Fund"** means the non-reversionary fund that shall be established by or on behalf of WDPR in the total amount of nine million five hundred thousand dollars ($9,500,000.00 USD) to be deposited into the Escrow Account, according to the schedule set forth herein, plus all interest earned thereon. From the Settlement Fund, the Settlement Administrator shall pay all Cash Awards to Settlement Class Members, Settlement Administration Expenses, any service awards to the Class Representative, any Fee Award to Class Counsel, and any other costs, fees, or expenses approved by the Court. The "**Net Settlement Fund**" is the amount remaining in the Settlement Fund after payment of a Fee Award to Class Counsel, Settlement Administration Expenses (including an allowance for

11

anticipated fees and expenses to be incurred after issuance of Cash Awards), any service award
to the Class Representative, and any other costs, fees, or expenses approved by the Court.  The
Settlement Fund shall be kept in the Escrow Account with permissions granted to the Settlement
Administrator to access said funds until such time as the listed payments are made.  The
Settlement Fund includes all interest that shall accrue on the sums deposited in the Escrow
Account.  The Settlement Administrator shall be responsible for all tax filings with respect to any
earnings on the Settlement Fund and the payment of all taxes that may be due on such earnings.
The Settlement Fund represents the total extent of WDPR's monetary obligations under this
Agreement.  The payment of the sums into the Settlement Fund by WDPR fully discharges all of
WDPR's and the other Released Parties' monetary obligations (if any) in connection with the
Settlement, meaning that no Released Party shall have any other obligation to make any payment
into the Escrow Account or to any Class Member, or any other Person, under this Agreement.  In
no event shall WDPR's total monetary obligation with respect to this Agreement exceed nine
million five hundred thousand dollars ($9,500,000.00 USD), and in no event shall the Settlement
Fund or any portion thereof revert to WDPR.

  **1.36** **"Supplemental Cash Award"** means a second payment sent to certain
Settlement Class Members, structured as follows:  Those funds represented by the Cash Award
checks that are returned as undeliverable or remain un-cashed for more than ninety (90) days
after their issuance will return to the Settlement Fund.  Settlement Class Members who cashed
their initial Cash Award checks and Settlement Class Members who opted to receive the Cash
Award electronically, shall then receive a second payment in an amount equal to the funds
represented by the un-cashed initial Cash Award, less the Settlement Administrator's costs for
administering the Supplemental Cash Award, divided equally among the total number of
Settlement Class Members who cashed their initial Cash Award or received their Cash Award

electronically, provided that the amount is sufficient to permit a Supplemental Cash Award payment of at least $10 per Settlement Class Member.  The Notice shall inform Settlement Class Members of their potential eligibility to receive a Supplemental Cash Award.

      **1.37**   **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object or not to object to the Settlement.  Upon the Effective Date, the Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights and benefits of § 1542 of the California Civil Code, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Upon the Effective Date, the Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable or equivalent to § 1542 of the California Civil Code. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this Paragraph.

**2.**    **SETTLEMENT RELIEF.**

      **2.1**   WDPR shall pay or cause to be paid into the Escrow Account the amount of the Settlement Fund ($9,500,000.00), specified in Paragraph 1.35 of this Agreement, less any

amounts previously invoiced and paid by WDPR to the Settlement Administrator for work in accordance with Paragraphs 5.1 and 5.3, within seven (7) business days after the Effective Date.

  **2.2**  Each Settlement Class Member will receive a Cash Award from the Net Settlement Fund.  A Settlement Class Member does not need to submit a Claim Form in order to receive payment.  The Cash Award for each Settlement Class Member will be calculated by dividing the Net Settlement Fund by the number of Persons in the Settlement Class, as determined by the Settlement Administrator based on the Potential Class List to be provided by WDPR, and excluding Settlement Class Members who submit a valid request for exclusion.

  **2.3**  **Payments to Settlement Class Members.**  The Settlement Administrator will send emails to Settlement Class Members whose email address are available in the Class List providing them an opportunity to select from multiple digital payment options, such as Venmo, Paypal or Automated Clearing House ("ACH") transfer, or Settlement Class members can choose to receive a payment by check.  If no email is available, the email sent is undeliverable, or Settlement Class Members do not make a selection, payment will be made by check to their last known mailing address. Settlement Class members may update their email or mail addresses by visiting the Settlement website to provide their updated information by completing an Address Update Form. The Notice will inform Settlement Class Members of the ability to receive a Cash Award by Check or by electronic means, such as Venmo, PayPal, or ACH transfer.

  **2.4**  Address Update Forms must be timely submitted by the Claim Deadline to be considered.

  **2.5**  Payments to Settlement Class Members shall be made by the Settlement Administrator within sixty (60) days after the Effective Date.

2.6     All Cash Awards issued to Settlement Class Members via check will state on the face of the check that it will expire and become null and void unless cashed within ninety (90) days after the date of issuance.  To the extent that a check issued to a Settlement Class Member is returned to the Settlement Administrator as undeliverable or not cashed within ninety (90) days after the date of issuance, or to the extent there are any remaining funds in the Net Settlement Fund after distribution of all Cash Awards and Settlement Administration Expenses, such funds shall be paid by the Settlement Administrator within thirty (30) days after the ninety (90) day period has expired, as a Supplemental Cash Award, provided that the amount is sufficient to permit a Supplemental Cash Award of at least $10 per Settlement Class Member; otherwise the funds will be tendered to the Cy Pres Designee.  Supplemental Cash Awards will be negotiable for ninety (90) days.  Those funds represented by the Supplemental Cash Award that are returned as undeliverable or remain un-cashed after ninety (90) days after the date of issuance will return to the Settlement Fund and be distributed by the Settlement Administrator to the Cy Pres Designee.

2.7     All Settlement Class Members who fail to timely deposit or cash the Cash Award within the time frames set forth herein, or such other period as may be ordered by the Court or otherwise allowed, shall be forever barred from receiving any payments or benefits pursuant to the Settlement Agreement but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein, and the Judgment.

3.     **RELEASE.**

3.1     The obligations incurred pursuant to this Settlement Agreement shall be a full and final disposition of the Action and any and all Released Claims, as against all Released Parties.

15

**3.2**    Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

**4.    NOTICE TO THE CLASS.**

**4.1**    The Notice Plan shall consist of the following:

**(a)**    *List of Potential Settlement Class Members*.  No later than fourteen (14) days from the execution of this Settlement Agreement, WDPR shall use reasonable efforts to produce an electronic list from its records that includes the names, postal addresses, and email addresses associated with the Dream Key passes of Settlement Class Members to the extent available.  These records shall be called the "Potential Class List," and shall be provided to the Settlement Administrator for the purpose of giving notice to the potential Settlement Class Members and for calculating the Cash Awards to Settlement Class Members and shall not be used for any other purpose.  For purposes of identifying and communicating with individual Settlement Class Members, the Settlement Administrator shall assign each person on the Potential Class List a personal identification number.

**(b)**    *Direct Notice via Email.*  No later than thirty (30) days from entry of the Preliminary Approval Order, the Settlement Administrator shall send Notice via email substantially in the form attached as Exhibit C to all potential Settlement Class Members for whom a valid email address is included in the Potential Class List.  In the event transmission of email notice results in any "bounce-backs," the Settlement Administrator shall, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

**(c)**    *Direct Notice via U.S. Mail.*  Fourteen (14) days following the issuance of Email Notice to Settlement Class Members as described in Paragraph 4.1(b), above, the

16

Settlement Administrator shall send notice substantially in the form attached as Exhibit B via First Class U.S. Mail to the address associated with the Dream Key pass of all potential Settlement Class Members for whom WDPR was unable to provide an email address, or for whom the email notice "bounced back" and the Settlement Administrator was unable to successfully re-send the email, as described in Paragraph 4.1(b), above.

      (d)    *Settlement Website*.  No later than thirty (30) days from entry of the Preliminary Approval Order, Notice shall be provided on a website at an available settlement URL (such as, for example, www.dreamkeysettlement.com) which shall be obtained, administered and maintained by the Settlement Administrator and shall provide Settlement Class Members with the ability to submit Address Update Forms.  Copies of this Settlement Agreement, the long-form Notice, the operative complaint, the motions for preliminary and final approval and other pertinent documents and Court filings and orders pertaining to the Settlement (including the motion for attorneys' fees upon its filing), shall be provided on the Settlement Website.  The Notice provided on the Settlement Website shall be substantially in the form of Exhibit D hereto. The Settlement Administrator shall also make available on the Settlement Website the long-form Notice in Spanish.

