JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENALE NIELSEN, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WALT DISNEY PARKS AND RESORTS U.S., Inc., a Florida Corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 8:21-cv-02055-DOC-ADS<br><br>**FINAL JUDGMENT AND ORDER [93][98]**<br><br>Judge: Hon. David O. Carter<br>Courtroom: 9D |

Before the Court is Plaintiff's unopposed motion requesting an order granting Final Approval of the proposed Class Action Settlement Agreement ("the Settlement Agreement") between Plaintiff Jenale Nielsen ("Plaintiff"), individually and on behalf of the proposed Settlement Class, and Defendant Walt Disney Parks and Resorts U.S., Inc. ("Defendant") (together with Plaintiff, the "Parties), as fair, reasonable, and adequate, awarding attorneys' fees and costs to Settlement Class Counsel as outlined herein, and awarding a service award to Plaintiff as detailed below.

On October 16, 2023, the Court granted preliminary approval to the Parties' proposed Class Action Settlement Agreement. ECF No. 92.

Commencing on September 15, 2023, pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, Epiq Class Action and Claims Solutions, Inc. ("Epiq") provided Notice[1] to the Settlement Class members in compliance with Section 4 of the Settlement Agreement and the Class Notice plan, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice:

(a) fully and accurately informed Settlement Class members about this case and the existence and terms of the Settlement Agreement;

(b) advised Settlement Class members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class members were able to decide whether to accept the benefits offered, exclude themselves from the Settlement and pursue their own remedies, or object to the proposed settlement;

---

[1] Unless otherwise defined herein, all terms capitalized herein shall have the definitions provided in the Settlement Agreement.

  (c) provided procedures for Settlement Class members to file written objections to the proposed Settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

  (d) provided the time, date, and place of the Final Approval Hearing.

On February 20, 2024, the Court held a Final Approval Hearing to determine whether the proposed Settlement is fair, reasonable, and adequate and whether judgment should be entered. The Court has reviewed Plaintiffs' Motion for Final Approval of Class Action Settlement and Plaintiffs' Motion for an Award off Attorneys' Fees, Costs, and A Service Award (together, the "Motions") and all supporting materials, including but not limited to the Settlement Agreement and the exhibits thereto. The Court has also considered the oral argument of counsel. Based on this review and the findings below, the Court finds good cause to grant the Motions.

  IT IS HEREBY ORDERED:

  1. The Court has jurisdiction over the subject matter of this litigation, all claims raised therein, and all Parties thereto, including the Settlement Class.

  2. The Court has carefully reviewed all of the terms of the proposed Settlement Agreement, all corresponding and supporting documents attached thereto, the Motions and corresponding papers filed therewith, including the declarations by counsel and Epic Systems, Inc. Based on its review of these documents, the Court finds the Settlement Agreement to be fair, reasonable, and adequate, and the result of vigilant, informed, non-collusive arm's-length negotiations overseen by an experienced, highly qualified neutral mediator, the Honorable Judge Jay Gandhi (Ret.). The Court further finds that the Settlement Agreement is the result of substantial discovery and the parties' knowledge of the strengths and weaknesses of the case. The relief provided by the Settlement Agreement outweighs the substantial cost, delay, and risks presented by further

prosecution of the issues during pre-trial, trial, and possible appeal. Based on these factors, the Court finds that the terms of the Settlement Agreement meet the criteria for final settlement approval and are fair, reasonable, and adequate.

3. The Court hereby **GRANTS** final approval of the Settlement Agreement in full, including but not limited to the releases therein and the procedures for effecting the Settlement. All Settlement Class members who have not excluded themselves from the Settlement Class are bound by this Final Judgment and Order.

### Objections And Requests For Exclusion

4. No one objected to the Settlement in accordance with the manner set forth in the Settlement Agreement. All Settlement Class Members have therefore waived all objections to the Settlement.

5. Seven persons made valid and timely requests to be excluded from the settlement and the Settlement Class ("Opt-Out Class Members"). The Opt-Out Class Members are not bound by the Settlement Agreement and this Final Judgment and Order and shall not be entitled to any of the benefits afforded to Settlement Class members under the Settlement Agreement.

### Certification of the Settlement Class

6. Solely for purposes of the Settlement Agreement and this Final Judgment and Order, the Court hereby certifies the following Settlement Class:

**Settlement Class:**

All Persons who purchased a Dream Key.

Specifically excluded from the Settlement Class are (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant; (3) Persons who properly executed and filed a timely request for exclusion from the class; and (4) the legal representatives, successors, or assigns of any such excluded persons. The Settlement Class is estimated to include 103,431 individuals.