      (e)    *Additional Notice*. If the Notice Plan described in the preceding Paragraphs 4.1(b) and 4.1(c) does not achieve a minimum level of 75% reach, or is not approved by the Court as complying with all Due Process requirements, the Parties, in conjunction with the Settlement Administrator, shall develop and seek approval by the Court of such supplemental notice as is necessary to achieve a minimum level of 75% reach or satisfy the Court that all Due Process requirements are satisfied.  Such additional notice, if necessary, shall be funded from the Settlement Fund with no additional financial contribution by WDPR.

     **(f)**    *CAFA Notice.*  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator, on behalf of WDPR, shall cause to be served upon the Attorneys General of each U.S. State or territory in which, based on a preliminary Potential Class List, Settlement Class members reside, and the Attorney General of the United States, notice of the proposed settlement as required by law.

     **4.2**    The Notice shall advise the Settlement Class of their rights, including the right to be excluded from, comment upon, and/or object to the Settlement Agreement or any of its terms. The Notice shall specify that any objection to the Settlement Agreement, and any papers submitted in support of said objection, shall be considered by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice, the Person making the objection files notice of an intention to do so and at the same time (a) files copies of such papers he or she proposes to be submitted at the Final Approval Hearing with the Clerk of the Court, or alternatively, if the objection is from a Class Member represented by counsel, files any objection through the Court's CM/ECF system, and (b) sends copies of such papers by mail, hand, or overnight delivery service (or by operation of the Court's CM/ECF system) to Class Counsel and Defendant's Counsel.

     **4.3**    Any Settlement Class Member who intends to object to this Agreement must file the objection with the Court, which must be personally signed by the objector, and must include: (1) the objector's name, address and telephone number; (2) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (3) all grounds for the objection, including all citations to legal authority and evidence supporting the objection; (4) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and (5) a statement indicating

DocuSign Envelope ID: BC14A88A-10F8-4412-A830-E148506C2971

whether the objector intends to appear at the Final Approval Hearing (either personally or

through counsel who files an appearance with the Court in accordance with the Local Rules).

Settlement Class Members who file objections are still entitled to receive benefits under the

Settlement and are bound by the Settlement if it is approved.  Any Settlement Class Member

who fails to comply with the requirements for objecting in this Paragraph shall waive and forfeit

any and all rights he or she may have to appear separately and/or to object to the Settlement

Agreement and shall be bound by all the terms of the Settlement Agreement and by all

proceedings, orders, and judgments in the Action.  Any Settlement Class Member who fails to

object in this manner will be deemed to have waived any objections.

4.4    If a Settlement Class Member or any of the Objecting Attorneys has objected to

any class action settlement where the objector or the Objecting Attorneys asked for or received

any payment in exchange for dismissal of the objection, or any related appeal, without any

modification to the settlement, then the objection must include a statement identifying each such

case by full case caption and amount of payment received.

4.5    A Person in the Settlement Class may request to be excluded from the Settlement

Class by sending a written request postmarked on or before the Objection/Exclusion Deadline

approved by the Court and specified in the Notice.  To exercise the right to be excluded, a Person

in the Settlement Class must timely send a written request for exclusion to the Settlement

Administrator providing (a) his/her name, address and telephone number; (b) contain the

Settlement Class Member's personal and original signature or the original signature of a Person

authorized by law to act on the Settlement Class Member's behalf with respect to a claim or right

such as those asserted in the Action, such as a trustee, guardian, or Person acting under a power

of attorney; (c) the name and number of the case (*Jenale Nielsen v. Walt Disney Parks and

Resorts U.S., Inc*., No. 8:21-cv-02055-DOC-ADS); and (d) a statement that he or she

DocuSign Envelope ID: BC14A88A-10F8-4412-A830-F148506C2971

unequivocally wishes to be excluded from the Settlement Class for purposes of this

Settlement.  A request to be excluded that does not include all of this information, or that is sent

to an address other than that designated in the Notice, or that is not postmarked within the time

specified, shall be invalid, and the Person(s) serving such a request shall be a member(s) of the

Settlement Class and shall be bound as a Settlement Class Member by this Agreement, if

approved.  Any member of the Settlement Class who validly elects to be excluded from this

Agreement shall not: (i) be bound by any orders or the Final Judgment; (ii) be entitled to relief

under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be

entitled to object to any aspect of this Agreement.  The request for exclusion must be personally

signed by each Person requesting exclusion.  So-called "mass" or "class" opt-outs shall not be

allowed.  To be valid, a request for exclusion must be postmarked or received by the date

specified in the Notice.  A Class Member is not entitled to submit both a request for exclusion

and an objection.  If a Class Member submits both a request for exclusion and an objection, the

Settlement Administrator will send a letter (and email if email address is available) explaining

that the Class Member may not make both of these requests, and asking the Class Member to

make a final decision as to whether to opt-out or object and inform the Settlement Administrator

of that decision within 10 days from when the letter from the Settlement Administrator is

postmarked.  If the Class Member does not respond to that communication by letter postmarked

or email sent within 10 days after the Settlement Administrator's letter was postmarked (or by

the objection deadline, whichever is later), the Class Member will be treated as having opted out

of the Class, and the objection will not be considered, subject to the Court's discretion.  A Person

who submits a request for exclusion may rescind the request for exclusion by sending a written

statement to the Settlement Administrator before the end of the Opt-Out Period stating that the

Person rescinds their request to be excluded. A list of Persons in the Settlement Class who have

DocuSign Envelope ID: BC14A88A-10E8-4412-A830-F148506C2971

opted out shall be provided to and approved by the Court in connection with the motion for final approval of the Settlement.

      **4.6**    The Final Approval Hearing shall be no earlier than ninety (90) days after the Notice Date.

      **4.7**    Any Settlement Class Member who does not, in accordance with the terms and conditions of this Agreement, seek exclusion from the Settlement Class will be bound by all of the terms of this Agreement, including the terms of the Final Judgment to be entered in the Action and the Releases provided for in the Agreement, and will be barred from bringing any action against any of the Released Parties concerning the Released Claims.

**5.**      **SETTLEMENT ADMINISTRATION.**

      **5.1**    The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement in a rational, responsive, cost effective, and timely manner.  The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement.  The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices and such records will be made available to Class Counsel and Defendant's Counsel upon request.  The Settlement Administrator shall also provide reports and other information to the Court as the Court may require.  The Settlement Administrator shall provide Class Counsel and Defendant's Counsel with regular reports at weekly intervals containing information concerning Notice, administration, and implementation of the Settlement Agreement.  Should the Court request, the Parties shall submit a timely report to the Court summarizing the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members.  Without limiting the foregoing, the Settlement Administrator shall:

  **(a)**  Provide Class Counsel and Defendant's Counsel with drafts of all administration related documents, including but not limited to notices to attorneys general, class notices or communications with Settlement Class Members, telephone scripts, website postings or language or other communications with the Settlement Class, at least five (5) days before the Settlement Administrator is required to or intends to publish or use such communications, unless Class Counsel and Defendant's Counsel agree to waive this requirement in writing on a case by case basis; and

  **(b)**  Receive objections and requests to be excluded from the Settlement Class and other requests and promptly provide to Class Counsel and Defendant's Counsel copies thereof. If the Settlement Administrator receives any objections, exclusion forms or other requests after the deadline for the submission of such forms and requests, the Settlement Administrator shall promptly provide copies thereof to Class Counsel and Defendant's Counsel.

  **5.2**  In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from Class Counsel or any Settlement Class Member.

  **5.3**  At least twenty-eight (28) days before the Final Approval hearing, the Settlement Administrator shall provide to Class Counsel and Defendant's Counsel a declaration containing information concerning Notice, administration, and implementation of the Settlement Agreement, the number of Settlement Class Members who submitted a timely and valid opt-out request, and a summary of the work performed by the Settlement Administrator, including a report of all amounts from the Settlement Fund paid to Settlement Class Members.

  **5.4**  WDPR, the Released Parties, and Defendant's Counsel shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Class Counsel, or the Settlement Administrator, or any of their respective

designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the allocation of Settlement Funds to Settlement Class Members or the implementation, administration, or interpretation thereof; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Settlement Fund; or (vi) the payment or withholding of any taxes, tax expenses, or costs incurred in connection with the taxation of the Settlement Fund or the filing of any federal, state, or local returns.