7.	The Court incorporates its preliminary conclusions in the Preliminary Approval Order regarding the satisfaction of Federal Rules of Civil Procedure 23(a). Specifically, the Court finds, for settlement purposes, that: (1) the Settlement Class is sufficiently numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the Settlement Class; (3) the Class Representative's claims are typical of the Settlement Class; and (4) the Class Representative and her Counsel fairly and adequately protect the interests of the Settlement Class.

8.	The Court grants final approval to Jenale Nielsen as the Class Representative of the Settlement Class.

9.	The Court grants final approval to Cafferty Clobes Meriwether & Sprengel LLP and Ventura Hersey & Muller, LLP as Settlement Class Counsel.

### Notice and Administration

10.	The Court finds that the Class Notice plan provided for in the Settlement Agreement and effectuated pursuant to the Preliminary Approval Order: (i) was the best notice practicable under the circumstances; (ii) was reasonably calculated to provide, and did provide, due and sufficient notice to the Settlement Class regarding the existence and nature of this case, certification of the Settlement Class for settlement purposes only, the existence and terms of the Settlement Agreement, and the rights of Settlement Class members to exclude themselves from the settlement, to object and appear at the Final Approval Hearing, and to receive benefits under the Settlement Agreement; and (iii) satisfied the requirements of the Federal Rules of Civil Procedure, the United States Constitution, and all other applicable law.

### Attorneys' Fees, Costs, and Service Award

11.	Plaintiff asks the Court for an attorneys' fees award of $2,375,000.00. (Dkt. 93.) The requested fee award would constitute 25% of the total class benefit,

5

1  which is $9,500,000.00. Plaintiff also seeks $191,937.71 for reimbursement of litigation costs and expenses.

12. The Court awards $2,375,000.00 in attorneys' fees, and $191,937.71 for reimbursement of costs. The Court finds the foregoing amounts to be fair and reasonable. Payment of these awards shall be made pursuant to the procedures in Section 8.2 of the Settlement Agreement.

13. The Court awards a Service Award of $5,000.00 to Plaintiff Jenale Nielsen. The Court finds this amount is justified by Plaintiff's service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in Section 8.3 of the Settlement Agreement.

**Release**

14. Each Settlement Class member, including the Class Representative, are: (1) deemed to have completely and unconditionally released, forever discharged and acquitted Defendant and the other Released Parties from any and all of the Released Claims (including unknown claims) as defined in the Settlement Agreement; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims. The full terms of the release described in this paragraph are set forth in Section 3 of the Settlement Agreement and are specifically approved and incorporated herein by this reference (the "Release"). In addition, Class Representative and settlement Class Members are deemed to have waived (i) the provisions of California Civil Code § 1542, which provides that a general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party, and (ii) and all similar federal or state laws, rules, or legal principles of any other jurisdiction similar, comparable, or equivalent to California Civil Code § 1542.

15. The Settlement Agreement and this Final Judgment and Order apply to all claims or causes of action settled under the Settlement Agreement and bind Class Representative and all Settlement Class members who did not properly request exclusion. The Settlement Agreement and this Final Judgment and Order shall have maximum *res judicata*, collateral estoppel, and all other preclusive effect in any and all causes of action, claims for relief, suits, demands, petitions, or any other challenges or allegations that arise out of or relate to the subject matter of this case.

## Other Provisions

16. The Court directs the Parties and their counsel to implement and consummate the Settlement Agreement and make available to Settlement Class members the relief provided for therein, in accordance with the Settlement Agreement's terms and provisions.

17. The Settlement Agreement and this Final Judgment and Order, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or any claims that were or could have been asserted in this case.

18. The Settlement Agreement and this Final Judgment and Order, and all documents, supporting materials, representations, statements and proceedings relating to the Settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Judgment and Order may be filed in any action by any Defendant or the Settlement Class members seeking to enforce the Settlement Agreement or the Judgment and Order.

19. If the Effective Date does not occur for any reason, this case will revert to the status that existed before the Settlement Agreement's execution date and the

Parties shall be restored to their respective positions in the litigation as if the Settlement Agreement had never been entered into. No term or draft of the Settlement Agreement, or any part of the Parties' settlement discussions, negotiations, or documentation, will have any effect or be admissible in evidence for any purpose in the litigation.

20. Without affecting the finality of this Final Judgment and Order, the Court will retain jurisdiction over this case and the Parties with respect to the interpretation, implementation, and enforcement of the Settlement Agreement for all purposes.

21. The Court hereby dismisses this case in its entirety with prejudice, and without fees or costs, except as otherwise provided for herein.

NOW, THEREFORE, the Court hereby enters judgment in this matter pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED: March 4, 2024

*David O. Carter*

HON. DAVID O. CARTER
UNITED STATES DISTRICT JUDGE