5.5     The Parties agree that the Settlement Fund is intended to be a "Qualified Settlement Fund" within the meaning of Treasury Regulation Section 1.468B-1 and that the Settlement Administrator as administrator of the Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing tax returns for the Settlement Fund and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund, without further order of the Court. In addition, Class Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this Paragraph, including the "relation-back election" (as defined in Treas. Reg. § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. Defendant, other Released Parties, and Defendant's Counsel shall have no liability or responsibility of any sort for filing any tax returns or paying any taxes with respect to the Settlement Fund.

6.     **TERMINATION OF SETTLEMENT.**

6.1     Subject to Paragraphs 9.2-9.3 below, WDPR or the Class Representative on behalf of the Settlement Class, shall have the right to terminate this Agreement by providing written notice of the election to do so ("Termination Notice") to all other Parties hereto within

twenty-one (21) days of any of the following events:  (i) the Court's refusal to grant Preliminary Approval of this Agreement in any material respect; (ii) the Court's refusal to grant final approval of this Agreement in any material respect; (iii) the Court's refusal to enter the Final Judgment in this Action in any material respect; (iv) the date upon which the Final Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court; or (v) the date upon which an Alternate Judgment, as defined in Paragraph 1.3 of this Agreement is modified or reversed in any material respect by the Court of Appeals or the Supreme Court.

6.2     In the event that more than 5% of the Settlement Class Members exercise their right to opt-out of the settlement, WDPR will have the right to declare the settlement void in its entirety upon notice to Class Counsel within ten (10) days of the Settlement Administrator providing a report showing that more than 5% of Settlement Class Members have opted-out of the settlement.

## 7.     PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER.

7.1     Within seven (7) days after the execution of this Settlement Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for Preliminary Approval of the settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel, the Class Representative, and the Settlement Administrator; and entry of a Preliminary Approval Order, which order shall set a Final Approval Hearing date and approve the Notice for dissemination substantially in the form of Exhibits B, C, D, and E hereto.  The Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent

in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class or materially expand the obligations of Defendant.

      **7.2**     At the time of the submission of this Agreement to the Court as described above, Class Counsel shall request that, after Notice is given, the Court hold a Final Approval Hearing and approve the settlement of the Action as set forth herein.

      **7.3**     After Notice is given, the Parties shall request and seek to obtain from the Court a Final Judgment, which will (among other things):

      **(a)**     find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits thereto;

      **(b)**     certify the Settlement Class or reaffirm such certification if the Settlement Class was certified in the Preliminary Approval Order, and approve or reaffirm the appointment of Class Counsel, the Class Representatives and the Settlement Administrator;

      **(c)**     approve the Settlement Agreement and the proposed settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

      **(d)**     find that the Notice implemented pursuant to the Agreement (1) constitutes the best practicable notice under the circumstances; (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) is reasonable and constitutes due, adequate, and

sufficient notice to all persons entitled to receive notice; and (4) meets all applicable

requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United

States Constitution, and the rules of the Court;

       **(e)**     find that the Class Representatives and Class Counsel adequately represent

the Settlement Class for purposes of entering into and implementing the Agreement;

       **(f)**     dismiss the Action (including all individual claims and Settlement Class

Claims presented thereby) on the merits and with prejudice, without fees or costs to any party

except as provided in the Settlement Agreement;

       **(g)**     incorporate the Release set forth above, make the Release effective as of

the date of the Effective Date, and forever discharge the Released Parties as set forth herein;

       **(h)**     permanently bar and enjoin all Settlement Class Members who have not

been properly excluded from the Settlement Class from filing, commencing, prosecuting,

intervening in, or participating (as class members or otherwise) in any lawsuit or other action in

any jurisdiction based on the Released Claims;

       **(i)**     without affecting the finality of the Final Judgment for purposes of appeal,

retain jurisdiction as to all matters relating to administration, consummation, enforcement, and

interpretation of the Settlement Agreement and the Final Judgment, and for any other necessary

purpose; and

       **(j)**     incorporate any other provisions not materially inconsistent with this

Settlement Agreement, as the Court deems necessary and just.

**8.**     **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF
EXPENSES; SERVICE AWARDS.**

    **8.1**     The amount of the Fee Award shall be determined by the Court based on a

petition from Class Counsel.  Class Counsel has agreed, with no consideration from Defendant,

DocuSign Envelope ID: BC14A88A-10F8-4412-A830-F148506C2971

to limit their request for attorneys' fees to no more than twenty-five percent (25%) of the

Settlement Fund (*i.e.* $2,375,000). Class Counsel may seek reimbursement of their reasonable

costs and litigation expenses incurred. Payment of the Fee Award shall be made from the

Settlement Fund and should the Court award less than the amount sought by Class Counsel, the

difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph

shall remain in the Settlement Fund. The Parties agree that any award of attorneys' fees, costs

and expenses are committed to the sole discretion of the Court within the limitations set forth in

this Paragraph. If the Court chooses, in its sole discretion, to award attorneys' fees and costs and

service awards that are lower than the amounts sought in the motion to be filed by Class Counsel,

this Agreement shall remain fully enforceable. Class Counsel shall file any motion for attorneys'

fees, costs and expenses and Class Representative service awards no later than fourteen (14) days

before the deadline for objections to the Settlement, and a copy of the motion shall be placed on

the Settlement Administrator's website.

      **8.2**     The Fee Award shall be payable by the Settlement Administrator within fourteen

(14) business days after the Effective Date. Payment of the Fee Award shall be made from the

Settlement Fund by wire transfer to Class Counsel, in accordance with wire instructions to be

provided by Class Counsel, and completion of necessary forms, including but not limited to W-9

forms. Upon payment of the attorneys' fees, costs and expenses as awarded by the Court, Class

Counsel shall release and forever discharge the Released Parties from any claims, demands,

actions, suits, causes of action, or other liabilities relating to any attorneys' fees, costs or

expenses incurred in the Action. Class Counsel agree that any federal, state, municipal, or other

taxes, contributions, or withholdings that may be owed or payable by them, or any tax liens that

may be imposed, on the sums paid to them pursuant to this Paragraph are their sole and exclusive

responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

      **8.3**     The Class Representative shall request to be paid a service award in the amount of five thousand Dollars ($5,000) from the Settlement Fund, in addition to any recovery pursuant to this Settlement Agreement and in recognition of her efforts on behalf of the Settlement Class, subject to Court approval.  Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund.  Such award shall be paid from the Settlement Fund (in the form of a check to the Class Representatives that is sent care of Class Counsel), within fourteen (14) business days after the Effective Date.  If the Court chooses, in its sole discretion, to make an award to the Class Representative that is lower than the amount sought in the motion to be filed by Class Counsel, or if the Court chooses to make no such award, this Agreement shall remain fully enforceable.  In order to receive such payment, the Class Representative must provide, sufficiently in advance of the deadline for the Settlement Administrator to process such payment, a W-9 form and such other documentation as may reasonably be required by the Settlement Administrator.  The Class Representative agrees that any federal, state, municipal, or other taxes, contributions, or withholdings that may be owed or payable by her, or any tax liens that may be imposed, on any sums paid to her pursuant to this Paragraph are her sole and exclusive responsibility, and any amount required to be withheld for tax purposes (if any) will be deducted from those payments.

9.    **CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL,
CANCELLATION OR TERMINATION.**

**9.1**    The Effective Date of this Settlement Agreement shall not occur unless and until

each of the following events occurs and shall be the date upon which the last (in time) of the

following events occurs:

(a)    The Parties, Class Counsel, and WDPR have executed this Agreement;

(b)    The Court has entered the Preliminary Approval Order;

(c)    The Court has entered an order finally approving the Agreement,

following Notice to the Settlement Class and a Final Approval Hearing, as provided in the

Federal Rules of Civil Procedure, and has entered the Final Judgment, or a judgment consistent

with this Agreement in all material respects; and

(d)    The Final Judgment has become Final, as defined above, or, in the event

that the Court enters an Alternate Judgment, such Alternate Judgment becomes Final.

**9.2**    If some or all of the conditions specified in Paragraph 9.1 are not met, or in the

event that this Agreement is not approved by the Court, or the settlement set forth in this

Agreement is terminated or fails to become effective in accordance with its terms, then this

Settlement Agreement shall be canceled and terminated subject to Paragraph 9.3 unless Class

Counsel and Defendant's Counsel mutually agree in writing to proceed with this Agreement.  If

any Party is in material breach of the terms hereof, any other Party, provided that it is in

substantial compliance with the terms of this Agreement, may terminate this Agreement on

notice to all of the Settling Parties, except that any attempted termination of this Agreement after

the Preliminary Approval Order is entered will not take effect without an order of the Court, and

this Agreement may not be terminated after the Final Judgment is entered without an order of the

Court vacating the Final Judgment or an order of any appellate court reversing or vacating the

29

DocuSign Envelope ID: BC14A88A-10F8-4412-A830-F148506C2971

Final Judgment.  Notwithstanding anything herein, the Parties agree that the Court's failure to

approve, in whole or in part, the attorneys' fees payment to Class Counsel and/or the service

award set forth in Paragraph 8 above shall not prevent the Agreement from becoming effective,

nor shall it be grounds for termination.

     **9.3**     If this Agreement is terminated or fails to become effective for the reasons set

forth in Paragraphs 6.1-6.2 or 9.2 above, the Parties shall be restored to their respective positions

in the Action as of the date of the signing of this Agreement.  In such event, any Final Judgment

or other order entered by the Court in accordance with the terms of this Agreement shall be

vacated by the Court, and the Parties shall be returned to the *status quo ante* with respect to the

Action as if this Agreement had never been entered into.

**10.**     **MISCELLANEOUS PROVISIONS.**

     **10.1**     The Parties (a) acknowledge that it is their intent to consummate this Settlement

Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to

the extent reasonably necessary to effectuate and implement all terms and conditions of this

Agreement, to exercise their reasonable best efforts to accomplish the foregoing terms and

conditions of this Agreement, to secure final approval, and to defend the Final Judgment through

any and all appeals.  Class Counsel and Defendant's Counsel agree to cooperate with one another

in seeking Court approval of the Settlement Agreement, entry of the Preliminary Approval

Order, and the Final Judgment, and promptly to agree upon and execute all such other

documentation as may be reasonably required to obtain final approval of the Agreement.

     **10.2**     The Parties intend this Settlement Agreement to be a final and complete

resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the

Settlement Class and each or any of them, on the one hand, against the Released Parties, and

each or any of the Released Parties, on the other hand.  Accordingly, the Parties agree not to

assert in any forum that the Action was brought by Plaintiffs or defended by Defendant, or each or any of them, in bad faith or without a reasonable basis.

**10.3**     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released.  The Parties have read and understand fully the above and foregoing agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

**10.4**     Whether or not the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the settlement contained herein or any term, provision or definition therein, nor any act or communication performed or document executed in the course of negotiating, implementing or seeking approval pursuant to or in furtherance of this Agreement or the settlement:

       **(a)**     is, may be deemed, or shall be used, offered or received in any civil, criminal or administrative proceeding in any court, administrative agency, arbitral proceeding or other tribunal against the Released Parties, or each or any of them, as an admission, concession or evidence of, the validity of any Released Claims, the truth of any fact alleged by the Plaintiffs, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the definition or scope of any term or provision, the reasonableness of the Settlement Fund or the Fee Award (except in connection with seeking approval of the Settlement in the Action), or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them.  Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore has determined that this settlement is in Defendant's best interests;

31

**(b)**      is, may be deemed, or shall be used, offered or received against any Released Party, as an admission, concession or evidence of any fault, misrepresentation or omission with respect to any statement or written document approved or made by the Released Parties, or any of them;

**(c)**      is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission or concession with respect to any liability, negligence, fault or wrongdoing as against any Released Parties, or supporting the certification of a litigation class, in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  However, the settlement, this Agreement, and any acts performed and/or documents executed in furtherance of or pursuant to this Agreement and/or Settlement may be used in any proceedings as may be necessary to effectuate the provisions of this Agreement.  Further, if this Settlement Agreement is approved by the Court, any Party or any of the Released Parties may file this Agreement and/or the Final Judgment in any action that may be brought against such Party or Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim;

**(d)**      is, may be deemed, or shall be construed against Plaintiffs, the Settlement Class, the Releasing Parties, or each or any of them, or against the Released Parties, or each or any of them, as an admission or concession that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

**(e)**      is, may be deemed, or shall be construed as or received in evidence as an admission or concession against Plaintiffs, the Settlement Class, the Releasing Parties, or each

and any of them, or against the Released Parties, or each or any of them, that any of Plaintiffs'
claims are with or without merit or that damages recoverable in the Action would have exceeded
or would have been less than any particular amount.

**10.5**     The Parties acknowledge that (a) any certification of the Settlement Class as set
forth in this Agreement, including certification of the Settlement Class for settlement purposes in
the context of Preliminary Approval, shall not be deemed a concession that certification of a
litigation class is appropriate, or that the Settlement Class definition would be appropriate for a
litigation class, nor would Defendant be precluded from challenging class certification in further
proceedings in the Action or in any other action if the Settlement Agreement is not finalized or
finally approved; (b) if the Settlement Agreement is not finally approved by the Court for any
reason whatsoever, then any certification of the Settlement Class will be void, the Parties and the
Action shall be restored to the *status quo ante*, and no doctrine of waiver, estoppel or preclusion
will be asserted in any litigated certification proceedings in the Action or in any other action; and
(c) no agreements made by or entered into by Defendant in connection with the Settlement may
be used by Plaintiffs, any person in the Settlement Class, or any other person to establish any of
the elements of class certification in any litigated certification proceedings, whether in the Action
or any other judicial proceeding.

**10.6**     No person or entity shall have any claim against the Class Representatives, Class
Counsel, the Settlement Administrator or any other agent designated by Class Counsel, or the
Released Parties and/or their counsel, arising from distributions made substantially in accordance
with this Agreement.  The Parties and their respective counsel, and all other Released Parties
shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the
determination, administration, calculation, or payment of any claim or nonperformance of the

33

Settlement Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

10.7    The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

10.8    The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

10.9    All of the Exhibits to this Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

10.10    This Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements and undertakings with respect to the matters set forth herein.  No representations, warranties or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  This Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

10.11    Except as otherwise provided herein, each Party shall bear its own costs.

10.12    Plaintiffs represent and warrant that they have not assigned any claim or right or interest therein as against the Released Parties to any other Person or Party and that they are fully entitled to release the same.

10.13    Each counsel or other Person executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto, hereby warrants and represents that such Person has the full authority to do so and has the authority to take

appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

10.14    This Agreement may be executed in one or more counterparts.  Signature by digital means, facsimile, or in PDF format will constitute sufficient execution of this Agreement. All executed counterparts and each of them shall be deemed to be one and the same instrument. A complete set of original executed counterparts shall be filed with the Court if the Court so requests.

10.15    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

10.16    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Agreement, and all Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Agreement.  Any disputes between the Parties concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court for resolution.

10.17    This Settlement Agreement shall be governed by and construed in accordance with the substantive laws of the State of California without giving effect to its conflict of laws provisions.

10.18    This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arm's-length negotiations among the Parties.  Because all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

10.19    Where this Agreement requires notice to the Parties, such notice shall be sent to the undersigned counsel:  Nickolas J. Hagman, Cafferty Clobes Meriwether & Sprengel LLP,

135 S. LaSalle St., Suite 3210, Chicago, Illinois 60603, Daniel J. Muller, Ventura Hersey & Muller, LLP, 1506 Hamilton Avenue, San Jose, California 95125, and Alan Schoenfeld, Wilmer Cutler Pickering Hale and Dorr LLP, 7 World Trade Center, 250 Greenwich Street, New York, NY 10007.

    **10.20**   The Parties are not precluded from making statements or responding to press or other inquiries about the Settlement, so long as all statements are consistent with the terms of the Settlement.  Class Counsel and Plaintiffs' Counsel are permitted, in connection with their law firm websites, biographies, brochures, and firm marketing materials, future declarations regarding counsel's experience, and/or in speaker biographies, to state that it served as Class Counsel in this Action and to communicate basic facts about the Settlement, including the Settlement Fund amount.

    **10.21**   All persons involved in the Settlement will be required to keep confidential any personal identifying information of Class Members, and any otherwise nonpublic financial information of WDPR.  Any documents or nonpublic information provided by WDPR to Class Counsel or Plaintiffs must be destroyed within 30 days of the Settlement Administrator completing the issuance of all settlement payments, except insofar as Class Counsel shall have the right to retain any work product and, in the case of pleadings submitted to the Court, any exhibits to such pleadings.

    **10.22**   WDPR may communicate with Class Members in the ordinary course of its operations.  WDPR will refer inquiries regarding this Agreement and administration of the Settlement to the Settlement Administrator or Class Counsel.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: ___9/7/2023___

**JENALE NIELSEN**

By: _Jenale Nielsen_____

*Jenale Nielsen, individually and as representative of the Class*

Dated: _____

**WALT DISNEY PARKS AND RESORTS U.S., INC.**

By:_____

Name: Clark Jones

Title: Senior Vice President and Assistant Secretary, Walt Disney Parks and Resorts U.S., Inc.


**AGREED AS TO ALL OBLIGATIONS OF CLASS COUNSEL:**

Dated: ___9/7/2023___

**VENTURA HERSEY AND MULLER LLP**

By: _Daniel Muller_____

**CAFFERTY CLOBES MERIWETHER AND SPRENGEL LLP**

By: _Bryan L. Clobes_____

*Class Counsel, Attorneys for Class Representative and the Settlement Class*

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____          **JENALE NIELSEN**

                                By:_____
                                *Jenale Nielsen, individually and as representative*
                                *of the Class*

Dated:  9/7/2023                **WALT DISNEY PARKS AND RESORTS U.S., INC.**

                                By Clark Jones_____

                                Name: Clark Jones

                                Title: Senior Vice President and Assistant
                                Secretary, Walt Disney Parks and Resorts U.S., Inc.


**AGREED AS TO ALL OBLIGATIONS OF CLASS COUNSEL:**


Dated: _____          **VENTURA HERSEY AND MULLER LLP**

                                By: _____


                                **CAFFERTY CLOBES MERIWETHER AND SPRENGEL
                                LLP**

                                By: _____


                                *Class Counsel, Attorneys for Class Representative*
                                *and the Settlement Class*

# Exhibit A

# *Disneyland Dream Key Pass Settlement*

In the United States District Court for the Central District of California
(Case No. 8:21-cv-02055-DOC-ADS)

### **Address Update Form**

You are receiving this form because you purchased a Dream Key Pass from Walt Disney Parks & Resorts U.S., Inc. ("WDPR"). A class action lawsuit was filed against WDPR asserting contract and consumer protection claims about the Dream Key Pass. WDPR denies those claims. The Parties entered into a class action settlement and have requested Court approval. If the Settlement is approved by the Court, you will be entitled to compensation as part of the settlement. If the Settlement is approved, Payment will be made to all individuals who purchased a Dream Key Pass. You will receive an email to your last known email address from noreply@epiqpay.com and you can select from multiple popular digital payment options such as Venmo, PayPal or ACH transfer or to receive a payment by check. If no email is available, the email sent to you is undeliverable, or you do not make a selection, payment will be made by check to your last known mailing address.

Please complete this form by [DATE], if you wish to update your email or mail address.

**You are not required to complete this form in order to receive a payment. If you do not complete this form, and if the Court approves the Settlement, you will receive your share of the Settlement Fund as described above. This form is simply to update your email and/or mailing address.**

Provide the Unique ID located on your Notice email or postcard: _____

## **OPTION ONE: RECEIVE ELECTRONIC PAYMENT**

Confirm your email address below and an email will be sent from noreply@epiqpay.com to the email address you provide, prompting you to elect your method of payment. Electronic payment methods, including Venmo, Paypal and ACH will be available, or you can elect to receive a check. Please ensure you have provided a current and complete email address.

Email Address for Payment Election Notification: _____

## **OPTION TWO: RECEIVE CASH PAYMENT BY CHECK**

If you need to update your name or address to receive a check, provide the information below:

Claimant's First Name: _____ MI: _____ Last Name: _____
Address 1 (street name and number): _____
Address 2 (apartment, unit, suite or box number): _____
City: _____ State: _____ Zip Code: _____

**Signature**: _____ **Date**: _____

Return this form to the following address, postmarked no later than [DATE]:
[SETTLEMENT ADMIN]

# Exhibit B

# If you purchased a Dream Key annual Pass to the Disneyland Resort, you may be eligible for a payment from a class action settlement.

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

A Settlement has been reached in a class action lawsuit concerning Dream Key annual passes to the Disneyland Resort sold by Walt Disney Parks and Resorts U.S., Inc. ("WDPR"). The lawsuit claims WDPR made misrepresentations in marketing of the Dream Key pass and breached its contracts with Dream Key pass holders when it promised purchasers that they could make reservations to access Disney's Disneyland Park and California Adventure Park with "no blockout dates" and whenever park reservations were available but failed to provide Dream Key passholders with access to park reservations as promised. Disney denies all of the claims and denies any liability or wrongdoing.

**WHO IS INCLUDED?** **Disney's records show you likely are a member of the Settlement Class**. The Settlement Class includes all persons who purchased a Dream Key, which were sold by WDPR between August 25, 2021 and October 25, 2021.

**SETTLEMENT BENEFITS.** If approved, the Settlement will provide a Cash Award to all Class members. Class members will receive an equal share from a proposed $9,500,000.00 Settlement Fund, after deductions for attorneys' fees, costs, and expenses, a service award to the Representative Plaintiff, and settlement administration costs. To accept the Settlement and receive payment from the Settlement Fund, **Settlement Class Members do not have to do anything**. Upon final approval of the Settlement, the Settlement Administrator will send an email to each Class Member's last known email address prompting Settlement Class members to elect a method of payment. Popular electronic payment options such as Venmo and PayPal will be available, or Settlement Class members can elect a check. If no payment election is made, or if email addresses are unavailable or unable to be delivered, the Settlement Administrator will **automatically** mail a check to each Settlement Class Member's last known mailing address. Mailed checks will expire after 90 days. After the checks expire, a supplemental payment may be made to Settlement Class Members.

**OTHER OPTIONS.** If you do nothing, you will remain in the Class, and you will be bound by the decisions of the Court and give up your rights to sue Disney for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by [**Month Day, 2023**]. If you stay in the Settlement, you may object to it by [**Month Day, 2023**]. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website below or call 1-XXX-XXX-XXXX for a copy of the more detailed notice. On [**DATE**], the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees of $2,375,000, costs and expenses, and an incentive award of $5,000 for the Representative Plaintiff. The Motion for attorneys' fees will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |
|---|---|

**All capitalized terms in this notice are defined in the Settlement Agreement**

# Exhibit C

## CLASS ACTION SETTLEMENT NOTICE

**IF YOU PURCHASED A DREAM KEY ANNUAL PASS TO THE DISNEYLAND RESORT YOU MAY BE ELIGIBLE FOR A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*Si desea recibir esta notificación en español, llámenos o visite nuestra página web.*

**Your Class Member ID is: _____**

**For more information, visit www.xxxxxxxx.com**

A Settlement has been reached in a class action lawsuit concerning Dream Key annual passes sold to the Disneyland Resort by Walt Disney Parks and Resorts U.S., Inc. ("WDPR"). The lawsuit claims WDPR made misrepresentations in marketing the Dream Key pass and breached its contracts with Dream Key pass holders when it promised purchasers that they could make reservations to access to Disney's Disneyland Park and California Adventure Park with "no blockout dates" and whenever park reservations were available but failed to make reservations as promised. Disney denies all of the claims and denies any liability or wrongdoing.

**WHO IS INCLUDED?** **Disney's records show you likely are a member of the Settlement Class**. The Settlement Class includes all persons who purchased a Dream Key, which were sold by WDPR between August 25, 2021 and October 25, 2021.

**SETTLEMENT BENEFITS.** If approved, the Settlement will provide a Cash Award to all Class members. Class members will receive an equal share from a proposed $9,500,000.00 Settlement Fund, after deductions for attorneys' fees, costs, and expenses, a service award to the Representative Plaintiff, and settlement administration costs. To accept the Settlement and receive payment from the Settlement Fund, **Settlement Class Members do not have to do anything.** Upon final approval of the Settlement, the Settlement Administrator will send an email to each Class Member's last known email address from noreply@epicpay.com and you will be provided an opportunity to select from multiple popular digital options such as Venmo, PayPal and ACH transfer, or you can choose to receive a check. If email is unavailable or is undeliverable, or you do not select a form of digital payment, the Settlement Administrator will **automatically** mail a check to your last known mailing address. If you need to update your email or mailing address, you can visit the Settlement website below to complete the Address Update Form. A supplemental payment may be made to Settlement Class Members after the mailed checks expire.

**OTHER OPTIONS.** If you do nothing, you will remain in the Class, and you will be bound by the decisions of the Court and give up your rights to sue Disney for the claims resolved by this Settlement. If you do not want to be legally bound by the Settlement, you must exclude yourself by [**Month Day, 2023**]. If you stay in the Settlement, you may object to it by [**Month Day, 2023**]. A more detailed notice is available to explain how to exclude yourself or object. Please visit the website below or call 1-XXX-XXX-XXXX for a copy of the more detailed notice. On [**DATE**], the Court will hold a Fairness Hearing to determine whether to approve the Settlement, Class Counsel's request for attorneys' fees, costs, and expenses of $2,375,000, and an incentive award of $5,000 for the Representative Plaintiff. The Motion for attorneys' fees will be posted on the website after it is filed. You or your own lawyer, if you have one, may ask to appear and speak at the hearing at your own cost, but you do not have to. This is only a summary. For more information, call or visit the website below.

*Legal Notice: A Court authorized this Notice. This is not solicitation from a lawyer.*

| www.XXXXXXXXX.com | 1-XXX-XXX-XXXX |
|---|---|

# Exhibit D

# If you purchased a Dream Key annual pass to the Disneyland Resort, you may be eligible for a payment from a class action settlement.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- A Settlement has been reached with Walt Disney Parks and Resorts U.S., Inc. ("WDPR" or "Disney") in a class action lawsuit about WDPR's Dream Key annual passes.

- The proposed Settlement resolves a lawsuit brought on behalf of persons who allege that WDPR breached contractual promises made to Dream Key purchasers and violated the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750, *et seq.*) by failing to make certain park reservations available to Dream Key passholders and misrepresenting the availability of park access, despite promising that purchase of a Dream Key pass allowed purchasers to make reservations with "no blockout dates" and whenever park reservations were available.

- The Settlement includes all persons who purchased a Dream Key, which were sold by WDPR between August 25, 2021 and October 25, 2021.

- The Settlement provides payments to all persons who purchased a Dream Key.

**Your legal rights are affected even if you do nothing. Read this Notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Do Nothing** | To accept the Settlement and receive payment from the Settlement Fund, ***you do not have to do anything***. If the Court approves the Settlement, the Settlement Administrator will send an email to your last known email address from noreply@epiqpay.com and you will be provided an opportunity to select from multiple popular digital payment options such as Venmo, PayPal or ACH transfer, or you can choose to receive a payment by check. If no email is available, the email sent to you is undeliverable, or you do not make a selection, payment will be made by check to your last known mailing address. |
| **Ask to be Excluded** | You may exclude yourself from the Settlement. If you do so, you will **not** receive any cash payment. This is the only option that allows you to retain the right to sue Disney over the claims resolved by this Settlement.<br><br>You must exclude yourself by [**DATE**]. |
| **Object** | If you do not ask to be excluded, you may write to the Court about why you do not like the Settlement.<br><br>You must object by [**DATE**]. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to grant final approval of the Settlement. Payments will only be made after the Court grants final approval of the Settlement and after appeals, if any, are resolved.

**Questions? Call [INSERT PHONE #] or visit [INSERT WEBSITE]**

| WHAT THIS NOTICE CONTAINS |
|---|

**BASIC INFORMATION**..................................................................................**Page 3**
1.   Why was this Notice issued?
2.   What is this lawsuit about?
3.   Why is this lawsuit a class action?
4.   Why is there a Settlement?

**WHO IS IN THE SETTLEMENT?**.......................................................................**Page 3**
5.   How do I know if I am included in the Settlement?
6.   What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS** ........................................................................**Page 4**
7.   What does the Settlement provide?

**HOW TO GET BENEFITS**..................................................................................**Page 5**
8.   How do I get benefits?

**REMAINING IN THE SETTLEMENT** ................................................................**Page 4**
9.   Do I need to do anything to remain in the Settlement?
10.  What am I giving up as part of the Settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.........................................**Page 5**
11.  If I exclude myself, can I get a payment from this Settlement?
12.  If I do not exclude myself, can I sue Disney for the same thing later?
13.  How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU**..............................................................**Page 5**
14.  Do I have a lawyer in this case?
15.  How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ................................................................**Page 6**
16.  How do I tell the Court that I do not like the Settlement?
17.  What is the difference between objecting and asking to be excluded?

**THE COURT'S FAIRNESS HEARING** ...............................................................**Page 7**
18.  When and where will the Court decide whether to approve the Settlement?
19.  Do I have to attend the hearing?
20.  May I speak at the hearing?

**GETTING MORE INFORMATION** .....................................................................**Page 8**
21.  How do I get more information?

# BASIC INFORMATION

## 1. Why was this Notice issued?

The Court authorized this notice because you have a right to know about the proposed Settlement in this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the Settlement. This notice explains the legal rights and options that you may exercise before the Court decides whether to approve the Settlement.

Judge David O. Carter of the United States District Court for the Central District of California is overseeing this case. The case is known as *Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, Case No. 8:21-cv-02055-DOC-ADS. The person who sued, Jenale Nielsen, is called the Plaintiff. Disney is called the Defendant.

## 2. What is this lawsuit about?

The lawsuit claims that Disney misrepresented the features of its Dream Key pass by marketing it as having "no blockout dates" and that Dream Key passholders would be able to make reservations for Disney's California theme parks whenever park reservations were available. The lawsuit asserts claims for breach of contract and violation of the California Consumer Legal Remedies Act based on Disney's alleged misrepresentations and alleges that Dream Key passholders were not provided with access to park reservations as promised. The lawsuit seeks compensation for purchasers of Dream Key passes.

Disney denies all of the Plaintiff's claims and denies all liability and any wrongdoing.

## 3. Why is this lawsuit a class action?

In a class action, one or more people called "Representative Plaintiffs" sue on behalf of all people who have similar claims. All of these people together are the "Class" or "Class Members." In this case, the Representative Plaintiff is Jenale Nielsen. One court resolves the issues for all Class Members, except for those who exclude themselves from the Class.

## 4. Why is there a Settlement?

By agreeing to settle, both sides avoid the cost and risk of a trial. The Representative Plaintiff and her attorneys believe the Settlement is fair, reasonable, and adequate and, thus, best for the Class and its members. The Settlement does not mean that Disney did anything wrong.

# WHO IS IN THE SETTLEMENT?

## 5. How do I know if I am included in the Settlement?

If you received a notice by postcard or email about the settlement, you are probably a member of the Settlement Class. You are a member of the Settlement Class if you purchased a Dream Key.

Specifically excluded from the Settlement Class are: (i) Disney and its officers and directors; (ii) all Settlement Class Members who timely and validly request exclusion from the Settlement

Class; (iii) the Judge assigned to evaluate the fairness of this settlement; and (iv) the attorneys representing the Parties in the Litigation.

| | |
|---|---|
| **6. What if I am not sure whether I am included in the Settlement?** | |

If you are not sure whether you are included in the Settlement, you may call [INSERT PHONE #] with questions or visit [INSERT WEBSITE]. You may also write with questions to [INSERT CLAIMS ADMINISTRATOR MAILING INFORMATION]. Please do not contact the Court with questions.

# THE SETTLEMENT BENEFITS

| | |
|---|---|
| **7. What does the Settlement provide?** | |

Disney has agreed to create a $9,500,000.00 Settlement Fund. If the Court approves the Settlement, and you do not exclude yourself from the Settlement Class, you will automatically receive an equal share of the Settlement Fund after deductions for the Settlement Administrator's expenses, attorneys' fees, costs, and expenses for Class Counsel, and a Service Award for the Class Representative. The exact amount of each Settlement Class member's payment is unknown at this time, but the per-person amount is estimated to be approximately $67.41. The attorneys who brought this lawsuit, listed below, will ask the Court to award them attorneys' fees in an amount up to 25% of the Settlement Fund, plus their reasonable costs and expenses, for the substantial time, expense, and effort spent investigating the facts, litigating the case, and negotiating the settlement. The Class Representative will also apply to the Court for a payment of up to $5,000.00 for her time, effort, and service in this matter.

# HOW TO GET BENEFITS

| | |
|---|---|
| **8. How do I get benefits?** | |

To receive a payment from the Settlement Fund, *you do not have to do anything*. If the Court approves the Settlement, the Settlement Administrator will ***automatically*** send an email to your last known email address from noreply@epiqpay.com and you will be provided an opportunity to select from multiple popular digital payment options such as Venmo, Paypal or ACH transfer, or you can choose to receive a payment by check. If no email is available, the email sent to you is undeliverable, or you do not make a selection, payment will be made by check to your last known mailing address. To update your email or mail address, you may visit the Settlement website to provide your updated information by completing an Address Update Form. Mailed checks expire after 90 days. A supplemental payment may be made to Settlement Class Members if, after the initial payment expires, there is a sufficient amount in the Settlement Fund to permit a Supplemental Cash Award payment of at least $10 per Settlement Class Member.

# REMAINING IN THE SETTLEMENT

| | |
|---|---|
| **9. Do I need to do anything to remain in the Settlement?** | |

You do not have to do anything to remain in the Settlement.

**10. What am I giving up as part of the Settlement?**

If the Settlement becomes final, you will give up your right to sue Disney for the claims being resolved by this Settlement. The specific claims you are giving up against Disney are described in Section 1.27 of the Settlement Agreement. You will be "releasing" Disney and all related people or entities as described in Section 1.28 of the Settlement Agreement. The Settlement Agreement is available at [INSERT WEBSITE].

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully. If you have any questions you can talk to the law firms listed in Question 14 for free or you can, of course, talk to your own lawyer at your own expense.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from this Settlement but you want to keep the right to sue Disney about the issues in this case, then you must take steps to exit the Settlement Class. This is called excluding yourself from—or is sometimes referred to as "opting out" of—the Settlement Class.

**11. If I exclude myself, can I get a payment from this Settlement?**

No. If you exclude yourself, you will not be entitled to any benefits of the Settlement, but you will not be bound by any judgment in this case.

**12. If I do not exclude myself, can I sue Disney for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue Disney for the claims that this Settlement resolves. You must exclude yourself from the Settlement Class to start your own lawsuit or to be part of any different lawsuit relating to the claims in this case.

**13. How do I exclude myself from the Settlement?**

To exclude yourself, you are required to send a letter that says you want to be excluded from the Settlement in *Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, Case No. 8:21-cv-02055-DOC-ADS. Include your name, address, telephone number and signature. You must mail your Exclusion Request postmarked by [Month Day, 2023], to:

Dream Key Settlement Exclusions
[PO Box XXXXX
CITY, STATE ZIP CODE]

## THE LAWYERS REPRESENTING YOU

**14. Do I have a lawyer in this case?**

Yes. The Court appointed the following lawyers as "Class Counsel": Cafferty Clobes Meriwether & Sprengel LLP, 135 S. LaSalle, Suite 3210, Chicago, IL 60603, and Ventura Hersey & Muller LLP, 1506 Hamilton Avenue, San Jose, CA 95125. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 15. How will the lawyers be paid?

Class Counsel will request the Court's approval of an award for attorneys' fees not to exceed 25% of the Settlement Fund and verified costs and expenses. Class Counsel will also request approval of an incentive award of $5,000 for the Representative Plaintiff.

# OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

## 16. How do I tell the Court that I do not like the Settlement?

You can object to the Settlement if you do not like it or some part of it. The Court will consider your views. To do so, you must file a written objection in this case, *Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, Case No. 8:21-cv-02055-DOC-ADS.

Your objection must include all of the following:

- your full name, address, telephone number, and e-mail address (if any);

- information identifying you as a Settlement Class Member, including proof that you are a member of the Settlement Class, which is described in response to Question 5;

- a written statement of all grounds for the objection, accompanied by any legal support for the objection that you believe is applicable;

- the identity of all counsel representing you, if any, in connection with your objection;

- the identity of all counsel representing you who will appear at the Final Fairness Hearing;

- a statement confirming whether you intend to personally appear and/or testify at the Final Fairness Hearing;

- your signature and the signature of your duly authorized attorney or other duly authorized representative (along with documentation setting forth such representation);

- a list, by case name, court, and docket number, of all other cases in which you (directly or through counsel) have filed an objection to any proposed class action settlement; and

- a list, by case name, court, and docket number, of all other cases in which your counsel (on behalf of any person or entity) has filed an objection to any proposed class action settlement.

Your objection must be filed with the Court. In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel, postmarked no later than [**Month Day, 2023**]:

**Questions? Call [INSERT PHONE #] or visit [INSERT WEBSITE]**

6

| CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|
| Nickolas J. Hagman<br>**Cafferty Clobes Meriwether & Sprengel LLP**<br>135 S. LaSalle Street, Suite 3210<br>Chicago, IL 60603<br><br>Daniel J. Muller<br>Anthony F. Ventura<br>**Ventura Hersey & Muller, LLP**<br>1506 Hamilton Avenue<br>San Jose, California 95125 | Alan Schoenfeld<br>**Wilmer Cutler Pickering Hale and Dorr LLP**<br>7 World Trade Center<br>250 Greenwich Street<br>New York, NY 10007 |

| **17. What is the difference between objecting and asking to be excluded?** |
|---|

Objecting is telling the Court that you do not like the Settlement and why you do not think it should be approved. You can object only if you do not exclude yourself from the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object because the Settlement no longer affects you.

# THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to grant final approval of the Settlement.

| **18. When and where will the Court decide whether to approve the Settlement?** |
|---|

The Court will hold a Fairness Hearing at __:__ _.m. on [**Month Day, 2023**], at the United States District Court for the Central District of California located at 411 West Fourth Street, Courtroom 10 A, Santa Ana, CA 92701. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check [INSERT WEBSITE] or call [INSERT PHONE #]. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are timely objections, the Court will consider them and will listen to people who have asked to speak at the hearing if such a request has been properly made. The Court will also rule on the request for an award of attorneys' fees and reasonable costs and expenses, as well as the request for an incentive award for the Representative Plaintiff. After the hearing, the Court will decide whether to approve the Settlement. We do not know how long these decisions will take.

| **19. Do I have to attend the hearing?** |
|---|

No. Class Counsel will present the Settlement Agreement to the Court. You or your own lawyer are welcome to attend at your expense, but you or they are not required to do so. If you send an objection, you do not have to come to the Court to talk about it. As long as you filed your written objection on time with the Court and mailed it according to the instructions provided in Question 16, the Court will consider it.

| **20. May I speak at the hearing?** |
|---|

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must file an objection according to the instructions in Question 16, including all the information required. Your

Objection must be **filed** no later than [**Month Day, 2023**]. In addition, you must **mail** a copy of your objection to both Class Counsel and Defense Counsel listed in Question 16, postmarked no later than [**Month Day, 2023**].

## GETTING MORE INFORMATION

| 21. How do I get more information? |
|---|

This Notice summarizes the proposed Settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement at [INSERT WEBSITE]. You may also write with questions to [INSERT CLAIMS ADMINISTRATOR MAILING INFORMATION]. You can also get a Claim Form at the website or by calling the toll-free number, [INSERT PHONE #].

# Exhibit E

1

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

2

3  JENALE NIELSEN, individually and on            Case No.: 8:21-cv-02055-DOC-ADS
   behalf of others similarly situated,

4                      Plaintiff,                   **[PROPOSED] ORDER GRANTING**
5                                                   **PRELIMINARY APPROVAL OF**
            vs.                                     **CLASS ACTION SETTLEMENT**
6  WALT DISNEY PARKS AND
7  RESORTS U.S., Inc., a Florida                    Judge: Hon. David O. Carter
   Corporation, and DOES 1 through 10,             Courtroom: 9D
8  inclusive,

9                      Defendants.

10

11         Before the Court is Plaintiff's Unopposed Motion for Preliminary Approval

12  of Class Action Settlement ("Motion"). ECF No. XX. Plaintiff Jenale Nielsen

13  ("Plaintiff"), individually and on behalf of the proposed Settlement Class, and

14  Defendant Walt Disney Parks and Resorts U.S., Inc. ("Defendant") (together with

15  Plaintiff, the "Parties) have entered into a Class Action Settlement Agreement dated

16  September 7, 2023 (the "Settlement Agreement") that, subject to the Court's

17  approval and final hearing on the matter, will resolve this lawsuit.

18         The Court, having considered the Motion, the supporting memorandum of

19  law, the parties' Settlement Agreement, the proposed forms of notice to the

20  Settlement Class, the pleadings and the record in this Action, and the statements of

21  counsel and the parties, HEREBY ORDERS as follows:

22         1.     Unless otherwise defined herein, all terms capitalized herein shall have

23  the same definitions ascribed to them as in the Settlement Agreement.

24         2.     The Court retains continuing and exclusive jurisdiction over this

25  litigation, including Class Representative, Defendant, and Settlement Class

26  members, and all matters arising out of or connected with the settlement, including

27  the administration and enforcement of the Settlement Agreement.

28

**Preliminary Approval**

3.    The Court has carefully reviewed all of the terms of the proposed Settlement Agreement, all corresponding and supporting documents attached thereto, Plaintiff's Motion and corresponding papers filed therewith, including the declarations by counsel and Epic Systems, Inc. Based on its review of these documents, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and the result of vigilant, informed, non-collusive arms'-length negotiations overseen by an experienced, highly qualified neutral mediator, the Honorable Judge Jay Gandhi (Ret.). The Court further finds that the Settlement Agreement is the result of substantial discovery and the parties' knowledge of the strengths and weaknesses of the case. The relief provided by the Settlement Agreement outweighs the substantial cost, delay, and risks presented by further prosecution of the issues during pre-trial, trial, and possible appeal. Based on these factors, the Court finds that the terms of the Settlement Agreement meets the criteria for preliminary settlement approval, are fair, reasonable, and adequate, and fall within the range of possible approval.

4.    The Court hereby **GRANTS** preliminary approval of the Settlement Agreement and all of the terms and conditions contained therein.

**Preliminary Certification of the Settlement Class**

5.    The Court preliminarily certifies, for settlement purposes only pursuant to Federal Rule of Civil Procedure 23(e), the Settlement Class defined in the Settlement Agreement as follows:

**Settlement Class:**

All Persons who purchased a Dream Key.

Specifically excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant; (3) Persons who properly execute and file a timely request for exclusion from the

class; and (4) the legal representatives, successors, or assigns of any such excluded persons. The Settlement Class is estimated to include 103,435 individuals.

6.      The Court preliminarily finds that the Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(a) for settlement purposes: (1) the Settlement Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the Class Representative's claims are typical of the Settlement Class; and (4) the Class Representative and her Counsel fairly and adequately protects the interests of the Settlement Class.

7.      The Court hereby appoints Jenale Nielsen as the Class Representative of the Settlement Class.

8.      The Court hereby appoints Cafferty Clobes Meriwether & Sprengel LLP and Ventura Hersey & Muller, LLP as Settlement Class Counsel.

### Notice and Administration

9.      Pursuant to the Settlement Agreement, the parties have designated Epic Systems, Inc. ("Epic") as the Claims Administrator. Epic shall perform all duties necessary for notice and administration as set forth in the Settlement Agreement. Pursuant to the Settlement Agreement, Epic will make important documents, such as the Settlement Agreement and Address Update Form (which Settlement Class members have the option to submit online), accessible on the settlement website.

10.     The Court finds that the Class Notice plan as set forth in the Settlement Agreement satisfies the requirements of due process and provides the best notice practicable under the circumstances pursuant to Federal Rule of Civil Procedure 23(e)(1). The Class Notice plan is reasonably calculated to inform the Settlement Class members of the nature of the litigation, the terms and conditions of the Settlement Agreement, the right of Settlement Class members to object to the Settlement Agreement or exclude themselves from the Settlement Class, including

instructions about the process for doing so, and the Final Approval Hearing details. The Court approves the Class Notice plan, including the Claim Form, and directs the Settlement Administrator and the parties to proceed with providing Notice to the Settlement Class as set forth in the Settlement Agreement and this Order.

### Settlement Class Member Exclusions and Objections

11.    Settlement Class members who request to opt-out and exclude themselves from the Settlement Class must do so by notifying the Settlement Administrator in writing. To be valid, the opt-out request must be mailed to the Settlement Administrator no later than 60 days after the Notice Date, must be in writing and must state the name, address, and telephone number of the person seeking exclusion, and must contain a signed statement unequivocally stating the Settlement Class Member's intent to be excluded from the Settlement. Settlement Class members who submit a valid and timely request for exclusion will not be bound by the terms of the Settlement Agreement. Any Settlement Class member who does not submit a timely request for exclusion in accordance with the Settlement Agreement will be included in the Settlement and bound by the Settlement Agreement upon entry of the Final Judgment and Order.

12.    Settlement Class members who wish to object to the Settlement Agreement must do so by submitting a written objection to the Settlement Administrator, signed by the objector, in accordance with the procedures outlined in the Class Notice and this Order, filed or postmarked no later than 60 days after the Notice Date and must include the following information:

        i)    The name of this proceeding (*Nielsen v. Walt Disney Parks and Resorts U.S., Inc.*, No. 8:21-cv-02055-DOC-ADS or similarly identifying words such as Disney Dream Key Lawsuit);

        ii)    The objector's name, address and telephone number;

iii)   an explanation of the basis upon which the objector claims to be a Settlement Class Member;

iv)   all grounds for the objection, including all citations to legal authority and evidence supporting the objection;

v)   the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); and

vi)   a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules).

13.   Any Settlement Class member who does not timely submit a written objection pursuant to the procedures outlined above and the procedures detailed in the Class Notice and Settlement Agreement waives the right to object or be heard at the Final Approval Hearing, shall be forever barred from making any objection to the Settlement Agreement, and will be bound by the Settlement Agreement upon entry of the Final Judgment and Order.

**Final Approval Hearing**

14.   The Court will hold a Final Approval Hearing on _____, 2023, at _____ [a.m./p.m.], in Courtroom 10 A of the United States District Court for the Central District of California, Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, CA, 92701-4516.

15.   At the Final Approval Hearing, the Court will review, and rule on, the following issues:

i)      Whether this matter should be finally certified as a class action for settlement purposes under Fed. R. Civ. P. 23(a) and (b)(3);

ii)     Whether the settlement should be approved as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e);

iii)    Whether this lawsuit should be dismissed with prejudice pursuant to the terms of the Settlement Agreement;

iv)     Whether the Settlement Class members should be bound by the releases set forth in the Settlement Agreement;

v)      Whether the application of Class Counsel for an award of attorneys' fees, costs, and expenses and service awards should be approved under Fed. R. Civ. P. 23(h); and

vi)     Any other issues the Court deems appropriate.

16.     Settlement Class members do not need to attend the Final Approval Hearing, nor take any other action to indicate their approval of the proposed Settlement Agreement. However, any Settlement Class members who wish to be heard must appear at the Final Approval Hearing. The Final Approval Hearing may be postponed, adjourned, transferred, or continued without further notice to the Settlement Class members.

**Settlement Administration Timeline, Injunction, and Termination**

17.     To facilitate the timely administration of this case, the Court hereby sets the following schedule:

| Event | Deadline |
| --- | --- |
| Defendant to provide Settlement Class member data to the Claims Administrator | 14 days after entry of this Order |

| Event | Deadline |
|---|---|
| Last day for Settlement Administrator to email Settlement Notice to Settlement Class Members (the "Notice Date") | 30 days after entry of this Order |
| Last day for Settlement Administrator to mail Settlement Notice to Settlement Class Members | 14 days from the Notice Date |
| Last day for Settlement Class Members to submit Address Update Forms | 60 Days from the Notice Date |
| Deadline to Submit Motion for Attorneys' Fees, Costs and Service Awards | At Least 14 Days Before the Objection Deadline |
| Deadline to Object and Comment on Settlement | 60 Days from the Notice Date |
| Deadline to Submit Request for Exclusion | 60 Days from the Notice Date |
| Final Approval Hearing | TBD |

18.     All proceedings and deadlines in this matter, except those required to implement this Order and the Settlement Agreement, are hereby stayed and suspended until further order from the Court.

19.     In the event that the Settlement Agreement is terminated pursuant to the terms of the Settlement Agreement, (1) the Settlement Agreement and this Order shall become null and void and shall be without prejudice to the rights of the parties,

shall have no further force or effect, and shall not be used in this litigation or any other proceedings for any purpose other than as necessary to enforce the terms of the Settlement Agreement that survived termination, (2) this litigation will revert to the status that existed before the Settlement Agreement was executed, and (3) no term(s) or draft(s) of the Settlement Agreement or any part of the settlement discussions, negotiations, or documentation of any kind, related to the Settlement Agreement, whatsoever, shall (a) be admissible into evidence for any purpose in this litigation or in any other action or proceeding other than as may be necessary to enforce the terms of the Settlement Agreement that survived termination, (b) be deemed an admission or concession by any settling party regarding the validity of any of the Released Claims or the propriety of certifying any class against Defendant, or (c) be deemed an admission or concession by any of the parties regarding the truth or falsity of any facts alleged in the litigation or the availability or lack of availability of any defense to the Released Claims.

**IT IS SO ORDERED.**

DATED: _____, 2023    _____

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE

8